# UNITED STATES DISTRICT COURT

OFFICE OF THE CLERK

DISTRICT OF KANSAS

259 ROBERT J. DOLE U.S. COURTHOUSE
500 STATE AVENUE
KANSAS CITY, KS 66101

**SKYLER B. O'HARA**
CLERK
E-MAIL: Skyler_OHara@ksd.uscourts.gov
(913) 735-2220

204 U.S.COURTHOUSE
401 N. MARKET
WICHITA, KS 67202

November 21, 2023

**KIM LEININGER**
CHIEF DEPUTY CLERK
E-MAIL: Kim_Leininger@ksd.uscourts.gov
(913) 735-2205

490 U.S.COURTHOUSE
444 NE QUINCY
TOPEKA, KS 66683

**SEE NOTICE OF ELECTRONIC FILING**

Pro Se Appellant Appeal

RE:  Davis et al v. United States Department of Justice et al

District Court Case No.:   6:23-cv-01010-JAR-BGS

Notice of Appeal filed by:  Plaintiff's, Carla Davis and Jalen Davis

Fee Status:                 Paid

The following documents are for the parties in connection with the Notice of Appeal:

Notice of Appeal and Copy of the Docket Sheet.

If you have any questions, please contact the Office of the Clerk of the U.S. Court of Appeals in Denver, Colorado at (303)844-3157.

Sincerely,

SKYLER B. O'HARA

CLERK OF COURT

s/ C. Abraham

By: _____

Deputy Clerk

Cc: Clerk, U.S. Court of Appeals
    (Notice of Appeal, Docket Sheet, & Preliminary Record)

CLOSED,APPEAL

# U.S. District Court
# DISTRICT OF KANSAS (Wichita)
# CIVIL DOCKET FOR CASE #: <u>6:23–cv–01010–JAR–BGS</u>

Davis et al v. United States Department of Justice et al

Assigned to: District Judge Julie A. Robinson

Referred to: Magistrate Judge Brooks G. Severson

Cause: 42:1983 Civil Rights Act

Date Filed: 01/23/2023

Date Terminated: 09/28/2023

Jury Demand: Plaintiff

Nature of Suit: 440 Civil Rights: Other

Jurisdiction: Federal Question

**Plaintiff**

**Carla Davis**                                    represented by   **Carla Davis**
                                                                    901 N. Belmont
                                                                    Wichita, KS 67208
                                                                    316–691–8804
                                                                    Email:
                                                                    PRO SE
                                                                    *Bar Number:*
                                                                    *Bar Status:*

**Plaintiff**

**Jalen Davis**                                    represented by   **Jalen Davis**
                                                                    901 N. Belmont
                                                                    Wichita, KS 67208
                                                                    316–691–8804
                                                                    Email:
                                                                    PRO SE
                                                                    *Bar Number:*
                                                                    *Bar Status:*

V.

**Defendant**

**United States Department of Justice**            represented by   **Christopher Allman**
                                                                    Office of United States Attorney – KCKS
                                                                    500 State Avenue, Suite 360
                                                                    Kansas City, KS 66101
                                                                    913–551–6730
                                                                    Fax: 913–551–6541
                                                                    Alternative Phone:
                                                                    Cell Phone: 9135152824
                                                                    Email: <u>Chris.Allman@usdoj.gov</u>
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*
                                                                    *Bar Number: 14225*
                                                                    *Bar Status: Active*

**Defendant**

**Merrick B. Garland**
*U.S. Attorney General, in his official and individual capacities*

represented by **Christopher Allman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 14225*
*Bar Status: Active*

**Defendant**

**United States Department of Health and Human Services**

represented by **Christopher Allman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 14225*
*Bar Status: Active*

**Defendant**

**Xavier Becerra**
*Secretary of Health and Human Services, in his official and individual capacities*

represented by **Christopher Allman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 14225*
*Bar Status: Active*

**Defendant**

**Dustin Slinkard**
*Kansas U.S. Attorney, in his official and individual capacities*

represented by **Christopher Allman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 14225*
*Bar Status: Active*

**Defendant**

**Eric Melgren**
*former Kansas U.S. Attorney, in his official and individual capacity*

represented by **Christopher Allman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 14225*
*Bar Status: Active*

**Defendant**

**Kris W. Kobach**
*Kansas Attorney General, in his official and individual capacity*

represented by **Matthew Lee Shoger**
Office of the Kansas Attorney General
Legal Services
120 SW 10th Avenue, 2nd Floor
Topeka, KS 66612
785–296–2215
Fax: 785–291–3767
Alternative Phone: 316–209–5135
Cell Phone: 316–209–5135
Email: matt.shoger@ag.ks.gov

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 28151*
*Bar Status: Active*

**Defendant**

**Kansas Homeland Security**              represented by   **Stanley R. Parker**
                                                          Kansas Attorney General – Topeka
                                                          120 SW 10th Avenue, 2nd Floor
                                                          Topeka, KS 66612
                                                          785–368–8423
                                                          Fax: 785–291–3767
                                                          Alternative Phone:
                                                          Cell Phone: 785–640–2134
                                                          Email: stanley.parker@ag.ks.gov
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*
                                                          *Bar Number: 10971*
                                                          *Bar Status: Active*

                                                          **Carrie A. Barney**
                                                          Kansas Attorney General – Topeka
                                                          120 SW 10th Avenue, 2nd Floor
                                                          Topeka, KS 66612
                                                          785–368–6695
                                                          Fax: 785–291–3767
                                                          Alternative Phone:
                                                          Cell Phone:
                                                          Email: carrie.barney@ag.ks.gov
                                                          *TERMINATED: 04/12/2023*
                                                          *Bar Number: 22872*
                                                          *Bar Status: Active*

**Defendant**

**David Weishaar**                        represented by   **Stanley R. Parker**
*Kansas Homeland Security Director and*                   (See above for address)
*Adjunct General, in his official and*                    *LEAD ATTORNEY*
*individual capacity*                                     *ATTORNEY TO BE NOTICED*
                                                          *Bar Number: 10971*
                                                          *Bar Status: Active*

                                                          **Carrie A. Barney**
                                                          (See above for address)
                                                          *TERMINATED: 04/12/2023*
                                                          *Bar Number: 22872*
                                                          *Bar Status: Active*

**Defendant**

**Kansas Department of Health and**       represented by   **Katelyn C. Radloff**
**Environment**                                           1000 SW Jackson
                                                          Suite 560

Topeka, KS 66612
785−296−1333
Alternative Phone: 785−296−1333
Cell Phone:
Email: katelyn.radloff@ks.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 27430*
*Bar Status: Active*

**Defendant**

**Janet Stanek**
*KDHE Secretary, in her official and individual capacity*

represented by **Katelyn C. Radloff**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 27430*
*Bar Status: Active*

**Defendant**

**James Michael Moser**
*M.D., Kansas Department of Health and Environment Lead Public Health Physician, in his official and individual capacity*

represented by **Katelyn C. Radloff**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 27430*
*Bar Status: Active*

**Defendant**

**Kansas Insurance Department**

represented by **Justin Louis McFarland**
Kansas Insurance Department
1300 SW Arrowhead Road
Topeka, KS 66604
785−633−9975
Alternative Phone: 785−338−0959
Cell Phone:
Email: justin.l.mcfarland@ks.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 24247*
*Bar Status: Active*

**Defendant**

**Vicki Schmidt**
*Kansas Insurance Commissioner, in her official and individual capacity*

represented by **Justin Louis McFarland**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 24247*
*Bar Status: Active*

**Defendant**

**Kansas Health Care Stabilization Fund**

represented by

**Christopher S. Cole**
Woodard, Hernandez, Roth & Day, LLC
245 N. Waco, Suite 260
Wichita, KS 67202
316–263–4958
Fax: 316–263–0125
Alternative Phone:
Cell Phone:
Email: ccole@woodard–law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 16343*
*Bar Status: Active*

**Defendant**

**Clark Shultz**                                  represented by   **Christopher S. Cole**
*Executive Director, Kansas Health Care*                          (See above for address)
*Stabilization Fund, in his official and*                         *LEAD ATTORNEY*
*individual capacity*                                             *ATTORNEY TO BE NOTICED*
                                                                  *Bar Number: 16343*
                                                                  *Bar Status: Active*

**Defendant**

**Sedgwick County, Kansas, Board of**            represented by   **Kevin T. Stamper**
**Commissioners**                                                Sedgwick County Counselor's Office
*Board of Health*                                                100 N. Broadway, Suite 650
                                                                 Wichita, KS 67202
                                                                 316–660–9340
                                                                 Fax: 316–383–7007
                                                                 Alternative Phone:
                                                                 Cell Phone:
                                                                 Email: Kevin.Stamper@sedgwick.gov
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*
                                                                 *Bar Number: 18824*
                                                                 *Bar Status: Active*

**Defendant**

**Marc Bennett**                                 represented by   **Matthew Lee Shoger**
*Sedgwick County District Attorney, in his*                       (See above for address)
*official and individual capacity*                                *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*
                                                                  *Bar Number: 28151*
                                                                  *Bar Status: Active*

**Defendant**

**Wichita City Counsel, City of**               represented by   **Erik Houghton**
                                                                 City of Wichita, Law Department
                                                                 455 N. Main, Suite 13th Floor
                                                                 Wichita, KS 67202

316–268–4681
Alternative Phone:
Cell Phone:
Email: ehoughton@wichita.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 27368*
*Bar Status: Active*

**Defendant**

**Central Plains Health Care**            represented by   **Andrew Foulston**
**Partnership**                                            McDonald Tinker, PA
                                                           300 W. Douglas Avenue, Suite 500
                                                           PO Box 207
                                                           Wichita, KS 67202
                                                           316–263–5851
                                                           Fax: 316–263–4677
                                                           Alternative Phone: 316–737–6015
                                                           Cell Phone: 316–737–6015
                                                           Email: afoulston@mcdonaldtinker.com
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*
                                                           *Bar Number: 27688*
                                                           *Bar Status: Active*

                                                           **Katy Olson**
                                                           McDonald Tinker, PA
                                                           300 W. Douglas Avenue, Suite 500
                                                           PO Box 207
                                                           Wichita, KS 67202
                                                           316–263–5851
                                                           Fax: 316–263–4677
                                                           Alternative Phone:
                                                           Cell Phone: 316–308–7882
                                                           Email: kolson@mcdonaldtinker.com
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*
                                                           *Bar Number: 25581*
                                                           *Bar Status: Active*

**Defendant**

**Medical Society of Sedgwick County**    represented by   **Andrew Foulston**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*
                                                           *Bar Number: 27688*
                                                           *Bar Status: Active*

                                                           **Katy Olson**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*
*Bar Number: 25581*
*Bar Status: Active*

**Defendant**

**Wesley Medical Center, LLC**   represented by   **Justen P. Phelps**
Gibson Watson Marino, LLC
301 North Main, Suite 1300
Wichita, KS 67202–4813
316–264–7321
Fax: 316–264–8614
Alternative Phone:
Cell Phone:
Email: justen@gwmks.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 22670*
*Bar Status: Active*

**Defendant**

**Children's Mercy Hospital, The**   represented by   **Barbara K. Christopher**
Horn, Aylward & Bandy, LLC
2600 Grand Boulevard, Suite 1100
Kansas City, MO 64108
816–421–0700
Fax: 816–421–0899
Alternative Phone:
Cell Phone: 816–305–3040
Email: bchristopher@hab–law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 16387*
*Bar Status: Active*

**Matthew Klose**
Horn, Aylward & Bandy, LLC
2600 Grand Boulevard, Suite 1100
Kansas City, MO 64108
816–595–7751
Alternative Phone:
Cell Phone:
Email: mklose@hab–law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 27360*
*Bar Status: Active*

**Defendant**

**Wichita Clinic, P.A.**   represented by   **Mackenzie Maki Baxter**
*formerly known as*   Hite, Fanning & Honeyman, LLP
Christi Clinic P.A.   100 North Broadway, Suite 950

*now known as*
Ascension Medical Group Via Christi,
P.A.

Wichita, KS 67202–2209
316–265–7741
Fax: 316–267–7803
Alternative Phone:
Cell Phone:
Email: baxter@hitefanning.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 27909*
*Bar Status: Active*

**Defendant**

**Kansas University School of Medicine**
*Wichita, and it's Wichita Center for*
*Graduate Medical Education, Inc*

represented by **Stanley R. Parker**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 10971*
*Bar Status: Active*

**Carrie A. Barney**
(See above for address)
 *TERMINATED: 04/12/2023*
*Bar Number: 22872*
*Bar Status: Active*

**Defendant**

**Garold O. Minns**
*M.D., Dean of KU School of*
*Medicine–Wichita, in his official and*
*individual capacity*

represented by **Stanley R. Parker**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 10971*
*Bar Status: Active*

**Carrie A. Barney**
(See above for address)
 *TERMINATED: 04/12/2023*
*Bar Number: 22872*
*Bar Status: Active*

**Defendant**

**Stewart E. Dismuke**
*M.D., former Dean of KU School of*
*Medicine–Wichita, in his official and*
*individual capacity*

represented by **Christopher S. Cole**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 16343*
*Bar Status: Active*

**Defendant**

**Robert Kenagy**
*M.D., Wichita Clinic Medical Director, in*

represented by **Mackenzie Maki Baxter**
(See above for address)

*his official and individual capacity*

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 27909*
*Bar Status: Active*

**Cameron Scott Bernard**
Foulston Siefkin LLP – OP
7500 College Blvd., Suite 1400
Overland Park, KS 66210
913–253–2150
Fax: 913–498–2101
Alternative Phone:
Cell Phone: 316–477–0092
Email: cbernard@foulston.com
 *TERMINATED: 03/10/2023*
*Bar Number: 28228*
*Bar Status: Active*

**Susan L. Mauch**
Goodell, Stratton, Edmonds & Palmer,
LLP – Topeka
515 South Kansas Avenue
Topeka, KS 66603–3999
785–233–0593
Fax: 785–233–8870
Alternative Phone:
Cell Phone:
Email: slmauch@gseplaw.com
 *TERMINATED: 03/10/2023*
*Bar Number: 15295*
*Bar Status: Active*

**Defendant**

**Clyde Wilson Wesbrook**          represented by    **Christopher S. Cole**
*M.D., in his official and individual*              (See above for address)
*capacity*                                          *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*
                                                    *Bar Number: 16343*
                                                    *Bar Status: Active*

**Defendant**

**Dee Spade**                      represented by    **Steven C. Day**
*M.D., Wichita Clinic, in her official and*         Woodard, Hernandez, Roth & Day, LLC
*individual capacity*                               245 N. Waco, Suite 260
                                                    Wichita, KS 67202
                                                    316–263–4958 ext 302
                                                    Fax: 316–263–0125
                                                    Alternative Phone:
                                                    Cell Phone:
                                                    Email: scday@woodard–law.com
                                                    *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*
*Bar Number: 09755*
*Bar Status: Active*

**Defendant**

**Virgil F. Burry**
*M.D., Exe. Medical Director Children's*
*Mercy Hospital, in his official and*
*individual capacity*

represented by **Barbara K. Christopher**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 16387*
*Bar Status: Active*

**Matthew Klose**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 27360*
*Bar Status: Active*

**Defendant**

**Hewitt Goodpasture**
*M.D., Medical Society of Sedgwick*
*County, in his official and individual*
*capacity*

represented by **Andrew Foulston**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 27688*
*Bar Status: Active*

**Katy Olson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 25581*
*Bar Status: Active*

**Defendant**

**David Grainger**
*M.D., Central Plains Health Care*
*Partnership/KU School of Medicine*
*OB/GYN Chairman, in his official and*
*individual capacity*

represented by **Ruslan Ivanov**
8510 E. 29th Street N, Apt. 2202
Wichita, KS 67226
915–979–2403
Alternative Phone: 785–766–1449
Cell Phone:
Email: rdivanov@martinpringle.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 26902*
*Bar Status: Active*

**Samantha M. H. Woods**
Martin Pringle Oliver Wallace & Bauer,
LLP – Wichita
645 East Douglas, Suite 100

Wichita, KS 67202
316–265–9311
Alternative Phone:
Cell Phone:
Email: smwoods@martinpringle.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 25929*
*Bar Status: Active*

**Defendant**

**Travis Stembridge**
*M.D., OB/GYN Former President of*
*Medical Society of Sedgwick County, in*
*his official and individual capacity*

represented by **Ruslan Ivanov**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 26902*
*Bar Status: Active*

**Samantha M. H. Woods**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 25929*
*Bar Status: Active*

**Defendant**

**Gerard Bassell**
*M.D., Anesthesiologist, KU School of*
*Medicine Program Director, in his*
*official and individual capacity*

represented by **Jay F. Fowler**
Foulston Siefkin LLP – Wichita
1551 N. Waterfront Parkway, Suite 100
Wichita, KS 67206–4466
316–291–9541
Alternative Phone: 3162107436
Cell Phone: 3162107436
Email: jfowler@foulston.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 10727*
*Bar Status: Active*

**Defendant**

**Anna F. Stork–Fury**
*Former KU Medical Student OB/GYN, in*
*her official and individual capacity*

represented by **Brian L. White**
Hinkle Law Firm LLC
1617 N. Waterfront Parkway, Suite 400
Wichita, KS 67206–6639
316–660–6200
Fax: 316–660–6024
Alternative Phone:
Cell Phone:
Email: bwhite@hinklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

*Bar Number: 20767*
*Bar Status: Active*

**Mark R. Maloney**
Hinkle Law Firm LLC
1617 N. Waterfront Parkway, Suite 400
Wichita, KS 67206–6639
316–267–2000
Fax: 316–630–8466
Alternative Phone: 316–660–6171
Cell Phone: 316–734–4238
Email: mmaloney@hinklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 14134*
*Bar Status: Active*

**Rebecca Bergkamp**
Hinkle Law Firm LLC
1617 N. Waterfront Parkway, Suite 400
Wichita, KS 67206–6639
316–618–3016
Alternative Phone:
Cell Phone:
Email: rbergkamp@hinklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 28239*
*Bar Status: Active*

**Defendant**

**Brenda Kallemeyn**                    represented by   **Christopher S. Cole**
*Former KU Medical Student OB/GYN, in*                  (See above for address)
*her official and individual capacity*                  *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*
                                                        *Bar Number: 16343*
                                                        *Bar Status: Active*

**Defendant**

**Tom Yao**
*Former KU Medical Student Anesthesia,*
*in his official and individual capacity*

**Defendant**

**Gianfranco Pezzino**                  represented by   **Katelyn C. Radloff**
*M.D., State of Kansas Epidemiologist, in*              (See above for address)
*his official and individual capacity*                  *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*
                                                        *Bar Number: 27430*
                                                        *Bar Status: Active*

**Defendant**

**Foulston Siefkin L.L.P.**

represented by **Jeffery A. Jordan**
Foulston Siefkin LLP – Wichita
1551 N. Waterfront Parkway, Suite 100
Wichita, KS 67206–4466
316–291–9513
Fax: 316–267–6345
Alternative Phone:
Cell Phone: 316–207–8547
Email: jjordan@foulston.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 12574*
*Bar Status: Active*

**Defendant**

**Klenda Mitchell Austerman Zuercher L.L.C.**
*also known as*
Klenda Austerman L.L.C.

represented by **Christopher A. McElgunn**
Klenda Austerman LLC – Wichita
301 North Main, Suite 1600
Wichita, KS 67202
316–267–0331
Fax: 316–267–0333
Alternative Phone: 316–290–4621
Cell Phone: 316–371–6182
Email: cmcelgunn@klendalaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 13359*
*Bar Status: Active*

**Defendant**

**Brandon Whipple**
*Mayor; in his official and individual capacity*

represented by **Erik Houghton**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 27368*
*Bar Status: Active*

**Defendant**

**Wichita Center for Graduate Medical Education, Inc.**

represented by **Christopher S. Cole**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 16343*
*Bar Status: Active*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |

| 01/23/2023 | 1 | COMPLAINT with trial location of Wichita, filed by Jalen Davis, Carla Davis. (Attachments: # 1 Exhibits) (jk) (Entered: 01/24/2023) |
|---|---|---|
| 01/23/2023 | 2 | CIVIL COVER SHEET re 1 Complaint by Plaintiffs Carla Davis, Jalen Davis. (jk) (Entered: 01/24/2023) |
| 01/23/2023 | | FILING FEE PAID: in the amount of $402, receipt number 600001240. (jk) (Entered: 01/24/2023) |
| 01/23/2023 | | NOTICE OF JUDGE ASSIGNMENT: Case assigned to District Judge Julie A. Robinson and Magistrate Judge Gwynne E. Birzer for all proceedings. (This is a TEXT ENTRY ONLY. There is no .pdf document associated with this entry.)<br><br>**NOTICE OF MAGISTRATE JUDGE AVAILABILITY: A United States magistrate judge is available to conduct all proceedings in this civil action if all parties voluntarily consent. Information & consent forms are available at http://www.uscourts.gov/forms/civil–forms/notice–consent–and–reference–civil–action–magistrate–jud** (jk) (Entered: 01/24/2023)** |
| 01/25/2023 | 3 | NOTICE OF TELEPHONE NUMBER CORRECTION by Carla Davis. (sz) (Entered: 01/26/2023) |
| 01/25/2023 | 4 | NOTICE OF TELEPHONE NUMBER CORRECTION by Jalen Davis. (sz) (Entered: 01/26/2023) |
| 01/25/2023 | 5 | MOTION REGARDING JUDGE ASSIGNMENT by Plaintiff Carla Davis. (sz) (Entered: 01/26/2023) |
| 01/25/2023 | 6 | MOTION REGARDING JUDGE ASSIGNMENT by Plaintiff Jalen Davis. (sz) (Entered: 01/26/2023) |
| 01/25/2023 | 7 | SUPPLEMENT to 1 Complaint by Plaintiffs Carla Davis, Jalen Davis. (sz) (Entered: 01/26/2023) |
| 01/25/2023 | 8 | EXHIBIT(S) IN SUPPORT of 1 Complaint by Plaintiff Carla Davis. (sz) (Entered: 01/26/2023) |
| 01/26/2023 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: MOTIONS for Order (ECF Nos. 5 and 6 These motions will be resolved by the District Judge.(spa) (Entered: 01/26/2023)** |
| 01/26/2023 | | Summons Issued as to United States Department of Health and Human Services, United States Department of Justice, U.S. Attorney and U.S. Attorney General (issued to Pro Se Plaintiff for service) Notice, Consent, and Reference of a Civil Action to a Magistrate Judge Form provided to Plaintiff for service with complaint. (sz) (Entered: 01/26/2023) |
| 01/26/2023 | | SUMMONS ISSUED as to Gerard Bassell, Xavier Becerra, Marc Bennett, Virgil F. Burry, Central Plains Hea Care Partnership, Children's Mercy Hospital, The, Stewart E. Dismuke, Foulston Siefkin L.L.P., Merrick B. Garland, Hewitt Goodpasture, David Grainger, Brenda Kallemeyn, Kansas Department of Health and Environment, Kansas Health Care Stabilization Fund, Kansas Homeland Security, Kansas Insurance Departme Kansas University School of Medicine, Robert Kenagy, Klenda Mitchell Austerman Zuercher L.L.C., Kris W. Kobach, Medical Society of Sedgwick County, Eric Melgren, Garold O. Minns, James Michael Moser, Gianfranco Pezzino, Vicki Schmidt, Sedgwick County, Kansas, Board of Commissioners, Clark Shultz, Dustin Slinkard, Dee Spade, Janet Stanek, Travis Stembridge, Anna F. Stork–Fury, David Weishaar, Clyde Wilson Wesbrook, Wesley Medical Center, LLC, Brandon Whipple, Wichita Center for Graduate Medical Education, Inc., Wichita City Counsel, City of, Wichita Clinic, P.A., Tom Yao. (issued to Returned to Pro Se Plaintiff for service) Notice, Consent, and Reference of a Civil Action to a Magistrate Judge Form provided to Plaintiff for service with complaint.. (This is a TEXT ENTRY ONLY. There is no .pdf document associated with this entry (sz) (Entered: 01/26/2023) |
| 01/30/2023 | 9 | ORDER REASSIGNING CASE: Case reassigned to Magistrate Judge Kenneth G. Gale for all further proceedings. Magistrate Judge Gwynne E. Birzer no longer assigned to case. Signed by Magistrate Judge Gwynne E. Birzer on 1/30/23. (This is a TEXT ENTRY ONLY. There is no .pdf document associated with this entry.)(ala) (Entered: 01/30/2023) |
| 01/30/2023 | | |

| | | |
|---|---|---|
| | | NOTICE Re Pro Se Mailing. Docket Entry 9 , Order Reassigning Case, mailed to Jalen Davis and Carla Davis 901 N. Belmont Wichita, KS 67208 on 1/30/2023 by regular mail. (ala) (Entered: 01/30/2023) |
| 01/30/2023 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 6 MOTION for Order, 5 MOTION for Order. The motion will be resolved by the District Judge. (df)** (Entered: 01/30/2023) |
| 02/09/2023 | | ALIAS SUMMONS ISSUED as to Gerard Bassell, Stewart E. Dismuke, Hewitt Goodpasture, David Grainger, Brenda Kallemeyn, Kansas University School of Medicine, Garold O. Minns, Travis Stembridge, Anna F. Stork–Fury, Tom Yao. Notice, Consent, and Reference of a Civil Action to a Magistrate Judge Form provided to the pro se plaintiff for service with the complaint. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (mam) (Entered: 02/09/2023) |
| 02/09/2023 | | ALIAS SUMMONS ISSUED as to James Michael Moser, Gianfranco Pezzino. Notice, Consent, and Reference of a Civil Action to a Magistrate Judge Form provided to the pro se plaintiff for service with the complaint. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (mam) (Entered: 02/09/2023) |
| 02/09/2023 | 10 | SUMMONS RETURNED EXECUTED –– UPS Ground by Jalen Davis, Carla Davis upon Kansas Insurance Department served on 1/30/2023, answer due 2/21/2023. (jk) (Entered: 02/09/2023) |
| 02/09/2023 | 11 | SUMMONS RETURNED EXECUTED –– UPS Ground by Jalen Davis, Carla Davis upon Vicki Schmidt served on 1/30/2023, answer due 2/21/2023. (jk) (Entered: 02/09/2023) |
| 02/09/2023 | 12 | SUMMONS RETURNED EXECUTED –– UPS Ground by Jalen Davis, Carla Davis upon Kansas Health Care Stabilization Fund served on 1/30/2023, answer due 2/21/2023. (jk) (Entered: 02/09/2023) |
| 02/09/2023 | 13 | SUMMONS RETURNED EXECUTED –– UPS Ground by Jalen Davis, Carla Davis upon Clark Shultz served on 1/30/2023, answer due 2/21/2023. (jk) (Entered: 02/09/2023) |
| 02/09/2023 | 14 | SUMMONS RETURNED EXECUTED –– Personal Service by Jalen Davis, Carla Davis upon Wichita City Counsel, City of served on 1/30/2023, answer due 2/21/2023. (jk) (Entered: 02/09/2023) |
| 02/09/2023 | 15 | SUMMONS RETURNED EXECUTED –– Personal Service by Jalen Davis, Carla Davis upon Brandon Whip served on 1/30/2023, answer due 2/21/2023. (jk) (Entered: 02/09/2023) |
| 02/10/2023 | 16 | ENTRY OF APPEARANCE by Christopher S. Cole on behalf of Clark Shultz. (Cole, Christopher) (Entered: 02/10/2023) |
| 02/10/2023 | 17 | ENTRY OF APPEARANCE by Christopher S. Cole on behalf of Kansas Health Care Stabilization Fund. (Cole, Christopher) (Entered: 02/10/2023) |
| 02/10/2023 | 18 | CLERKS ORDER EXTENDING TIME until 3/06/2023 for Defendant Kansas Health Care Stabilization Fund to answer or otherwise plead. Signed by deputy clerk on 2/10/2023. Mailed to pro se Plaintiffs Carla Davis and Jalen Davis at 901 N. Belmont, Wichita, KS 67208 by regular mail. (jk) (Entered: 02/10/2023) |
| 02/10/2023 | 19 | CLERKS ORDER EXTENDING TIME until 3/06/2023 for Defendant Clark Shultz to answer or otherwise plead. Signed by deputy clerk on 2/10/2023. Mailed to pro se Plaintiffs Carla Davis and Jalen Davis at 901 N. Belmont, Wichita, KS 67208 by regular mail. (jk) (Entered: 02/10/2023) |
| 02/10/2023 | 20 | SUMMONS RETURNED EXECUTED –– UPS Ground by Jalen Davis, Carla Davis upon Kris W. Kobach served on 1/31/2023, answer due 2/21/2023. (jk) (Entered: 02/13/2023) |
| 02/10/2023 | 21 | SUMMONS RETURNED EXECUTED –– UPS Ground by Jalen Davis, Carla Davis upon Kansas Homeland Security (through Kris Kobach Kansas Attorney General) served on 1/31/2023, answer due 2/21/2023. (jk) (Entered: 02/13/2023) |
| 02/10/2023 | 22 | SUMMONS RETURNED EXECUTED –– UPS Ground by Jalen Davis, Carla Davis upon David Weishaar (through Kris Kobach Kansas Attorney General) served on 1/31/2023, answer due 2/21/2023. (jk) (Entered: |

| | | 02/13/2023) |
|---|---|---|
| 02/10/2023 | 23 | SUMMONS RETURNED EXECUTED –– UPS Ground by Jalen Davis, Carla Davis upon Kansas Department of Health and Environment (through Kris Kobach Kansas Attorney General) served on 1/31/2023, answer due 2/21/2023 (jk) (Entered: 02/13/2023) |
| 02/10/2023 | 24 | SUMMONS RETURNED EXECUTED –– UPS Ground by Jalen Davis, Carla Davis upon Janet Stanek (through Kris Kobach Kansas Attorney General) served on 1/31/2023, answer due 2/21/2023. (jk) (Entered: 02/13/2023 |
| 02/10/2023 | 25 | SUMMONS RETURNED EXECUTED –– UPS Ground by Jalen Davis, Carla Davis upon James Michael Mc (through Kris Kobach Kansas Attorney General) served on 1/31/2023, answer due 2/21/2023. (jk) (Entered: 02/13/2023) |
| 02/10/2023 | 26 | SUMMONS RETURNED EXECUTED –– UPS Ground by Jalen Davis, Carla Davis upon Kansas Insurance Department (through Kris Kobach Kansas Attorney General) served on 1/31/2023. (jk) (Entered: 02/13/2023) |
| 02/10/2023 | 27 | SUMMONS RETURNED EXECUTED –– UPS Ground by Jalen Davis, Carla Davis upon Vicki Schmidt (through Kris Kobach Kansas Attorney General) served 1/31/2023. (jk) (Entered: 02/13/2023) |
| 02/10/2023 | 28 | SUMMONS RETURNED EXECUTED –– UPS Ground by Jalen Davis, Carla Davis upon Kansas Health Car Stabilization Fund (through Kris Kobach Kansas Attorney General) served 1/31/2023. (jk) (Entered: 02/13/202 |
| 02/10/2023 | 29 | SUMMONS RETURNED EXECUTED –– UPS Ground by Jalen Davis, Carla Davis upon Clark Shultz (throu Kris Kobach Kansas Attorney General) served 1/31/2023. (jk) (Entered: 02/13/2023) |
| 02/10/2023 | 30 | SUMMONS RETURNED EXECUTED –– UPS Ground by Jalen Davis, Carla Davis upon Kansas University School of Medicine (through Kris Kobach Kansas Attorney General) served on 1/31/2023, answer due 2/21/20 (jk) (Entered: 02/13/2023) |
| 02/10/2023 | 31 | SUMMONS RETURNED EXECUTED –– UPS Ground by Jalen Davis, Carla Davis upon Garold O. Minns (through Kris Kobach Kansas Attorney General) served on 1/31/2023, answer due 2/21/2023. (jk) (Entered: 02/13/2023) |
| 02/10/2023 | 32 | SUMMONS RETURNED EXECUTED –– UPS Ground by Jalen Davis, Carla Davis upon Stewart E. Dismuk (through Kris Kobach Kansas Attorney General) served on 1/31/2023, answer due 2/21/2023. (jk) (Entered: 02/13/2023) |
| 02/10/2023 | 33 | SUMMONS RETURNED EXECUTED –– UPS Ground by Jalen Davis, Carla Davis upon Virgil F. Burry (through Kris Kobach Kansas Attorney General) served on 1/31/2023, answer due 2/21/2023. (jk) (Entered: 02/13/2023) |
| 02/10/2023 | 34 | SUMMONS RETURNED EXECUTED –– UPS Ground by Jalen Davis, Carla Davis upon Hewitt Goodpastu (through Kris Kobach Kansas Attorney General) served on 1/31/2023, answer due 2/21/2023. (jk) (Entered: 02/13/2023) |
| 02/10/2023 | 35 | SUMMONS RETURNED EXECUTED –– UPS Ground by Jalen Davis, Carla Davis upon David Grainger (through Kris Kobach Kansas Attorney General) served on 1/31/2023, answer due 2/21/2023. (jk) (Entered: 02/13/2023) |
| 02/10/2023 | 36 | SUMMONS RETURNED EXECUTED –– UPS Ground by Jalen Davis, Carla Davis upon Travis Stembridge (through Kris Kobach Kansas Attorney General) served on 1/31/2023, answer due 2/21/2023. (jk) (Entered: 02/13/2023) |
| 02/10/2023 | 37 | SUMMONS RETURNED EXECUTED –– UPS Ground by Jalen Davis, Carla Davis upon Gerard Bassell (through Kris Kobach Kansas Attorney General) served on 1/31/2023, answer due 2/21/2023. (jk) (Entered: 02/13/2023) |

| 02/10/2023 | 38 | SUMMONS RETURNED EXECUTED –– UPS Ground by Jalen Davis, Carla Davis upon Anna F. Stork–Fur (through Kris Kobach Kansas Attorney General) served on 1/31/2023, answer due 2/21/2023. (jk) (Entered: 02/13/2023) |
| 02/10/2023 | 39 | SUMMONS RETURNED EXECUTED –– UPS Ground by Jalen Davis, Carla Davis upon Brenda Kallemeyn (through Kris Kobach Kansas Attorney General) served on 1/31/2023, answer due 2/21/2023. (jk) (Entered: 02/13/2023) |
| 02/10/2023 | 40 | SUMMONS RETURNED EXECUTED –– UPS Ground by Jalen Davis, Carla Davis upon Tom Yao (through Kris Kobach Kansas Attorney General) served on 1/31/2023, answer due 2/21/2023. (jk) (Entered: 02/13/2023 |
| 02/10/2023 | 41 | SUMMONS RETURNED EXECUTED –– UPS Ground by Jalen Davis, Carla Davis upon Gianfranco Pezzin (through Kris Kobach Kansas Attorney General) served on 1/31/2023, answer due 2/21/2023. (jk) (Entered: 02/13/2023) |
| 02/13/2023 | 42 | SUMMONS RETURNED EXECUTED –– UPS Ground by Jalen Davis, Carla Davis upon Gerard Bassell ser 2/10/2023. (jk) (Entered: 02/14/2023) |
| 02/13/2023 | 43 | SUMMONS RETURNED EXECUTED –– UPS Ground by Jalen Davis, Carla Davis upon Robert Kenagy served on 1/31/2023, answer due 2/21/2023. (jk) (Entered: 02/14/2023) |
| 02/13/2023 | 44 | SUMMONS RETURNED EXECUTED –– UPS Ground by Jalen Davis, Carla Davis upon Virgil F. Burry served on 1/31/2023. (jk) (Entered: 02/14/2023) |
| 02/13/2023 | 45 | SUMMONS RETURNED EXECUTED –– UPS Ground by Jalen Davis, Carla Davis upon Children's Mercy Hospital, The served on 1/31/2023, answer due 2/21/2023. (jk) (Entered: 02/14/2023) |
| 02/13/2023 | 46 | SUMMONS RETURNED EXECUTED –– UPS Ground by Jalen Davis, Carla Davis upon Merrick B. Garlan served on 2/9/2023, answer due 3/2/2023. (jk) (Entered: 02/14/2023) |
| 02/13/2023 | 47 | SUMMONS RETURNED EXECUTED –– UPS Ground by Jalen Davis, Carla Davis upon Xavier Becerra served on 2/9/2023, answer due 3/2/2023. (jk) (Entered: 02/14/2023) |
| 02/13/2023 | 48 | Summons Returned Executed –– served by UPS Ground on 2/9/2023 on United States Attorney General for United States Department of Health and Human Services. (jk) (Entered: 02/14/2023) |
| 02/13/2023 | 49 | Summons Returned Executed –– served by UPS Ground on 2/9/2023 on United States Attorney General for E Melgren. (jk) (Entered: 02/14/2023) |
| 02/13/2023 | 50 | Summons Returned Executed –– served by UPS Ground on 2/9/2023 on United States Attorney General for United States Department of Justice. (jk) (Entered: 02/14/2023) |
| 02/13/2023 | 51 | Summons Returned Executed –– served by UPS Ground on 2/9/2023 on United States Attorney General for Xavier Becerra. (jk) (Entered: 02/14/2023) |
| 02/13/2023 | 52 | Summons Returned Executed –– served by UPS Ground on 2/9/2023 on United States Attorney General for Dustin Slinkard. (jk) (Entered: 02/14/2023) |
| 02/14/2023 | 53 | ENTRY OF APPEARANCE by Susan L. Mauch on behalf of Robert Kenagy (Mauch, Susan) (Entered: 02/14/2023) |
| 02/14/2023 | 54 | ENTRY OF APPEARANCE by Cameron Scott Bernard on behalf of Robert Kenagy (Bernard, Cameron) (Entered: 02/14/2023) |
| 02/14/2023 | 55 | CLERKS ORDER EXTENDING TIME until 3/07/2023 for Defendant Robert Kenagy to answer or otherwise plead. Signed by deputy clerk on 2/14/2023. Mailed to pro se Plaintiffs Carla Davis and Jalen Davis at 901 N. Belmont Wichita, KS 67208 by regular mail. (jk) (Entered: 02/14/2023) |

| 02/16/2023 | 56 | ENTRY OF APPEARANCE by Erik Houghton on behalf of Wichita City Counsel, City of. (Houghton, Erik) (Entered: 02/16/2023) |
| 02/16/2023 | 57 | ENTRY OF APPEARANCE by Erik Houghton on behalf of Brandon Whipple (Houghton, Erik) (Entered: 02/16/2023) |
| 02/16/2023 | 58 | CLERKS ORDER EXTENDING TIME until 3/06/2023 for Defendant Wichita City Counsel, City of to answer or otherwise plead. Signed by deputy clerk on 2/16/2023. Mailed to pro se Plaintiffs Carla Davis and Jalen Davis at 901 N. Belmont, Wichita, KS 67208 by regular mail. (jk) (Entered: 02/16/2023) |
| 02/16/2023 | 59 | CLERKS ORDER EXTENDING TIME until 3/06/2023 for Defendant Brandon Whipple to answer or otherwise plead. Signed by deputy clerk on 2/16/2023. Mailed to pro se Plaintiffs Carla Davis and Jalen Davis at 901 N. Belmont, Wichita, KS 67208 by regular mail. (jk) (Entered: 02/16/2023) |
| 02/21/2023 | 60 | ENTRY OF APPEARANCE by Katelyn C. Radloff on behalf of Kansas Department of Health and Environment (Radloff, Katelyn) (Entered: 02/21/2023) |
| 02/21/2023 | 61 | ENTRY OF APPEARANCE by Katelyn C. Radloff on behalf of Janet Stanek. (Radloff, Katelyn) (Entered: 02/21/2023) |
| 02/21/2023 | 62 | CLERKS ORDER EXTENDING TIME until 3/7/2023 for Defendant Kansas Department of Health and Environment to answer or otherwise plead. Signed by deputy clerk on 2/21/2023. Mailed to pro se party Carla Davis and Jalen Davis by regular mail. (jsh) (Entered: 02/21/2023) |
| 02/21/2023 | 63 | CLERKS ORDER EXTENDING TIME until 3/7/2023 for Defendant Janet Stanek to answer or otherwise plead. Signed by deputy clerk on 2/21/2023. Mailed to pro se party Carla Davis and Jalen Davis by regular mail. (jsh) (Entered: 02/21/2023) |
| 02/21/2023 | 64 | ENTRY OF APPEARANCE by Justin Louis McFarland on behalf of Kansas Insurance Department, Vicki Schmidt. (McFarland, Justin) (Entered: 02/21/2023) |
| 02/21/2023 | 65 | CLERKS ORDER EXTENDING TIME until 3/7/2023 for Defendant Hewitt Goodpasture to answer or otherwise plead. Signed by deputy clerk on 2/21/2023. Mailed to pro se party Carla Davis and Jalen Davis by regular mail. (jsh) (Entered: 02/21/2023) |
| 02/21/2023 | 66 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR, IN THE ALTERNATIVE, MOTION FOR INVOLUNTARY DISMISSAL WITH PREJUDICE FOR FAILURE TO PROSECUTE by Defendants Virgil F. Burry, Children's Mercy Hospital, The. (Christopher, Barbara) (Entered: 02/21/2023) |
| 02/21/2023 | 67 | CORPORATE DISCLOSURE STATEMENT by Children's Mercy Hospital, The identifying None as corporate parent. (Christopher, Barbara) (Entered: 02/21/2023) |
| 02/21/2023 | 68 | DESIGNATION OF PLACE OF TRIAL filed by Defendants Virgil F. Burry, Children's Mercy Hospital, The : trial to be held in Kansas City. (Christopher, Barbara) (Entered: 02/21/2023) |
| 02/21/2023 | 69 | ENTRY OF APPEARANCE by Barbara K. Christopher on behalf of Virgil F. Burry, Children's Mercy Hospital, The. (Christopher, Barbara) (Entered: 02/21/2023) |
| 02/21/2023 | 70 | ORDER denying 5 Motion to Recuse; denying 6 Motion to Recuse. Signed by District Judge Julie A. Robinson on 2/21/2023. Mailed to pro se party Carla Davis, Jalen Davis by regular mail. (ca) (Entered: 02/21/2023) |
| 02/21/2023 | 71 | CLERKS ORDER EXTENDING TIME until 3/07/2023 for Defendants Vicki Schmidt, Kansas Insurance Department to answer or otherwise plead. Signed by deputy clerk on 2/21/2023. Mailed to pro se Plaintiffs Carla Davis and Jalen Davis at 901 N. Belmont, Wichita, KS 67208 by regular mail. (jk) (Entered: 02/21/2023) |
| 02/21/2023 | 72 | SUMMONS RETURNED EXECUTED –– UPS Ground by Jalen Davis, Carla Davis upon David Weishaar served on 2/15/2023. (jk) (Entered: 02/21/2023) |

| 02/21/2023 | 73 | SUMMONS RETURNED EXECUTED –– UPS Ground by Jalen Davis, Carla Davis upon Janet Stanek serve on 2/15/2023. (jk) (Entered: 02/21/2023) |
| 02/21/2023 | 74 | SUMMONS RETURNED EXECUTED –– UPS Ground by Jalen Davis, Carla Davis upon James Michael Mc served on 2/15/2023. (jk) (Entered: 02/21/2023) |
| 02/21/2023 | 75 | SUMMONS RETURNED EXECUTED –– UPS Ground by Jalen Davis, Carla Davis upon Gianfranco Pezzin served on 2/15/2023. (jk) (Entered: 02/21/2023) |
| 02/21/2023 | 76 | SUMMONS RETURNED UNEXECUTED by Jalen Davis, Carla Davis as to Tom Yao. (jk) (Entered: 02/21/2023) |
| 02/21/2023 | 77 | SUMMONS RETURNED EXECUTED –– UPS Ground by Jalen Davis, Carla Davis upon Brenda Kallemeyn served on 2/16/2023. (jk) (Entered: 02/21/2023) |
| 02/21/2023 | 78 | Summons Returned Executed –– Eric Melgren served by UPS Ground on 2/13/2023. (jk) (Entered: 02/21/202 |
| 02/21/2023 | 79 | Summons Returned Executed –– Merrick B. Garland served by UPS Ground on 2/14/2023 to United States Attorney. (jk) (Entered: 02/21/2023) |
| 02/21/2023 | 80 | Summons Returned Executed –– Dustin Slinkard United States Attorney served by UPS Ground on 2/14/2023 answer due 4/17/2023. (jk) (Entered: 02/21/2023) |
| 02/21/2023 | 81 | ENTRY OF APPEARANCE by Carrie A. Barney on behalf of Kansas Homeland Security, Kansas University School of Medicine, Garold O. Minns, David Weishaar. (Barney, Carrie) (Entered: 02/21/2023) |
| 02/21/2023 | 82 | ENTRY OF APPEARANCE by Matthew Lee Shoger on behalf of Kris W. Kobach. (Shoger, Matthew) (Enter 02/21/2023) |
| 02/21/2023 | 83 | Summons Returned Executed –– United States Attorney served by UPS Ground on 2/14/2023 for United State Department of Justice, answer due 4/17/2023. (jk) (Entered: 02/22/2023) |
| 02/21/2023 | 84 | Summons Returned Executed –– United States Attorney served by UPS Ground on 2/14/2023 for United State Department of Health and Human Services, answer due 4/17/2023. (jk) (Entered: 02/22/2023) |
| 02/21/2023 | 85 | Summons Returned Executed –– United States Attorney served by UPS Ground on 2/14/2023 for Xavier Becerra. (jk) (Entered: 02/22/2023) |
| 02/21/2023 | 86 | Summons Returned Executed –– United States Attorney served by UPS Ground on 2/14/2023 for Eric Melgre answer due 4/17/2023. (jk) (Entered: 02/22/2023) |
| 02/21/2023 | 87 | CLERKS ORDER EXTENDING TIME until 3/07/2023 for Defendants Garold O. Minns, Kansas Homeland Security, Kansas University School of Medicine, David Weishaar to answer or otherwise plead. Signed by dep clerk on 2/21/2023. Mailed to pro se Plaintiffs Carla Davis and Jalen Davis at 901 N. Belmont, Wichita, KS 67208 by regular mail. (jk) (Entered: 02/22/2023) |
| 02/21/2023 | 88 | CLERKS ORDER EXTENDING TIME until 3/07/2023 for Defendant Kris W. Kobach to answer or otherwise plead. Signed by deputy clerk on 2/21/2023. Mailed to pro se Plaintiffs Carla Davis and Jalen Davis at 901 N. Belmont, Wichita, KS 67208 by regular mail. (jk) (Entered: 02/22/2023) |
| 02/23/2023 | 89 | ENTRY OF APPEARANCE by Katy Elizabeth Tompkins on behalf of Hewitt Goodpasture. (Tompkins, Katy (Entered: 02/23/2023) |
| 02/23/2023 | 90 | ENTRY OF APPEARANCE by Andrew Foulston on behalf of Hewitt Goodpasture. (Foulston, Andrew) (Entered: 02/23/2023) |
| 03/02/2023 | 91 | ENTRY OF APPEARANCE by Katelyn C. Radloff on behalf of Gianfranco Pezzino. (Radloff, Katelyn) (Entered: 03/02/2023) |

| 03/03/2023 | 92 | MOTION for Order to Designate Wichita as Place of Trial, by Plaintiffs Carla Davis, Jalen Davis. (ca) (Entere 03/03/2023) |
| 03/03/2023 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 92 MOTION for Order. The motion will resolved by the District Judge. (tl)** (Entered: 03/03/2023) |
| 03/03/2023 | 93 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , MOTION to Dismiss for Lack of Jurisdictio Response deadline 3/24/2023) by Defendants Xavier Becerra, Merrick B. Garland, Eric Melgren, Dustin Slinkard, United States Department of Health and Human Services, United States Department of Justice (Allm Christopher) (Entered: 03/03/2023) |
| 03/03/2023 | 94 | MEMORANDUM IN SUPPORT of 93 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MOTION to Dismiss for Lack of Jurisdiction by Defendants Xavier Becerra, Merrick B. Garland, Eric Melgre Dustin Slinkard, United States Department of Health and Human Services, United States Department of Justice(Allman, Christopher) (Entered: 03/03/2023) |
| 03/03/2023 | 95 | ENTRY OF APPEARANCE by Christopher A. McElgunn on behalf of Klenda Mitchell Austerman Zuercher L.L.C. (McElgunn, Christopher) (Entered: 03/03/2023) |
| 03/06/2023 | 96 | MOTION to Dismiss by Defendant Wichita City Counsel, City of (Houghton, Erik) (Entered: 03/06/2023) |
| 03/06/2023 | 97 | MEMORANDUM IN SUPPORT of 96 MOTION to Dismiss by Defendant Wichita City Counsel, City of(Houghton, Erik) (Entered: 03/06/2023) |
| 03/06/2023 | 98 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Brandon Whipple (Houghton, Erik) (Entered: 03/06/2023) |
| 03/06/2023 | 99 | MEMORANDUM IN SUPPORT of 98 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Brandon Whipple(Houghton, Erik) (Entered: 03/06/2023) |
| 03/06/2023 | 100 | AMENDED MOTION to Dismiss for Lack of Jurisdiction , MOTION TO DISMISS FOR FAILURE TO STA A CLAIM ( Response deadline 3/27/2023) by Defendants Xavier Becerra, Merrick B. Garland, Eric Melgren, Dustin Slinkard, United States Department of Health and Human Services, United States Department of Justice (Allman, Christopher) (Entered: 03/06/2023) |
| 03/06/2023 | 101 | MEMORANDUM IN SUPPORT of 100 Amended MOTION to Dismiss for Lack of Jurisdiction MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendants Xavier Becerra, Merrick B. Garland, Eric Melgren, Dustin Slinkard, United States Department of Health and Human Services, United States Department Justice(Allman, Christopher) (Entered: 03/06/2023) |
| 03/06/2023 | 102 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *or in the Alternative to Dismiss Due to Expiration of the Statute of Limitations* by Defendants Kansas Health Care Stabilization Fund, Clark Shultz (Attachments: # 1 Exhibit 1)(Cole, Christopher) (Entered: 03/06/2023) |
| 03/07/2023 | 103 | MOTION to Dismiss for Lack of Jurisdiction , MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM Response deadline 3/28/2023) by Defendants Kansas Insurance Department, Vicki Schmidt (McFarland, Justi (Entered: 03/07/2023) |
| 03/07/2023 | 104 | ORDER finding as moot 93 Motion to Dismiss for Failure to State a Claim; Motion to Dismiss for Lack of Jurisdiction. The original motion to dismiss is moot in light of the Federal Defendants' Amended Motion to Dismiss 100 filed on March 6, 2023. Signed by District Judge Julie A. Robinson on 3/7/2023. Mailed to pro se party Carla Davis & Jalen Davis, 901 N. Belmont, Wichita, KS 67208 by regular mail (This is a TEXT ENTR ONLY. There is no.pdf document associated with this entry.) (ams) (Entered: 03/07/2023) |
| 03/07/2023 | 105 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , MOTION to Dismiss for Lack of Jurisdictio Response deadline 3/28/2023) by Defendants Kansas Department of Health and Environment, Gianfranco Pezzino, Janet Stanek (Radloff, Katelyn) (Entered: 03/07/2023) |

| 03/07/2023 | 106 | MEMORANDUM IN SUPPORT of 105 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MOTION to Dismiss for Lack of Jurisdiction by Defendants Kansas Department of Health and Environment, Gianfranco Pezzino, Janet Stanek(Radloff, Katelyn) (Entered: 03/07/2023) |
| 03/07/2023 | 107 | ENTRY OF APPEARANCE by Christopher S. Cole on behalf of Brenda Kallemeyn. (Cole, Christopher) (Entered: 03/07/2023) |
| 03/07/2023 | 108 | ENTRY OF APPEARANCE by Christopher S. Cole on behalf of Wichita Center for Graduate Medical Education, Inc.. (Cole, Christopher) (Entered: 03/07/2023) |
| 03/07/2023 | 109 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , MOTION to Dismiss for Lack of Jurisdiction Response deadline 3/28/2023 by Defendants Robert Kenagy, Wichita Clinic, P.A. (Baxter, Mackenzie) (Entered 03/07/2023) |
| 03/07/2023 | 110 | MEMORANDUM IN SUPPORT of 109 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MOTION to Dismiss for Lack of Jurisdiction by Defendants Robert Kenagy, Wichita Clinic, P.A.(Baxter, Mackenzie) (Entered: 03/07/2023) |
| 03/07/2023 | 111 | MOTION to Dismiss by Defendant Kris W. Kobach (Shoger, Matthew) (Entered: 03/07/2023) |
| 03/07/2023 | 112 | MEMORANDUM IN SUPPORT of 111 MOTION to Dismiss by Defendant Kris W. Kobach(Shoger, Matthew (Entered: 03/07/2023) |
| 03/07/2023 | 113 | MOTION to Dismiss for Lack of Jurisdiction , MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM Response deadline 3/28/2023 by Defendants Kansas University School of Medicine, Garold O. Minns (Barney Carrie) (Entered: 03/07/2023) |
| 03/07/2023 | 114 | MOTION to Dismiss for Lack of Jurisdiction *and Failure to State a Claim* by Defendants Kansas Homeland Security, David Weishaar (Barney, Carrie) (Entered: 03/07/2023) |
| 03/07/2023 | 115 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Hewitt Goodpasture (Foulston, Andrew) (Entered: 03/07/2023) |
| 03/07/2023 | 116 | MEMORANDUM IN SUPPORT of 115 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Hewitt Goodpasture(Foulston, Andrew) (Entered: 03/07/2023) |
| 03/07/2023 | 119 | CLERKS ORDER EXTENDING TIME until 3/23/2023 for Defendant Brenda Kallemeyn to answer or otherw plead. Signed by deputy clerk on 3/07/2023. Mailed to pro se Plaintiffs Carla Davis and Jalen Davis at 901 N. Belmont, Wichita, KS 67208 by regular mail. (jk) (Entered: 03/08/2023) |
| 03/07/2023 | 120 | CLERKS ORDER EXTENDING TIME until 4/10/2023 for Defendant Wichita Center for Graduate Medical Education, Inc. to answer or otherwise plead. Signed by deputy clerk on 3/07/2023. Mailed to pro se Plaintiffs Carla Davis and Jalen Davis at 901 N. Belmont, Wichita, KS 67208 by regular mail. (jk) (Entered: 03/08/2023 |
| 03/08/2023 | 117 | MEMORANDUM IN SUPPORT of 113 MOTION to Dismiss for Lack of Jurisdiction MOTION TO DISMIS FOR FAILURE TO STATE A CLAIM by Defendants Kansas University School of Medicine, Garold O. Minns(Barney, Carrie) (Entered: 03/08/2023) |
| 03/08/2023 | 118 | ENTRY OF APPEARANCE by Mackenzie Maki Baxter on behalf of Robert Kenagy, Wichita Clinic, P.A.. (Baxter, Mackenzie) (Entered: 03/08/2023) |
| 03/08/2023 | 121 | SUMMONS RETURNED EXECUTED –– UPS Ground by Jalen Davis, Carla Davis upon Clyde Wilson Wesbrook served on 3/3/2023, answer due 3/24/2023. (jk) (Entered: 03/08/2023) |
| 03/08/2023 | 122 | RETURN OF SERVICE filed by Plaintiffs Carla Davis, Jalen Davis upon Gianfranco Pezzino served on 3/03/2023. (jk) (Entered: 03/08/2023) |
| 03/08/2023 | 123 | |

| | | |
|---|---|---|
| | | SUMMONS RETURNED EXECUTED –– UPS Ground by Jalen Davis, Carla Davis upon Wesley Medical Center, LLC served on 3/3/2023, answer due 3/24/2023. (jk) (Entered: 03/08/2023) |
| 03/08/2023 | 124 | SUMMONS RETURNED EXECUTED –– UPS Ground by Jalen Davis, Carla Davis upon Wichita Clinic, P.A. served on 3/3/2023, answer due 3/24/2023. (jk) (Entered: 03/08/2023) |
| 03/08/2023 | 125 | RETURN OF SERVICE filed by Plaintiffs Carla Davis, Jalen Davis upon Virgil F. Burry served on 3/03/2023 (jk) (Entered: 03/08/2023) |
| 03/08/2023 | 126 | NOTICE OF SERVICE by Robert Kenagy, Wichita Clinic, P.A. of file–stamped copy of their Motion to Dismiss and Memorandum in Support of Motion to Dismiss *to Plaintiffs Pro se* (Baxter, Mackenzie) (Entered: 03/08/2023) |
| 03/08/2023 | 127 | PLAINTIFFS' REQUEST NOT TO SERVE ALL DEFENDANTS FILED PAPERS by Plaintiffs Carla Davis, Jalen Davis. (sz) (Entered: 03/09/2023) |
| 03/08/2023 | 128 | MOTION for Extension of Time to File Response as to 66 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *or, In the Alternative, Motion for Involuntary Dismissal With Prejudice for Failure to Prosecute* by Plaintiffs Carla Davis, Jalen Davis. (sz) (Entered: 03/09/2023) |
| 03/09/2023 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 128 MOTION for Extension of Time to File Response as to 66 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *or, In the Alternative, Motion for Involuntary Dismissal With Prejudice for Failure to Prosecute*. The motion will be resolved by the District Judge. (tl) (Entered: 03/09/2023)** |
| 03/10/2023 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 127 MOTION for Order. The motion will be resolved by the District Judge.(df) (Entered: 03/10/2023)** |
| 03/10/2023 | 129 | AMENDED MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendants Kansas Homeland Security, David Weishaar. (Barney, Carrie) (Entered: 03/10/2023) |
| 03/10/2023 | 130 | MEMORANDUM IN SUPPORT of 129 Amended MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendants Kansas Homeland Security, David Weishaar(Barney, Carrie) (Entered: 03/10/2023) |
| 03/10/2023 | 131 | NOTICE OF WITHDRAWAL OF APPEARANCE by attorney Cameron S. Bernard as to Robert Kenagy (Bernard, Cameron) (Entered: 03/10/2023) |
| 03/10/2023 | 132 | NOTICE OF WITHDRAWAL OF APPEARANCE by attorney Susan L. Mauch as to Robert Kenagy (Mauch, Susan) (Entered: 03/10/2023) |
| 03/13/2023 | 133 | MOTION to Dismiss for Lack of Jurisdiction , MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *In Their Individual Capacities* ( Response deadline 4/3/2023) by Defendants Eric Melgren, Dustin Slinkard (Allman, Christopher) (Entered: 03/13/2023) |
| 03/13/2023 | 134 | MEMORANDUM IN SUPPORT of 133 MOTION to Dismiss for Lack of Jurisdiction MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *In Their Individual Capacities* by Defendants Eric Melgren, Dustin Slinkard(Allman, Christopher) (Entered: 03/13/2023) |
| 03/13/2023 | 135 | ENTRY OF APPEARANCE by Brian L. White on behalf of Anna F. Stork–Fury. (White, Brian) (Entered: 03/13/2023) |
| 03/13/2023 | 136 | ENTRY OF APPEARANCE by Mark R. Maloney on behalf of Anna F. Stork–Fury. (Maloney, Mark) (Entered: 03/13/2023) |
| 03/13/2023 | 137 | ENTRY OF APPEARANCE by Rebecca Bergkamp on behalf of Anna F. Stork–Fury. (Bergkamp, Rebecca) (Entered: 03/13/2023) |
| 03/15/2023 | 138 | |

| | | ENTRY OF APPEARANCE by Justen P. Phelps on behalf of Wesley Medical Center, LLC (Phelps, Justen) (Entered: 03/15/2023) |
|---|---|---|
| 03/15/2023 | 139 | SUMMONS RETURNED EXECUTED –– Personal Service by Jalen Davis, Carla Davis upon Marc Bennett served on 3/2/2023, answer due 3/23/2023 (also served by UPS Ground on 3/11/2023). (jk) (Entered: 03/16/20 |
| 03/15/2023 | 140 | SUMMONS RETURNED EXECUTED –– Personal Service by Jalen Davis, Carla Davis upon Central Plains Health Care Partnership served on 3/2/2023, answer due 3/23/2023. (jk) (Entered: 03/16/2023) |
| 03/15/2023 | 141 | SUMMONS RETURNED EXECUTED –– UPS Ground by Jalen Davis, Carla Davis upon Foulston Siefkin L.L.P. served on 3/10/2023, answer due 3/31/2023. (jk) (Entered: 03/16/2023) |
| 03/15/2023 | 142 | SUMMONS RETURNED EXECUTED –– Personal Service by Jalen Davis, Carla Davis upon Hewitt Goodpasture on 3/06/2023. (jk) (Entered: 03/16/2023) |
| 03/15/2023 | 143 | SUMMONS RETURNED EXECUTED –– Personal Service by Jalen Davis, Carla Davis upon David Grainge served on 3/06/2023. (jk) (Entered: 03/16/2023) |
| 03/15/2023 | 144 | SUMMONS RETURNED EXECUTED –– Personal Service by Jalen Davis, Carla Davis upon Klenda Mitche Austerman Zuercher L.L.C. served on 3/2/2023, answer due 3/23/2023. (jk) (Entered: 03/16/2023) |
| 03/15/2023 | 145 | SUMMONS RETURNED EXECUTED –– Personal Service by Jalen Davis, Carla Davis upon Medical Societ of Sedgwick County served on 3/2/2023, answer due 3/23/2023. (jk) (Entered: 03/16/2023) |
| 03/15/2023 | 146 | SUMMONS RETURNED EXECUTED –– UPS Ground by Jalen Davis, Carla Davis upon Garold O. Minns served on 3/13/2023. (jk) (Entered: 03/16/2023) |
| 03/15/2023 | 147 | ALIAS SUMMONS RETURNED UNEXECUTED by Jalen Davis, Carla Davis as to James Michael Moser. ( (Entered: 03/16/2023) |
| 03/15/2023 | 148 | SUMMONS RETURNED EXECUTED –– Personal Service by Jalen Davis, Carla Davis upon Sedgwick County, Kansas, Board of Commissioners served on 3/2/2023, answer due 3/23/2023. (jk) (Entered: 03/16/202 |
| 03/15/2023 | 149 | SUMMONS RETURNED EXECUTED –– Personal Service by Jalen Davis, Carla Davis upon Dee Spade ser on 3/2/2023, answer due 3/23/2023. (jk) (Entered: 03/16/2023) |
| 03/15/2023 | 150 | SUMMONS RETURNED EXECUTED –– Personal Service by Jalen Davis, Carla Davis upon Travis Stembridge served on 3/06/2023. (jk) (Entered: 03/16/2023) |
| 03/15/2023 | 151 | SUMMONS RETURNED EXECUTED –– Personal Service by Jalen Davis, Carla Davis upon Anna F. Stork–Fury served on 3/02/2023. (jk) (Entered: 03/16/2023) |
| 03/15/2023 | 152 | SUMMONS RETURNED EXECUTED –– Personal Service by Jalen Davis, Carla Davis upon Wichita Center for Graduate Medical Education, Inc. served on 3/06/2023. (jk) (Entered: 03/16/2023) |
| 03/15/2023 | 153 | ALIAS SUMMONS RETURNED EXECUTED –– UPS Ground by Jalen Davis, Carla Davis upon Tom Yao served on 3/14/2023. (jk) (Entered: 03/16/2023) |
| 03/15/2023 | 154 | MOTION for Extension of Time to File Response to present and future defendant's motions to dismiss and answers to complaint filed between February 21, 2023 through April 21, 2023 and as to 100 AMENDED MOTION to Dismiss for Lack of Jurisdiction/MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM 111 MOTION to Dismiss, 129 AMENDED MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, MOTION to Dismiss for Lack of Jurisdiction/MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM 98 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, 96 MOTION to Dismiss, 102 MOTION T DISMISS FOR FAILURE TO STATE A CLAIM *or in the Alternative to Dismiss Due to Expiration of the Statute of Limitations*, 113 MOTION to Dismiss for Lack of Jurisdiction/MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, 105 MOTION TO DISMISS FOR FAILURE TO STATE A |

| | | CLAIM/MOTION to Dismiss for Lack of Jurisdiction, 115 MOTION TO DISMISS FOR STAT A CLAIM, 66 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *or, In the Alternative, Motion f Involuntary Dismissal With Prejudice for Failure to Prosecute*, 133 MOTION to Dismiss for Lack of Jurisdiction/MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM In Their Individual Capacities, 10 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM/MOTION to Dismiss for Lack of Jurisdiction Plaintiffs Carla Davis, Jalen Davis. (jal) Modified links on 3/17/2023. (kao) (Entered: 03/16/2023) |
|---|---|---|
| 03/15/2023 | 156 | SUMMONS RETURNED EXECUTED –– UPS Ground by Jalen Davis, Carla Davis upon Stewart E. Dismuk served on 3/08/2023. (jk) (Entered: 03/16/2023) |
| 03/16/2023 | 155 | ENTRY OF APPEARANCE by Steven C. Day on behalf of Dee Spade. (Day, Steven) (Entered: 03/16/2023) |
| 03/16/2023 | 157 | CLERKS ORDER EXTENDING TIME until 4/6/2023 for Defendant Dee Spade to answer or otherwise plead Signed by deputy clerk on 3/16/2023. Mailed to pro se party Carla Davis and Jalen Davis by regular mail. (jsh) (Entered: 03/16/2023) |
| 03/16/2023 | 158 | CLERKS ORDER EXTENDING TIME until 4/6/2023 for Defendant Klenda Mitchell Austerman Zuercher L.L.C. to answer or otherwise plead. Signed by deputy clerk on 3/16/2023. Mailed to pro se party Carla Davis and Jalen Davis by regular mail. (jsh) (Entered: 03/16/2023) |
| 03/16/2023 | 159 | ENTRY OF APPEARANCE by Jeffery A. Jordan on behalf of Foulston Siefkin L.L.P.. (Jordan, Jeffery) (Entered: 03/16/2023) |
| 03/16/2023 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 154 MOTION for Extension of Time to Response as to 100 Amended MOTION to Dismiss for Lack of Jurisdiction MOTION TO DISMISS FO FAILURE TO STATE A CLAIM , 129 Amended MOTION TO DISMISS FOR FAILURE TO STATE CLAIM , [1. The motion will be resolved by the District Judge. (df) (Entered: 03/16/2023)** |
| 03/20/2023 | 160 | MEMORANDUM AND ORDER granting in part 127 Plaintiffs' Motion to Not Serve All Defendants Filed Papers; granted as to papers responsive to the motions to dismiss. Granting 128 MOTION for Extension of Tin to File Response. Granting in part and denying in part 154 Motion for Extension of Time to Respond as to all other pending motions to dismiss. Response deadline 5/15/2023, Reply deadline 6/12/2023 for all currently pending motions to dismiss 66 , 96 , 98 , 100 , 102 , 103 , 105 , 109 , 111 , 113 , 114 , 115 , 129 , 133 . Plaintif must file a new motion for extension of time if they seek additional time to respond to any motion filed after March 20, 2023. Signed by District Judge Julie A. Robinson on 3/20/2023. Mailed to pro se party Carla Davis, Jalen Davis by regular mail. (ca) (Entered: 03/20/2023) |
| 03/20/2023 | 161 | CLERKS ORDER EXTENDING TIME until 4/14/2023 for Defendant Foulston Siefkin L.L.P. to answer or otherwise plead. Signed by deputy clerk on 3/20/2023. Mailed to pro se Plaintiffs Carla Davis and Jalen Davis 901 N. Belmont, Wichita, KS 67208 by regular mail. (jk) (Entered: 03/20/2023) |
| 03/20/2023 | 162 | ENTRY OF APPEARANCE by Katy Elizabeth Tompkins on behalf of Central Plains Health Care Partnership (Tompkins, Katy) (Entered: 03/20/2023) |
| 03/20/2023 | 163 | ENTRY OF APPEARANCE by Katy Elizabeth Tompkins on behalf of Medical Society of Sedgwick County. (Tompkins, Katy) (Entered: 03/20/2023) |
| 03/20/2023 | 164 | ENTRY OF APPEARANCE by Andrew Foulston on behalf of Central Plains Health Care Partnership. (Foulst Andrew) (Entered: 03/20/2023) |
| 03/20/2023 | 165 | ENTRY OF APPEARANCE by Andrew Foulston on behalf of Medical Society of Sedgwick County. (Foulsto Andrew) (Entered: 03/20/2023) |
| 03/21/2023 | 166 | CLERKS ORDER EXTENDING TIME until 4/6/2023 for Defendant Central Plains Health Care Partnership to answer or otherwise plead. Signed by deputy clerk on 3/21/2023. Mailed to pro se parties Carla Davis and Jale Davis by regular mail. (jsh) (Entered: 03/21/2023) |

| 03/21/2023 | 167 | CLERKS ORDER EXTENDING TIME until 4/6/2023 for Defendant Medical Society of Sedgwick County to answer or otherwise plead. Signed by deputy clerk on 3/21/2023. Mailed to pro se parties Carla Davis and Jalen Davis by regular mail. (jsh) (Entered: 03/21/2023) |
| 03/21/2023 | 168 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Brenda Kallemeyn (Cole, Christopher) (Entered: 03/21/2023) |
| 03/21/2023 | 169 | MEMORANDUM IN SUPPORT of 168 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Brenda Kallemeyn (Attachments: # 1 Exhibit 1)(Cole, Christopher) (Entered: 03/21/2023) |
| 03/22/2023 | 170 | CLERKS ORDER EXTENDING TIME until 4/07/2023 for Defendant Wesley Medical Center, LLC to answer or otherwise plead. Signed by deputy clerk on 3/22/2023. Mailed to pro se Plaintiffs Carla Davis and Jalen Davis at 901 N. Belmont, Wichita, KS 67208 by regular mail. (jk) (Entered: 03/22/2023) |
| 03/23/2023 | 171 | CLERKS ORDER EXTENDING TIME until 4/6/2023 for Defendant Anna F. Stork–Fury to answer or otherwise plead. Signed by deputy clerk on 3/23/2023. Mailed to pro se party Carla Davis and Jalen Davis by regular mail. (jsh) (Entered: 03/23/2023) |
| 03/23/2023 | 172 | ENTRY OF APPEARANCE by Christopher S. Cole on behalf of Stewart E. Dismuke. (Cole, Christopher) (Entered: 03/23/2023) |
| 03/23/2023 | 173 | ENTRY OF APPEARANCE by Kevin T. Stamper on behalf of Sedgwick County, Kansas, Board of Commissioners (Stamper, Kevin) (Entered: 03/23/2023) |
| 03/23/2023 | 174 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *and Memorandum in Support Thereof* by Defendant Sedgwick County, Kansas, Board of Commissioners (Stamper, Kevin) (Entered: 03/23/2023) |
| 03/23/2023 | 175 | ENTRY OF APPEARANCE by Matthew Lee Shoger on behalf of Marc Bennett (Shoger, Matthew) (Entered: 03/23/2023) |
| 03/24/2023 | 176 | CLERKS ORDER EXTENDING TIME until 4/10/2023 for Defendant David Grainger to answer or otherwise plead. Signed by deputy clerk on 3/23/2023. Mailed to pro se party Carla Davis and Jalen Davis by regular mail. (jsh) (Entered: 03/24/2023) |
| 03/24/2023 | 177 | CLERKS ORDER EXTENDING TIME until 4/10/2023 for Defendant Travis Stembridge to answer or otherwise plead. Signed by deputy clerk on 3/23/2023. Mailed to pro se party Carla Davis and Jalen Davis by regular mail. (jsh) (Entered: 03/24/2023) |
| 03/24/2023 | 178 | CLERKS ORDER EXTENDING TIME until 4/6/2023 for Defendant Marc Bennett to answer or otherwise plead. Signed by deputy clerk on 3/23/2023. Mailed to pro se party Carla Davis and Jalen Davis by regular mail. (jsh) (Entered: 03/24/2023) |
| 03/24/2023 | 179 | CLERKS ORDER EXTENDING TIME until 4/12/2023 for Defendant Stewart E. Dismuke to answer or otherwise plead. Signed by deputy clerk on 3/23/2023. Mailed to pro se party Carla Davis and Jalen Davis by regular mail. (jsh) (Entered: 03/24/2023) |
| 03/27/2023 | 180 | MOTION for Leave to File Excess Pages by Defendant David Grainger. (Woods, Samantha) (Entered: 03/27/2023) |
| 03/27/2023 | 181 | MOTION for Leave to File Excess Pages by Defendant Travis Stembridge. (Woods, Samantha) (Entered: 03/27/2023) |
| 03/27/2023 | | **MOTION REFERRALS to Magistrate Judge REMOVED as to: 180 MOTION for Leave to File Excess Pages and 181 MOTION for Leave to File Excess Pages. The motions will be resolved by the District Judge. (df)** (Entered: 03/27/2023) |
| 03/28/2023 | 182 | |

| | | ORDER granting <u>180</u> Defendant David Grainger M.D.'s Motion for Leave to File Excess Pages; granting <u>181</u> Defendant Travis Stembridge M.D.'s Motion for Leave to File Excess Pages. Defendants Grainger's and Stembridge's forthcoming briefs in support of their motions to dismiss shall not exceed twenty (20) pages in length. Signed by District Judge Julie A. Robinson on 3/28/2023.Mailed to pro se party Carla and Jalen Davis 901 N. Belmont Wichita, KS 67208 by regular mail (This is a TEXT ENTRY ONLY. There is no.pdf documer associated with this entry.) (ams) (Entered: 03/28/2023) |
|---|---|---|
| 04/03/2023 | <u>183</u> | MOTION to Dismiss by Defendant Marc Bennett (Shoger, Matthew) (Entered: 04/03/2023) |
| 04/03/2023 | <u>184</u> | MEMORANDUM IN SUPPORT of <u>183</u> MOTION to Dismiss by Defendant Marc Bennett(Shoger, Matthew) (Entered: 04/03/2023) |
| 04/04/2023 | <u>185</u> | MOTION to Dismiss by Defendant David Grainger (Woods, Samantha) (Entered: 04/04/2023) |
| 04/04/2023 | <u>186</u> | MEMORANDUM IN SUPPORT of <u>185</u> MOTION to Dismiss by Defendant David Grainger(Woods, Samanth (Entered: 04/04/2023) |
| 04/04/2023 | <u>187</u> | MOTION to Dismiss by Defendant Travis Stembridge (Woods, Samantha) (Entered: 04/04/2023) |
| 04/04/2023 | <u>188</u> | MEMORANDUM IN SUPPORT of <u>187</u> MOTION to Dismiss by Defendant Travis Stembridge(Woods, Samantha) (Entered: 04/04/2023) |
| 04/05/2023 | <u>189</u> | DESIGNATION OF PLACE OF TRIAL filed by Defendants David Grainger, Travis Stembridge – trial to be held in Wichita. (Woods, Samantha) (Entered: 04/05/2023) |
| 04/05/2023 | <u>190</u> | ENTRY OF APPEARANCE by Samantha M. H. Woods on behalf of David Grainger, Travis Stembridge. (Woods, Samantha) (Entered: 04/05/2023) |
| 04/05/2023 | <u>191</u> | ENTRY OF APPEARANCE by Ruslan Ivanov on behalf of David Grainger, Travis Stembridge. (Ivanov, Ruslan) (Entered: 04/05/2023) |
| 04/05/2023 | <u>192</u> | MOTION to Dismiss by Defendant Dee Spade (Day, Steven) (Entered: 04/05/2023) |
| 04/05/2023 | <u>193</u> | MEMORANDUM IN SUPPORT of <u>192</u> MOTION to Dismiss by Defendant Dee Spade (Attachments: # <u>1</u> Exhibit 1)(Day, Steven) Modified to correct exhibit text on 4/7/2023 (kmc). (Entered: 04/05/2023) |
| 04/05/2023 | <u>194</u> | MOTION to Dismiss by Defendant Anna F. Stork–Fury (White, Brian) (Entered: 04/05/2023) |
| 04/05/2023 | <u>195</u> | MEMORANDUM IN SUPPORT of <u>194</u> MOTION to Dismiss by Defendant Anna F. Stork–Fury (Attachment # <u>1</u> Exhibit)(White, Brian) (Entered: 04/05/2023) |
| 04/05/2023 | <u>196</u> | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Klenda Mitchell Austerman Zuercher L.L.C. (McElgunn, Christopher) (Entered: 04/05/2023) |
| 04/05/2023 | <u>197</u> | MEMORANDUM IN SUPPORT of <u>196</u> MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Klenda Mitchell Austerman Zuercher L.L.C.(McElgunn, Christopher) (Entered: 04/05/2023) |
| 04/05/2023 | | SUMMONS ISSUED as to Wichita Clinic, P.A. (now known as Ascension Medical Group Via Christi, P.A.) (addressed to Ascension) ( Returned to plaintiff for service). Notice, Consent, and Reference of a Civil Action a Magistrate Judge Form provided to Plaintiff for service with complaint. Copy of nef mailed to pro se Plaintif Carla Davis and Jalen Davis at 901 N. Belmont, Wichita, KS 67208 by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry) (jk) (Entered: 04/06/2023) |
| 04/06/2023 | <u>198</u> | MOTION to Dismiss by Defendants Central Plains Health Care Partnership, Medical Society of Sedgwick County (Foulston, Andrew) (Entered: 04/06/2023) |
| 04/06/2023 | <u>199</u> | MEMORANDUM IN SUPPORT of <u>198</u> MOTION to Dismiss by Defendants Central Plains Health Care Partnership, Medical Society of Sedgwick County(Foulston, Andrew) (Entered: 04/06/2023) |

| 04/07/2023 | 200 | MOTION to Dismiss *Wesley Medical Center* by Defendant Wesley Medical Center, LLC (Phelps, Justen) (Entered: 04/07/2023) |
| 04/07/2023 | 201 | MEMORANDUM IN SUPPORT of 200 MOTION to Dismiss *Wesley Medical Center* by Defendant Wesley Medical Center, LLC(Phelps, Justen) (Entered: 04/07/2023) |
| 04/10/2023 | 202 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Stewart E. Dismuke (Cole, Christopher) (Entered: 04/10/2023) |
| 04/10/2023 | 203 | MEMORANDUM IN SUPPORT of 202 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Stewart E. Dismuke (Attachments: # 1 Exhibit 1)(Cole, Christopher) Modified to correct exhibit text on 4/12/2023 (kmc). (Entered: 04/10/2023) |
| 04/10/2023 | 204 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Wichita Center for Graduate Medical Education, Inc. (Cole, Christopher) (Entered: 04/10/2023) |
| 04/10/2023 | 205 | MEMORANDUM IN SUPPORT of 204 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Wichita Center for Graduate Medical Education, Inc. (Attachments: # 1 Exhibit 1)(Cole, Christopher) Modified to correct exhibit text on 4/12/2023 (kmc). (Entered: 04/10/2023) |
| 04/12/2023 | 206 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Foulston Siefkin L.L.P. (Jordan, Jeffery) (Entered: 04/12/2023) |
| 04/12/2023 | 207 | MEMORANDUM IN SUPPORT of 206 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Foulston Siefkin L.L.P.(Jordan, Jeffery) (Entered: 04/12/2023) |
| 04/12/2023 | 208 | WITHDRAWAL OF COUNSEL by Carrie A. Barney and ENTRY OF APPEARANCE OF SUBSTITUTED COUNSEL by Stanley R. Parker on behalf of Kansas Homeland Security, Kansas University School of Medicine, Garold O. Minns, David Weishaar (Parker, Stanley) (Entered: 04/12/2023) |
| 04/13/2023 | 209 | BRIEFING ORDER. The Court sets the following deadlines for all motions to dismiss filed between March 20, 2023 and today – 168 , 174 , 183 , 185 , 187 , 192 , 194 , 196 , 198 , 200 , 202 , 204 , and 206 . Response deadline 5/30/2023. Reply deadline 6/27/2023. Signed by District Judge Julie A. Robinson on 4/13/2023. Mailed to pro se parties Carla Davis and Jalen Davis by regular mail. (kas) (Entered: 04/13/2023) |
| 04/17/2023 | 210 | SUMMONS RETURNED EXECUTED –– UPS Ground by Jalen Davis, Carla Davis upon Wichita Clinic, P.A. (addressed to Ascension), served on 4/06/2023. (jk) (Entered: 04/17/2023) |
| 04/17/2023 | 211 | RETURN OF SERVICE of subpoena executed upon Kansas Board of Healing Arts on 4/12/2023 service by U (ca) (Entered: 04/17/2023) |
| 04/17/2023 | 212 | NOTICE OF INTENT TO ISSUE SUBPOENA by Carla Davis, Jalen Davis upon FedEx Ship Center. (ca) (Entered: 04/17/2023) |
| 04/18/2023 | 213 | MOTION for Extension of Time to File Response as to Motions to Dismiss – 168 , 174 , 183 , 185 , 187 , 192 194 , 196 , 198 , 200 , 202 , 204 , and 206 by Plaintiffs Carla Davis, Jalen Davis (kas) (Entered: 04/18/2023) |
| 04/19/2023 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 213 MOTION for Extension of Time to F Response as to 196 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, 202 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, 187 MOTION to Dismiss, 204 MOTION TO DISMISS The motion will be resolved by the District Judge. (df)** (Entered: 04/19/2023) |
| 04/19/2023 | 214 | ENTRY OF APPEARANCE by Christopher S. Cole on behalf of Clyde Wilson Wesbrook. (Cole, Christopher (Entered: 04/19/2023) |
| 04/19/2023 | 215 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Clyde Wilson Wesbrook (Cole, Christopher) (Entered: 04/19/2023) |

| 04/19/2023 | 216 | MEMORANDUM IN SUPPORT of 215 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Clyde Wilson Wesbrook (Attachments: # 1 Exhibit 1)(Cole, Christopher) (Entered: 04/19/2023) |
| 04/21/2023 | 217 | ORDER granting 213 MOTION for Extension of Time to File Response as to MOTIONS TO DISMISS 168 , 174 , 183 , 185 , 187 , 192 , 194 , 196 , 198 , 200 , 202 , 204 , 206 & 215 . Response deadline 6/30/2023; Reply deadline 7/28/2023. Signed by District Judge Julie A. Robinson on 4/21/23. Mailed to pro se parties by regular mail. (msb) Modified to add that document was mailed to plaintiffs on 4/26/2023 (kmc). (Entered: 04/21/2023) |
| 04/24/2023 | 218 | SUMMONS RETURNED EXECUTED –– FedEx by Jalen Davis, Carla Davis upon Clyde Wilson Wesbrook served on 4/04/2023. (jk) (Entered: 04/24/2023) |
| 04/24/2023 | 219 | RETURN OF SERVICE of subpoena filed by Plaintiffs Carla Davis, Jalen Davis executed upon FedEx Shipping Center on 4/18/2023 by UPS Ground. (jk) (Entered: 04/24/2023) |
| 04/27/2023 | 220 | MOTION for Extension of Time to File responses as to 66 , 96 , 98 , 100 , 102 , 103 , 105 , 109 , 111 , 113 , 114 , 115 , 129 & 133 Motions to Dismiss by Plaintiffs Carla Davis, Jalen Davis. (msb) (Entered: 04/28/2023) |
| 04/28/2023 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 220 MOTION for Extension of Time to File response as to 100 Amended MOTION to Dismiss for Lack of Jurisdiction MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, 129 Amended MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM. The motion will be resolved by the District Judge. (df) (Entered: 04/28/2023)** |
| 05/01/2023 | 221 | ORDER granting 220 Plaintiffs' MOTION for Extension of Time to File responses to the following Motions to Dismiss: Docs. 66, 96, 98, 100, 102, 103, 105, 109, 111, 113, 114, 115, 129, and 133. The Court finds good cause to grant Plaintiffs one final extension of their response deadline until 5/30/2023. No further extensions of this deadline will be granted. Signed by District Judge Julie A. Robinson on 5/1/2023. The Clerk shall mail this Order to pro se parties Carla and Jalen Davis at 901 N. Belmont Wichita, KS 67208 by regular mail (This is a TEXT ENTRY ONLY. There is no .pdf document associated with this entry.) (ams) (Entered: 05/01/2023) |
| 05/02/2023 | 222 | ORDER TO SHOW CAUSE. As described in the attached Order, the Court orders Plaintiffs to show cause in writing within three (3) weeks of receipt of this Order, why the Court should not recommend to the District Court that the claims against Defendants Yao, Moser, and Bassell be dismissed, without prejudice, pursuant to Fed.R.Civ.P. 4(e) and (m) and all applicable state laws. Signed by Magistrate Judge Kenneth G. Gale on 5/2/23.Mailed to pro se party Carla Davis & Jalen Davis by certified mail. (df) (Entered: 05/02/2023) |
| 05/02/2023 | | NOTICE Re: Pro Se Mailing. Document 222 Order to Show Cause,, mailed to Carla Davis & Jalen Davis on 5/2/2023 by certified mail ; Certified Tracking Number 70190700000059274858. (cc) (Entered: 05/02/2023) |
| 05/08/2023 | 223 | CERTIFIED MAIL RECEIPT returned re 222 Order to Show Cause addressed to Carla Davis and Jalen Davis (kas) (Entered: 05/08/2023) |
| 05/09/2023 | 224 | NOTICE OF INTENT TO ISSUE SUBPOENA by Carla Davis, Jalen Davis. Subpoena to be issued to: UPS Store. (ca) (Entered: 05/09/2023) |
| 05/09/2023 | 225 | MOTION for Extension of Time to File Response to 215 Motion to Dismiss for Failure to State a Claim, 222 Order to Show Cause, by Plaintiffs Carla Davis, Jalen Davis (referred to Magistrate Judge Kenneth G. Gale) (ca) (Entered: 05/09/2023) |
| 05/09/2023 | 226 | CERTIFICATE OF SERVICE by Carla Davis, Jalen Davis re 224 Notice of Intent to Issue Subpoena, 225 MOTION for Extension of Time to File Response. (ca) (Entered: 05/09/2023) |
| 05/10/2023 | 227 | ORDER granting in part and finding as moot in part 225 MOTION for Extension of Time to File Response as 222 Order to Show Cause and to File Response as to Defendant Westbrook's 215 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM. For good cause shown, the Court extends Plaintiffs' deadline to respond to the 222 Order to Show Cause until and including 7/17/2023. Plaintiffs' request to extend the deadline to respond to Defendant Westbrook's 215 Motion to Dismiss is, however, moot. The District Court previously issued an Order |

| | | |
|---|---|---|
| | | 217 that extended the deadline for Plaintiffs to respond to certain motions to dismiss, including the motion filed by Defendant Westbrook; that deadline has already been reset for 6/30/23, making Plaintiffs' request moot. Signed by Magistrate Judge Kenneth G. Gale on 5/10/23. Mailed to pro se party Carla Davis & Jalen Davis by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (df) (Entered: 05/10/2023) |
| 05/10/2023 | | NOTICE Re: Pro Se Mailing. Document 227 Order on Motion for Extension of Time to File Response/Reply mailed to Carla Davis & Jalen Davis on 5/10/2023 by regular mail. (cc) (Entered: 05/10/2023) |
| 05/10/2023 | 228 | MOTION for Service by Plaintiffs Carla Davis, Jalen Davis (Document titled "Plaintiffs' Request For Clerk To Send By Ordinary Mail Service To Re–Serve A Second Summons and Complaint To Defendant James Michael Moser M.D." (referred to Magistrate Judge Kenneth G. Gale) (sz) (Entered: 05/10/2023) |
| 05/10/2023 | 229 | REMINDER NOTICE TO ASCENSION ORGANIZATION by Carla Davis, Jalen Davis. (sz) (Entered: 05/10/2023) |
| 05/10/2023 | 230 | CERTIFICATE OF SERVICE by Carla Davis, Jalen Davis re 228 MOTION for Service. (sz) (Entered: 05/10/2023) |
| 05/10/2023 | 231 | CERTIFICATE OF SERVICE by Carla Davis, Jalen Davis re 229 Notice (Other). (sz) (Entered: 05/10/2023) |
| 05/10/2023 | 232 | ORDER granting 228 Request for Service by Mail. The Clerk is directed to send a copy of the Summons and Complaint to Defendant James Moser by ordinary U.S. mail at 697 Woodledge Dr., Akron, OH 44313–5913. Signed by Magistrate Judge Kenneth G. Gale on 5/10/23. Mailed to pro se parties Carla Davis & Jalen Davis by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (df) (Entered: 05/10/2023) |
| 05/10/2023 | | NOTICE Re: Pro Se Mailing. Document 232 Order on Motion for Service, mailed to Carla Davis & Jalen Davis on 5/10/2023 by regular mail. (cc) (Entered: 05/10/2023) |
| 05/10/2023 | 233 | RESPONSE to 229 Notice (Other) by Defendant Wichita Clinic, P.A.. (Baxter, Mackenzie) (Entered: 05/10/2023) |
| 05/11/2023 | | Alias Summons Issued as to James Michael Moser. Notice, Consent, and Reference of a Civil Action to a Magistrate Judge Form provided for service with complaint. Per Order 232 the Alias Summons and Complaint were mailed to James Michael Moser at 697 Woodledge Dr., Akron, OH 44313–5913 by regular mail. Copy of NEF mailed to pro se Plaintiffs Carla Davis and Jalen Davis at 901 N. Belmont, Wichita, KS 67208 by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry) (jk) (Entered: 05/11/2023) |
| 05/15/2023 | 234 | NOTICE OF INTENT TO ISSUE SUBPOENA upon Tom Yao M.D. by Carla Davis, Jalen Davis (msb) (Entered: 05/15/2023) |
| 05/15/2023 | 235 | CERTIFICATE OF SERVICE of 234 Notice of Intent to Issue Subpoena (msb) (Entered: 05/15/2023) |
| 05/25/2023 | 236 | ENTRY OF APPEARANCE by Katelyn C. Radloff on behalf of James Michael Moser. (Radloff, Katelyn) (Entered: 05/25/2023) |
| 05/25/2023 | 237 | MOTION to Dismiss for Lack of Jurisdiction , MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM Response deadline 6/15/2023 by Defendant James Michael Moser (Radloff, Katelyn) (Entered: 05/25/2023) |
| 05/25/2023 | 238 | MEMORANDUM IN SUPPORT of 237 MOTION to Dismiss for Lack of Jurisdiction MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant James Michael Moser(Radloff, Katelyn) (Entered: 05/25/2023) |
| 05/30/2023 | 239 | MEMORANDUM IN OPPOSITION by Plaintiffs Carla Davis, Jalen Davis: Re 66 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *or, In the Alternative, Motion for Involuntary Dismissal With Prejudice for* |

| | | |
|---|---|---|
| | | *Failure to Prosecute* (Attachment: # 1 Exhibits A–J)(msb) Corrected file date on 5/31/2023 (msb). (Entered: 05/31/2023) |
| 05/30/2023 | 240 | MEMORANDUM IN OPPOSITION by Plaintiffs Carla Davis, Jalen Davis, Re 96 MOTION to Dismiss and 9 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (Attachments: # 1 Exhibits A–D)(msb) (Entered: 05/31/2023) |
| 05/30/2023 | 241 | MEMORANDUM IN OPPOSITION by Plaintiffs Carla Davis, Jalen Davis, Re 100 Amended MOTION to Dismiss for Lack of Jurisdiction and MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; 133 MOTION to Dismiss for Lack of Jurisdiction and MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *In Their Individual Capacities* (Attachment: # 1 Exhibits A–C)(msb) (Entered: 05/31/2023) |
| 05/30/2023 | 242 | MEMORANDUM IN OPPOSITION by Plaintiffs Carla Davis, Jalen Davis, Re 115 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (Attachment: # 1 Exhibits A & B)(msb) (Entered: 05/31/2023) |
| 05/30/2023 | 243 | MEMORANDUM IN OPPOSITION by Plaintiffs Carla Davis, Jalen Davis, Re 105 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM and MOTION to Dismiss for Lack of Jurisdiction (Attachment: # 1 Exhibits A–F)(msb) (Entered: 05/31/2023) |
| 05/30/2023 | 244 | MEMORANDUM IN OPPOSITION by Plaintiffs Carla Davis, Jalen Davis, Re 111 MOTION to Dismiss (Attachment: # 1 Exhibits A & B)(msb) (Entered: 05/31/2023) |
| 05/30/2023 | 245 | MEMORANDUM IN OPPOSITION by Plaintiffs Carla Davis, Jalen Davis, Re 102 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *or in the Alternative to Dismiss Due to Expiration of the Statute of Limitations* (Attachment: # 1 Exhibits A & B)(msb) (Entered: 05/31/2023) |
| 05/30/2023 | 246 | MEMORANDUM IN OPPOSITION by Plaintiffs Carla Davis, Jalen Davis, Re 114 MOTION to Dismiss for Lack of Jurisdiction *and Failure to State a Claim* & 129 Amended MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM. (Attachment: # 1 Exhibits A & B)(msb) (Entered: 05/31/2023) |
| 05/30/2023 | 247 | MEMORANDUM IN OPPOSITION by Plaintiffs Carla Davis, Jalen Davis, Re 103 MOTION to Dismiss for Lack of Jurisdiction and MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (Attachment: # 1 Exhibits A–I)(msb) (Entered: 05/31/2023) |
| 05/30/2023 | 248 | MEMORANDUM IN OPPOSITION by Plaintiffs Carla Davis, Jalen Davis, Re 113 MOTION to Dismiss for Lack of Jurisdiction and MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (Attachment: # 1 Exhibits A–F)(msb) (Entered: 05/31/2023) |
| 05/30/2023 | 249 | MEMORANDUM IN OPPOSITION by Plaintiffs Carla Davis, Jalen Davis, Re 109 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM & MOTION to Dismiss for Lack of Jurisdiction (Attachment: # 1 Exhibits A–E)(msb) (Entered: 05/31/2023) |
| 06/02/2023 | 250 | NOTICE TO THE COURT REGARDING SERVICE by Carla Davis, Jalen Davis re 237 MOTION to Dismiss for Lack of Jurisdiction MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM . (sz) (Entered: 06/02/2023) |
| 06/05/2023 | 251 | MOTION for Extension of Time to File Response as to 237 MOTION to Dismiss for Lack of Jurisdiction MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Plaintiffs Carla Davis, Jalen Davis. (ca) (Entered: 06/05/2023) |
| 06/05/2023 | 252 | RETURN OF SERVICE of subpoena(s) filed by Plaintiffs Carla Davis, Jalen Davis executed upon Gerard Bassell on 5/18/2023 by UPS. (ca) (Entered: 06/05/2023) |
| 06/05/2023 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 251 MOTION for Extension of Time to F Response as to 237 MOTION to Dismiss for Lack of Jurisdiction MOTION TO DISMISS FOR FAILUR TO STATE A CLAIM. The motion will be resolved by the District Judge.(df)** (Entered: 06/05/2023) |

| 06/05/2023 | 253 | CERTIFICATE OF SERVICE by Carla Davis, Jalen Davis re 251 Motion for Extension of Time to File Response as to 237 Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6). (mam) (Entered: 06/05/2023) |
|---|---|---|
| 06/05/2023 | 254 | NOTICE OF INTENT TO ISSUE AMENDED SUBPOENA by Carla Davis, Jalen Davis. Amended Subpoena be issued to Send and Receive Mail Printing and More. (mam) (Entered: 06/05/2023) |
| 06/05/2023 | 255 | CERTIFICATE OF SERVICE by Carla Davis, Jalen Davis re 254 Amended Notice of Intent to Issue Subpoen (mam) (Entered: 06/05/2023) |
| 06/06/2023 | 256 | ORDER granting for good cause shown 251 MOTION for Extension of Time to File Response as to 237 MOTION to Dismiss for Lack of Jurisdiction; MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM Plaintiffs' response deadline is extended to 7/31/2023. Signed by District Judge Julie A. Robinson on 6/6/2023.The Clerk is directed to mail to pro se parties Carla and Jalen Davis, 901 N. Belmont Wichita, KS 67208 by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ams) (Entered: 06/06/2023) |
| 06/09/2023 | 257 | REPLY TO RESPONSE TO MOTION by Defendants Xavier Becerra, Merrick B. Garland, Eric Melgren, Dus Slinkard, United States Department of Health and Human Services, United States Department of Justice re: 10 Motion to Dismiss/Lack of Jurisdiction,, Motion to Dismiss for Failure to State a Claim, 133 Motion to Dismiss/Lack of Jurisdiction, Motion to Dismiss for Failure to State a Claim (Allman, Christopher) (Entered: 06/09/2023) |
| 06/09/2023 | 258 | MOTION for Leave to File Excess Pages by Defendants Virgil F. Burry, Children's Mercy Hospital, The (Christopher, Barbara) (Entered: 06/09/2023) |
| 06/12/2023 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 258 MOTION for Leave to File Excess Pages. The motion will be resolved by the District Judge. (df)** (Entered: 06/12/2023) |
| 06/12/2023 | 259 | ORDER granting for good cause shown 258 Motion for Leave to File Excess Pages. Defendants The Children' Mercy Hospital and Virgil F. Burry, M.D. may file a reply brief not to exceed ten (10) pages in length. Signed District Judge Julie A. Robinson on 6/12/2023.The Clerk is directed to mail this Order to pro se parties Carla Davis & Jalen Davis, 901 N. Belmont, Wichita, KS 67208 by regular mail (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ams) (Entered: 06/12/2023) |
| 06/12/2023 | 260 | REPLY TO RESPONSE TO MOTION by Defendants Brandon Whipple, Wichita City Counsel, City of re: 98 Motion to Dismiss for Failure to State a Claim, 96 Motion to Dismiss (Houghton, Erik) (Entered: 06/12/2023) |
| 06/14/2023 | 261 | REPLY TO RESPONSE TO MOTION by Defendants Virgil F. Burry, Children's Mercy Hospital, The re: 66 Motion to Dismiss for Failure to State a Claim (Christopher, Barbara) (Entered: 06/14/2023) |
| 06/16/2023 | 262 | REPLY TO RESPONSE TO MOTION by Defendant Kris W. Kobach re: 111 Motion to Dismiss (Shoger, Matthew) (Entered: 06/16/2023) |
| 06/26/2023 | 263 | MEMORANDUM IN OPPOSITION by Plaintiffs Carla Davis, Jalen Davis re 168 Motion to Dismiss for Failu to State a Claim. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G) (mam) (Entered: 06/26/2023) |
| 06/26/2023 | 264 | MEMORANDUM IN OPPOSITION by Plaintiffs Carla Davis, Jalen Davis re 194 Motion to Dismiss. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhi G, # 8 Exhibit H) (mam) (Entered: 06/27/2023) |
| 06/26/2023 | 265 | MEMORANDUM IN OPPOSITION by Plaintiffs Carla Davis, Jalen Davis re 196 Motion to Dismiss for Failu to State a Claim. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J) (mam) (Entered: 06/27/2023) |
| 06/26/2023 | 266 | |

| | | |
|---|---|---|
| | | MEMORANDUM IN OPPOSITION by Plaintiffs Carla Davis, Jalen Davis re 198 Motion to Dismiss. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N) (mam) (Entered: 06/27/2023) |
| 06/26/2023 | 267 | MEMORANDUM IN OPPOSITION by Plaintiffs Carla Davis, Jalen Davis re 174 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *and Memorandum in Support Thereof* (Attachments: # 1 A, # 2 B, # 3 C, # 4 D, # 5 E, # 6 F, # 7 G, # 8 H, # 9 I, # 10 J, # 11 K, # 12 L, # 13 M, # 14 N, # 15 O, # 16 P, # 17 Q, # 18 R, # 19 S)(sz) (Entered: 06/27/2023) |
| 06/26/2023 | 268 | MEMORANDUM IN OPPOSITION by Plaintiffs Carla Davis, Jalen Davis re 215 Motion to Dismiss for Failure to State a Claim. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J) (mam) (Entered: 06/27/2023) |
| 06/26/2023 | 269 | MEMORANDUM IN OPPOSITION by Plaintiffs Carla Davis, Jalen Davis re 187 MOTION to Dismiss (Attachments: # 1 A, # 2 B, # 3 c, # 4 d, # 5 E, # 6 F, # 7 G, # 8 H, # 9 I)(sz) (Entered: 06/27/2023) |
| 06/26/2023 | 270 | MEMORANDUM IN OPPOSITION by Plaintiffs Carla Davis, Jalen Davis re 183 MOTION to Dismiss (Attachments: # 1 A, # 2 B, # 3 C, # 4 D, # 5 E, # 6 F, # 7 G, # 8 H, # 9 I, # 10 J, # 11 K, # 12 L, # 13 M, # 14 N)(sz) (Entered: 06/27/2023) |
| 06/26/2023 | 271 | MEMORANDUM IN OPPOSITION by Plaintiffs Carla Davis, Jalen Davis re 206 Motion to Dismiss for Failure to State a Claim. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M) (mam) (Entered: 06/27/2023) |
| 06/26/2023 | 273 | MEMORANDUM IN OPPOSITION by Plaintiffs Carla Davis, Jalen Davis re 185 MOTION to Dismiss (Attachments: # 1 A, # 2 B, # 3 C, # 4 D, # 5 E, # 6 F, # 7 G, # 8 H, # 9 I, # 10 J)(sz) (Entered: 06/27/2023) |
| 06/26/2023 | 274 | MEMORANDUM IN OPPOSITION by Plaintiffs Carla Davis, Jalen Davis re 200 Motion to Dismiss. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L) (mam) (Entered: 06/27/2023) |
| 06/27/2023 | 272 | REPLY TO RESPONSE TO MOTION by Defendants Kansas Health Care Stabilization Fund, Clark Shultz re 102 Motion to Dismiss for Failure to State a Claim, (Attachments: # 1 Exhibit)(Cole, Christopher) (Entered: 06/27/2023) |
| 06/27/2023 | 275 | REPLY TO RESPONSE TO MOTION by Defendants Kansas University School of Medicine, Garold O. Minns re: 113 Motion to Dismiss/Lack of Jurisdiction, Motion to Dismiss for Failure to State a Claim (Parker, Stanley) (Entered: 06/27/2023) |
| 06/27/2023 | 276 | REPLY TO RESPONSE TO MOTION by Defendants Kansas Homeland Security, David Weishaar re: 129 Motion to Dismiss for Failure to State a Claim (Parker, Stanley) (Entered: 06/27/2023) |
| 06/27/2023 | 277 | REPLY TO RESPONSE TO MOTION by Defendant Hewitt Goodpasture re: 115 Motion to Dismiss for Failure to State a Claim (Foulston, Andrew) (Entered: 06/27/2023) |
| 07/03/2023 | 278 | RESPONSE re 222 Order to Show Cause by Plaintiffs Jalen Davis, Carla Davis. (kmc) (Entered: 07/03/2023) |
| 07/03/2023 | 279 | MOTION for Leave (titled: Plaintiffs' Motion for Leave and Affidavits in Support of Motion by Plaintiffs Carla Davis, Jalen Davis. (kmc) (Entered: 07/03/2023) |
| 07/05/2023 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 279 MOTION for Leave. The motion will be resolved by the District Judge. (df) (Entered: 07/05/2023)** |
| 07/05/2023 | 280 | RESPONSE by Defendants Stewart E. Dismuke, Dee Spade, Wichita Center for Graduate Medical Education, Inc. re 279 Motion for Leave (Cole, Christopher) (Entered: 07/05/2023) |

| | | |
|---|---|---|
| 07/06/2023 | 281 | ORDER granting 279 Motion for Leave to File. Plaintiffs move for leave to file responses to certain motions to dismiss out of time on the basis that they do not have these filings in their personal case file. The Court acknowledges Defendants' response and certificates of service demonstrating that they placed their motions to dismiss in the U.S. Mail at the time of filing. Nonetheless, they do not appear allowing Plaintiffs to respond pa the deadline. Therefore, Plaintiffs may file responses out of time to the motions to dismiss filed by Defendants Dee Spade (Doc. 192), Stewart Dismuke (Doc. 202), and Wichita Center for Graduate Medical Education, Inc. (Doc. 204). Plaintiffs' response(s) to these motions to dismiss shall be filed by July 17, 2023. Signed by District Judge Julie A. Robinson on 7/6/2023.The Clerk shall mail this Order to pro se parties Carla and Jalen Davis, 9( N. Belmont, Wichita, KS 67208 by regular mail (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ams) (Entered: 07/06/2023) |
| 07/06/2023 | | NOTICE Re Pro Se Mailing: Document 281 mailed to Carla Davis, Jalen Davis on 7/6/2023 by regular mail. ( (Entered: 07/06/2023) |
| 07/06/2023 | | **Set/Reset Deadlines as to 204 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , 192 MOTION to Dismiss , 202 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM . Response deadline 7/17/2023.(ca)** (Entered: 07/06/2023) |
| 07/11/2023 | 282 | REPLY TO RESPONSE TO MOTION by Defendant Sedgwick County, Kansas, Board of Commissioners re: 174 Motion to Dismiss for Failure to State a Claim (Stamper, Kevin) (Entered: 07/11/2023) |
| 07/12/2023 | 283 | REPLY TO RESPONSE TO MOTION by Defendant Travis Stembridge re: 187 Motion to Dismiss (Woods, Samantha) (Entered: 07/12/2023) |
| 07/12/2023 | 284 | REPLY TO RESPONSE TO MOTION by Defendant David Grainger re: 185 Motion to Dismiss (Woods, Samantha) (Entered: 07/12/2023) |
| 07/13/2023 | 285 | MEMORANDUM IN OPPOSITION by Plaintiffs Carla Davis, Jalen Davis re 204 MOTION TO DISMISS FO FAILURE TO STATE A CLAIM (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # ! Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhib L, # 13 Exhibit M). (sz) (Entered: 07/14/2023) |
| 07/13/2023 | 286 | MEMORANDUM IN OPPOSITION by Plaintiffs Carla Davis, Jalen Davis re 237 MOTION to Dismiss for La of Jurisdiction MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (Attachments: # 1 Exhibit A, # Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L).(sz) (Entered: 07/14/2023) |
| 07/13/2023 | 287 | MEMORANDUM IN OPPOSITION by Plaintiffs Carla Davis, Jalen Davis re 202 MOTION TO DISMISS FO FAILURE TO STATE A CLAIM (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # ! Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhib L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P).(sz) (Entered: 07/14/2023) |
| 07/13/2023 | 288 | MEMORANDUM IN OPPOSITION by Plaintiffs Carla Davis, Jalen Davis re 192 MOTION to Dismiss (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhi G, # 8 Exhibit H, # 9 Exhibit I). (sz) (Entered: 07/14/2023) |
| 07/18/2023 | 289 | ORDER re 278 Response to Order to show Cause filed by Jalen Davis, Carla Davis. The Court is in receipt of Plaintiffs' response to the 222 Order to Show Cause. The Court accepts Plaintiffs' response as sufficient for purposes of the Show Cause Order, without prejudice to right of Defendants to challenge the adequacy of servi Signed by Magistrate Judge Kenneth G. Gale on 7/18/23. Mailed to pro se party Carla Davis, Jalen Davis by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (df) (Entered: 07/18/2023) |
| 07/18/2023 | | NOTICE Re: Pro Se Mailing. Document 289 Order, mailed to Carla Davis & Jalen Davis on 7/18/2023 by regu mail. (cc) (Entered: 07/18/2023) |

| 07/20/2023 | 290 | PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY TO BOARD OF COUNTY COMMISSIONERS OF SEDGWICK COUNTY'S REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS RE 174 . (Attachments: # 1 Surreply)(sz) (Entered: 07/21/2023) |
|---|---|---|
| 07/21/2023 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 290 MOTION for Leave to file Surreply. The motion will be resolved by the District Judge. (df)** (Entered: 07/21/2023) |
| 07/24/2023 | 291 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Pursuant to Rule 12 and 4* by Defendant Gerard Bassell (Fowler, Jay) (Entered: 07/24/2023) |
| 07/24/2023 | 292 | MEMORANDUM IN SUPPORT of 291 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Pursuant to Rule 12 and 4* by Defendant Gerard Bassell (Attachments: # 1 Ex. A)(Fowler, Jay) (Entered: 07/24/2023) |
| 07/25/2023 | 293 | REPLY TO RESPONSE TO MOTION by Defendant Anna F. Stork–Fury re: 194 Motion to Dismiss (White, Brian) (Entered: 07/25/2023) |
| 07/28/2023 | 294 | REPLY TO RESPONSE TO MOTION by Defendant Wesley Medical Center, LLC re: 200 Motion to Dismiss (Phelps, Justen) (Entered: 07/28/2023) |
| 07/28/2023 | 295 | REPLY TO RESPONSE TO MOTION by Defendant Foulston Siefkin L.L.P. re: 206 Motion to Dismiss for Failure to State a Claim (Jordan, Jeffery) (Entered: 07/28/2023) |
| 07/28/2023 | 296 | REPLY TO RESPONSE TO MOTION by Defendant Stewart E. Dismuke re: 202 Motion to Dismiss for Failure to State a Claim (Cole, Christopher) (Entered: 07/28/2023) |
| 07/28/2023 | 297 | REPLY TO RESPONSE TO MOTION by Defendant Brenda Kallemeyn re: 168 Motion to Dismiss for Failure to State a Claim (Cole, Christopher) (Entered: 07/28/2023) |
| 07/28/2023 | 298 | REPLY TO RESPONSE TO MOTION by Defendant Clyde Wilson Wesbrook re: 215 Motion to Dismiss for Failure to State a Claim (Cole, Christopher) (Entered: 07/28/2023) |
| 07/28/2023 | 299 | REPLY TO RESPONSE TO MOTION by Defendant WICHITA CENTER FOR GRADUATE MEDICAL EDUCATION, INC.' re: 204 Motion to Dismiss for Failure to State a Claim (Attachments: # 1 Exhibit)(Cole, Christopher) Modified on 7/28/2023 to change name of Defendant filed on behalf of (sz). (Entered: 07/28/2023) |
| 07/28/2023 | 300 | REPLY TO RESPONSE TO MOTION by Defendant Dee Spade re: 192 Motion to Dismiss (Day, Steven) (Entered: 07/28/2023) |
| 07/28/2023 | 301 | REPLY TO RESPONSE TO MOTION by Defendant Marc Bennett re: 183 Motion to Dismiss (Shoger, Matthew) (Entered: 07/28/2023) |
| 07/28/2023 | 302 | REPLY TO RESPONSE TO MOTION by Defendant Klenda Mitchell Austerman Zuercher L.L.C. re: 196 Motion to Dismiss for Failure to State a Claim (McElgunn, Christopher) (Entered: 07/28/2023) |
| 07/28/2023 | 303 | REPLY TO RESPONSE TO MOTION by Defendants Central Plains Health Care Partnership, Medical Society of Sedgwick County re: 198 Motion to Dismiss (Foulston, Andrew) (Entered: 07/28/2023) |
| 08/08/2023 | 304 | RESPONSE by Plaintiffs Carla Davis, Jalen Davis: Re 291 Motion to Dismiss for Failure to State a Claim (Attachments: # 1 Exhibit A – Case Opinion: Mid–Continent Anethesiology v. Bassell, # 2 Exhibit B – Gerard M. Bassell, MD KSBHA License & Registration Profile Search, # 3 Exhibit C – Text Order (Doc. 289), # 4 Exhibit D – Executive Order 02–02, # 5 Exhibit E – Transcript Excerpt of Committee Hearing as to Amendment Bill H.R. 3448, # 6 Exhibit F – Wichita Clinic P.A. Medical Worksheet, # 7 Exhibit G – Drug Toxicity of Pregnant Victim by Wesley Medical Center, # 8 Exhibit H – Drug Toxicity of Pregnant Victim by Wesley Medical Center, # 9 Exhibit I – Pediatric ECG Analysis on 12/11/06, # 10 Exhibit J – Wesley Medical Center Admission Sheet for Newborn, # 11 Exhibit K – Article in Clinical Reports – Psychogenic Cardiac Arrest during Extensive Sympathetic Blockade, # 12 Exhibit L – Roster of KaMMCO Claims Committee, # 13 Exhibit M – |

| | | Billing Papers, # <u>14</u> Exhibit N – Second Amended Petition in Case No. 03–1510 Sedgwick County District Court, # <u>15</u> Exhibit O – Doctor George Tiller's Obituary, # <u>16</u> Exhibit P – Article in The Baltimore Sun, # <u>17</u> Exhibit Q – Transcript Excerpt of Hearing Held 3/20/07 Before Committee of the Judiciary House of Reprsentatives, # <u>18</u> Exhibit R – KaMMCO Claim Report Form)(msb) (Entered: 08/08/2023) |
|---|---|---|
| 08/14/2023 | <u>305</u> | MOTION / REQUEST for Oral Argument by Plaintiffs Carla Davis, Jalen Davis. (mam) (Entered: 08/14/2023 |
| 08/15/2023 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: <u>305</u> MOTION for Hearing. The motion will be resolved by the District Judge.(df)** (Entered: 08/15/2023) |
| 08/16/2023 | <u>306</u> | MOTION Titled: Plaintiff's Request to Vacate Referral to Magistrate Judge by Plaintiffs Carla Davis, Jalen Davis. (ca) (Entered: 08/16/2023) |
| 08/16/2023 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: <u>306</u> MOTION Plaintiff's Request to Vac Referral to Magistrate Judge. The motion will be resolved by the District Judge. (df)** (Entered: 08/16/202 |
| 08/21/2023 | 307 | MINUTE ORDER REASSIGNING CASE. Case reassigned to Honorable Brooks G. Severson for all further proceedings. Magistrate Judge Kenneth G. Gale no longer assigned to case. Signed by deputy clerk on 8/21/23 Mailed to pro se parties by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(kao) (Entered: 08/21/2023) |
| 08/28/2023 | <u>308</u> | RESPONSE (titled: Plaintiffs' Dispute of Minute Order Reassigning Case to a Magistrate Judge Doc #307) by Plaintiffs Jalen Davis, Carla Davis re 307 Reassigning Case. (kmc) (Entered: 08/28/2023) |
| 09/28/2023 | <u>309</u> | MEMORANDUM AND ORDER – Defendants' Motions to Dismiss (Docs. 66, 96, 98, 100, 102, 103, 105, 109 111, 113, 115, 129, 133, 168, 174, 183, 185, 187, 192, 194, 196, 198, 200, 202, 204, 206, 215, 237, 291) are granted and this case is hereby dismissed in its entirety. Plaintiffs' Motion for Oral Argument (Doc. 305), is denied, and Plaintiffs' Motion for Leave to file a Surreply (Doc. 290) to the Sedgwick County Board of County Commissioner's Motion to Dismiss is granted. Plaintiffs' Motion for Designation of Place of Trial (Doc. 92), Plaintiffs' Request to Vacate Referral to Magistrate Judge (Doc. 306), and Defendants Kansas Homeland Secur and David Weishaar's Motion to Dismiss (Doc. 114) are moot. See order for details. Signed by District Judge Julie A. Robinson on 9/28/2023. Mailed to pro se party Carla Davis, Jalen Davis by regular mail. (heo) (Entere 09/28/2023) |
| 09/28/2023 | 310 | JUDGMENT. Signed by deputy clerk on 9/28/2023. Mailed to pro se party Carla Davis, Jalen Davis by regula mail. (heo) (Entered: 09/28/2023) |
| 09/29/2023 | <u>311</u> | PETITION TO DISQUALIFY HONORABLE ERIC MELGREN AS THE CHIEF JUDGE FOR UNITED STATES DISTRICT COURTS FOR THE DISTRICT OF KANSAS by Plaintiffs Carla Davis, Jalen Davis. (sz (Entered: 09/29/2023) |
| 10/02/2023 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: <u>311</u> MOTION to Disqualify Judge. The motion will be resolved by the District Judge. (df)** (Entered: 10/02/2023) |
| 10/03/2023 | <u>312</u> | MOTION for extension of time to respond to <u>309</u> Memorandum and Order and <u>310</u> Judgment, by Plaintiffs Ca Davis, Jalen Davis. (referred to Magistrate Judge Brooks G. Severson) (ca) (Entered: 10/03/2023) |
| 10/03/2023 | <u>313</u> | SURREPLY by Plaintiffs Carla Davis, Jalen Davis re <u>174</u> MOTION TO DISMISS FOR FAILURE TO STAT A CLAIM and Memorandum in Support Thereof. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C, # Exhibit D, # <u>5</u> Exhibit E, # <u>6</u> Exhibit F, # <u>7</u> Exhibit G, # <u>8</u> Exhibit H)(ca) (Entered: 10/03/2023) |
| 10/03/2023 | 314 | ORDER finding as moot <u>311</u> Motion to Disqualify. This case has been dismissed, therefore the Court finds the motion to Disqualify moot. Signed by District Judge Julie A. Robinson on 10/3/23. Mailed to pro se party Carl Davis and Jalen Davis by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ss) (Entered: 10/03/2023) |
| 10/03/2023 | 315 | |

| | | |
|---|---|---|
| | | ORDER finding as moot <u>312</u> Motion for Extension of Time to File. There is no response to the Court's Memorandum and Order of Dismissal or Judgment that is provided for or permitted under the Federal or Local Rules. Therefore, Plaintiffs' motion for extension of time to respond to those documents is moot. Signed by District Judge Julie A. Robinson on 10/3/23. Mailed to pro se party Carla Davis and Jalen Davis by regular ma (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ss) (Entered: 10/03/2023) |
| 10/25/2023 | 316 | MOTION for Reconsideration (Titled: Plaintiff's Motion to Alter or Amend the Court's Decision to Dismiss Plaintiffs' Case in it's Entirety and the Clerk's Judgment Order and Rule on Issues of Law) re <u>309</u> Memorandum and Order, <u>310</u> Judgment by Plaintiffs Carla Davis, Jalen Davis. (Attachments: # <u>1</u> Exhibit) (ca) Modified on 10/27/2023 to correct the file date. (mam) (Entered: 10/26/2023) |
| 10/26/2023 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: <u>316</u> MOTION for Reconsideration re 31 Judgment, <u>309</u> Order on Motion to Dismiss for Failure to State a Claim, Order on Motion to Dismiss/La of Jurisdiction. The motion will be resolved by the District Judge.(df)** (Entered: 10/26/2023) |
| 11/21/2023 | 317 | NOTICE OF APPEAL as to <u>310</u> Judgment, <u>309</u> Order on Motion to Dismiss for Failure to State a Claim, Ord on Motion to Dismiss/Lack of Jurisdiction, by Plaintiffs Carla Davis, Jalen Davis. Filing fee $ 505 paid, receip #600003395. (ca) (Entered: 11/21/2023) |
| 11/21/2023 | 318 | CERTIFICATE OF SERVICE by Carla Davis, Jalen Davis re <u>317</u> Notice of Appeal. (ca) (Entered: 11/21/2023 |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CARLA DAVIS, et al.,

       Plaintiffs,

       v.

U.S. DEPARTMENT OF JUSTICE, et al.,

       Defendants.

Case No. 23-CV-1010-JAR-KGG

## MEMORANDUM AND ORDER

Plaintiffs Carla Davis and Jalen Davis filed this *pro se* action on January 23, 2023, alleging civil rights violations against 43 separate Defendants: U.S. Department of Justice ("DOJ"), U.S. Attorney General Merrick Garland, U.S. Department of Health and Human Services ("HHS"), Secretary of HHS Xavier Becerra, First Assistant United States Attorney ("AUSA") Duston Slinkard, the Honorable Eric Melgren, Kansas Attorney General Kris Kobach, Kansas Homeland Security, Davis Weishaar, Kansas Department of Health and Environment ("KDHE"), KDHE Secretary Janet Stanek, Dr. James Michael Moser, Kansas Insurance Department, Kansas Insurance Commissioner Vicki Schmidt, Kansas Health Care Stabilization Fund ("the Fund"), the Fund's Executive Director Clark Shultz, Sedgwick County Board of County Commissioners, Sedgwick County District Attorney ("DA") Marc Bennett, City of Wichita City Counsel, Mayor Brandon Whipple, Central Plains Health Care Partnership, Medical Society of Sedgwick County, Wesley Medical Center, LLC, Children's Mercy Hospital, Wichita Clinic, P.A., Kansas University School of Medicine-Wichita ("KU School of Medicine"), Wichita Center for Graduate Medical Education, Inc., Dr. Garold O. Minns, Dr. Stewart Dismuke, Dr. Robert Kenagy, Dr. Clyde Wilson Wesbrook, Dr. Dee Spade, Dr. Virgil F. Burry, Dr. Hewitt Goodpasture, Dr. David Grainger, Dr. Travis Stembridge, Dr. Gerald Bassell, Dr.

Anna F. Stork-Fury, Dr. Brenda Kallemeyn, Dr. Tom Yao, Dr. Gianfranco Pezzino, Foulston Siefkin LLP, and Klenda Mitchell Austerman Zuercher LLC.  Plaintiffs paid the filing fee and caused summons to issue.

Now before the Court are Defendants' Motions to Dismiss (Docs. 66, 96, 98, 100, 102, 103, 105, 109, 111, 113, 115, 129, 133, 168, 174, 183, 185, 187, 192, 194, 196, 198, 200, 202, 204, 206, 215, 237, 291).  Plaintiffs move for oral argument on the motions to dismiss (Doc. 305), but as discussed below, the Court denies this request.  The Court grants Plaintiffs' Motion for Leave to file a Sur-reply (Doc. 290) to the Sedgwick County Board of County Commissioner's Motion to Dismiss, and has fully considered the sur-reply attached to their motion for leave.  Thus, the motions to dismiss are fully briefed and the Court is prepared to rule. As described in detail below, Defendants' motions to dismiss are granted, and this case is dismissed in its entirety.  Accordingly, Plaintiffs' Motion for Designation of Place of Trial (Doc. 92), and Request to Vacate Referral to Magistrate Judge (Doc. 306) are moot.[1]  Defendants Kansas Homeland Security and Weishaar's Motion to Dismiss (Doc. 114) is also moot because they subsequently filed an amended motion to dismiss.

---

[1] Plaintiffs' motion to vacate referral to magistrate judge is moot for the additional reason that it pertains to Plaintiffs' motion seeking oral argument on the motions to dismiss, which is before the undersigned for disposition, not the magistrate judge.  The referral to the presiding magistrate judge was terminated the day after Plaintiffs' motion was filed since it relates to the motions to dismiss.  The Court has also reviewed Plaintiffs' objection (Doc. 307) to the August 21, 2023 Minute Order reassigning this case to Magistrate Judge Brooks G. Severson (Doc. 308). Plaintiffs appear to misunderstand the Minute Order.  A magistrate judge and a district judge are assigned to all civil cases in this district.  The assigned magistrate judge handles all pretrial matters that are nondispositive.  Dispositive motions, such as the pending motions to dismiss in this case, are handled by the district judge.  The magistrate judge reassignment to Judge Severson was made as a purely administrative matter due to Magistrate Judge Kenneth Gale's retirement.  This case has always been assigned to the undersigned for disposition of dispositive motions.

## I.    Facts Alleged in the Complaint

The following facts are alleged in the Complaint and assumed to be true for purposes of deciding the motions to dismiss.  The Court is mindful that Plaintiffs proceed *pro se*, so it reviews their "pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."[2]   Nonetheless, "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."[3]

Plaintiffs generally allege in the Complaint that they were used as test subjects to research bioterrorism, and that several Defendants injected or inserted drugs, substances, or devices into their bodies between 2003 and 2008.  Plaintiffs specifically allege misconduct that occurred during medical treatment they received in 2003, 2004, and 2008.

Carla Davis gave birth to her son, Jalen Davis, in January 2003 at Wesley Medical Center, LLC ("Wesley") in Wichita, Kansas.  Prior to her scheduled induction, in late 2002, she told her health care providers Wichita Clinic, P.A. and Dr. Wesbrook that she wanted to deliver her baby at St. Joseph Hospital in Wichita, Kansas.  Instead, without her knowledge or consent, her health care services were "allocated" and she was told she must deliver at Wesley.  Once at Wesley, she was "placed in the hands of indigent and research training programs."[4]  During her labor, Plaintiff contends that she "was incapacitated with toxic does [sic] of the drug Fentanyl," she "was raped when Anna Stork-Furry [sic] after I was incapacitated, penetrated my vagina without a necessary medical reason," "Tom Yao stabbed me deeply in my lower back with a

---

[2] *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).

[3] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[4] Doc. 1 ¶ 62.

needle," and she "was administered toxic doses of antibiotics . . . [and] Bupivicaine and other drugs without medical necessity."[5]

Later, on February 4, 2004, Carla Davis was treated at Wesley for a cardiac issue and an "unknown device was placed in [her] chest blood vessels without [her] knowledge and consent."[6]

In August 2008, Jalen Davis was treated at Children's Mercy Hospital and "public officials stole" his blood.[7]  They prevented him from receiving medical care and a social worker attempted to "abduct" him.[8]  Carla Davis was accused of neglect, but after investigation, the Kansas Department of Social & Rehabilitative Services determined that the allegation was unsubstantiated and released Jalen Davis back into her care.[9]

Some of Plaintiffs' medical records are attached to the Complaint, but Plaintiffs have been denied access to certain medical records because they are in "Confidential" status, making it difficult for them to obtain certain public benefits.

## II.    Summary of Plaintiffs' Claims and Defendants' Pending Motions

Plaintiffs name 43 Defendants in this matter;[10] the individual Defendants are all named in "their official and individual capacit[ies]."[11]  Plaintiffs invoke this Court's jurisdiction under 28 U.S.C. §§ 1331 and 1343, which govern federal question jurisdiction and jurisdiction over certain civil rights cases, respectively.  Plaintiffs cite 42 U.S.C. § 1983 as a basis for their claims,

---

[5] *Id.* ¶¶ 62–66.

[6] *Id.* ¶ 68.

[7] *Id.* ¶ 70.

[8] *Id.*

[9] *Id.* ¶ 71; Doc. 1-1 at 6.

[10] Plaintiffs itemize 42 Defendants in the Complaint.  But they state that Central Plains Health Care Partnership is "an affiliate of Medical Society of Sedgwick County."  Doc. 1 ¶ 22.  Out of an abundance of caution, the Court construes the Complaint as naming both of these parties as Defendants.

[11] Doc. 1 ¶¶ 3–43.

claiming violations of their Fourth, Fifth, and Fourteenth Amendment rights under the United

States Constitution. They also allege a conspiracy claim under 42 U.S.C. § 1985. Plaintiffs pray

for the following relief: (1) a declaratory judgment that Defendants' constitutional violations

were willful; (2) money damages; (3) a court order requiring Defendants to provide Plaintiffs

with access to their confidential medical records; and (4) costs and any further relief the Court

deems proper.

     42 U.S.C. § 1983 provides a cause of action for "the deprivation of any rights, privileges,

or immunities secured by the Constitution" by any person acting under the color of state law.[12]

The "federal analog to a § 1983 suit" is a *Bivens* suit, "which provides a 'private action for

damages against federal officers' who violate certain constitutional rights."[13] Plaintiffs name

federal agencies and officials as Defendants. In their responses to the motions to dismiss,

Plaintiffs assert that these Defendants are not being sued as federal actors, but state actors,

because they acted under color of state law when they engaged in the alleged constitutional

violations. Out of an abundance of caution, the Court liberally construes Plaintiffs' claims

against the federal Defendants under both § 1983 and *Bivens*.

     Defendants have filed 29 separate motions to dismiss under Fed. R. Civ. P. 12(b)(1) for

lack of subject matter jurisdiction, 12(b)(5) for insufficient service of process, and/or 12(b)(6) for

failure to state a claim upon which relief can be granted. In the interest of judicial efficiency, the

Court will rule on these motions collectively because Defendants' arguments in favor of

dismissal overlap. To the extent resolution of any motion to dismiss requires individualized

analysis, the Court includes that analysis below.

---

[12] 42 U.S.C. § 1983.

[13] *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)).

### III.     Request for Oral Argument

Plaintiffs move for oral argument on the motions to dismiss and related motions, as well as on the service issues addressed by Magistrate Judge Kenneth G. Gale's May 2, 2023 Order to Show Cause, which addressed service deficiencies with Defendants Yao, Moser, and Bassell.[14] Plaintiffs assert that the Court should entertain their request because: (1) their injuries have been ongoing for twenty years; (2) this is a case of first impression; (3) it is serious and complex; (4) oral argument is needed to clarify issues of fact and law fairly; (5) there are conflicts of interest involved because the law firm of Foulston Siefkin is a named Defendant but its attorneys also represent other named Defendants in this matter; and (6) a hearing is warranted to satisfy Plaintiffs' due process rights, especially because they did not file this case *in forma pauperis*.

Plaintiffs' request for oral argument on Judge Gale's May 2, 2023 Show Cause Order is denied.  In this Order, Judge Gale directed Plaintiffs to show good cause in writing why he should not recommend dismissal of Defendants Yao, Moser, and Bassell for failure to timely serve.[15]  Plaintiffs responded to the Show Cause Order, and Judge Gale accepted their "response as sufficient for purposes of the Show Cause Order, without prejudice to right of Defendants to challenge the adequacy of service."[16]  As described later in this opinion, the Court need not reach service issues for these three Defendants, instead finding dismissal appropriate under Rule 12(b)(1) and (b)(6).  Therefore, it would not materially assist the Court to hear from the parties on the service issues identified in Judge Gale's Show Cause Order.

---

[14] Doc. 222.

[15] *See id.* at 15.

[16] Doc. 289.

6

The Court also denies Plaintiffs' request for oral argument on the motions to dismiss. There is no rule requiring a hearing on a motion to dismiss, and the manner in which the Court decides such a motion is largely within its discretion, subject to any requirements of the applicable statute.[17]  There is no requirement for a hearing under 42 U.S.C. §§ 1983 or 1985 when a motion to dismiss is filed.  Under the Court's local rule, it "*may* set any motion for oral argument or hearing at the request of a party or on its own initiative."[18]  Here, the Court determines that oral argument would not materially assist it in deciding the motions to dismiss. This case presents claims and defenses that the Court is able to understand and consider on the briefs alone—civil rights claims under §§ 1983 and 1985 are commonly presented to the Court, as are motions raising the defenses invoked by these Defendants.

Moreover, as the Court previously explained when ruling on Plaintiffs' motions to extend their deadlines to respond to the motions to dismiss, the grounds for dismissal cited in many of Defendants' motions are threshold jurisdictional issues that the Court should rule on promptly. Requiring the many named parties to coordinate their schedules and appear and argue motions that have been sufficiently briefed is decidedly not in the interest of judicial economy, and would not allow for a prompt ruling.

Nor does the Court find any basis to conduct a hearing on Plaintiffs' bare assertion that the Foulston Siefkin law firm has a conflict of interest.  As described below, Plaintiffs have failed to state a colorable claim against the law firm and present no evidence of a conflict that would disqualify attorneys from that firm from representing other Defendants in this matter.

---

[17] *See generally* 56 Am. Jur. 2d Motions, Rules, and Orders § 35 (2023).

[18] D. Kan. R. 7.2 (emphasis added).

Finally, there is no due process requirement for a hearing on these motions due to Plaintiffs not proceeding under the *in forma pauperis* statute. Although that statute contains a screening requirement, its purpose is to allow indigent plaintiffs relief from the filing fee in order to proceed with their lawsuits.[19] There is no authority that Plaintiffs' decision to pay the filing fee, rather than seek leave to proceed *in forma pauperis*, entitles them to any greater due process rights than Plaintiffs who proceed without paying the filing fee. Plaintiffs' motion for oral argument is therefore denied.

## IV.   Motions to Dismiss for Lack of Subject Matter Jurisdiction

The Court first addresses subject matter jurisdiction, a threshold defense raised by several Defendants that must be addressed before any merits-based issues.[20] Federal courts are courts of limited jurisdiction and must therefore have a statutory or constitutional basis for exercising jurisdiction.[21] The party seeking to invoke federal subject matter jurisdiction has the burden to establish that jurisdiction is proper,[22] and mere conclusory allegations of jurisdiction are not enough.[23] The Court addresses the following grounds for dismissal under Rule 12(b)(1) in turn: (1) lack of standing, (2) Eleventh Amendment immunity, and/or (3) lack of a plausible, arguable, and substantial federal claim.

### A.     Standing

---

[19] *See* 28 U.S.C. § 1915.

[20] *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

[21] *United States v. Hardage*, 58 F.3d 569, 574 (10th Cir. 1995).

[22] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

[23] *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

Article III of the Constitution permits federal courts to decide only "Cases" or "Controversies."[24]  Article III standing is jurisdictional; therefore, the party seeking federal jurisdiction bears the burden to establish standing.[25]  To establish Article III standing, Plaintiffs must adequately show that they have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."[26]

The following Defendants move to dismiss Plaintiffs' claims against them for lack of standing: Attorney General Kobach, Dr. Bassell, Dr. Grainger, Mayor Whipple, Dr. Stembridge, and D.A. Bennett.  They argue that Plaintiffs fail to meet the second and third prongs of the standing elements as to the claims alleged against them.  The Court agrees.

Plaintiffs allege past and continuing injuries in the Complaint.  As for their past injuries—medical care that they claim was experimental and abusive—there are no allegations in the Complaint linking the injuries with these named Defendants, and the Court cannot draw a reasonable inference from the facts alleged that Plaintiffs' past injuries are traceable to any of these Defendants.  As for the alleged continuing injury—failure to provide them with medical records—there are also no allegations linking the injury to these Defendants.  Plaintiffs do not allege, for example, that the medical records they seek are in these Defendants' possession.  Therefore, a favorable decision would not redress Plaintiffs' injuries.  In other words, even if the Court ordered Defendants to provide Plaintiffs with access to their confidential medical records, these Defendants could not comply with such an order.  Accordingly, Plaintiffs fail to establish

---

[24] U.S. Const. art. III, § 2; *see Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013).

[25] *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2207 (2021).

[26] *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citations omitted); *Kerr v. Polis*, 20 F.4th 686, 692 (10th Cir. 2021) (en banc) (citing *Lujan v. Def. of Wildlife*, 504 U.S. 555, 560–61 (1992)).

standing to sue Attorney General Kobach, Dr. Bassell, Dr. Grainger, Mayor Whipple, Dr. Stembridge, and D.A. Bennett, and the claims against them must be dismissed for lack of subject matter jurisdiction.

### B.     Eleventh Amendment Immunity

When a defendant raises Eleventh Amendment immunity in a motion to dismiss, it implicates this Court's subject matter jurisdiction and, thus, arises under Rule 12(b)(1).[27] "Sovereign immunity is the privilege of the sovereign not to be sued without its consent."[28] "The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress."[29]  Similarly, states and state agencies are generally immune from suit.[30]  When sovereign immunity applies, it deprives the court of subject matter jurisdiction, thereby shielding the government from suit.[31]  Sovereign immunity does not apply when a state waives its immunity, and in some circumstances Congress may abrogate states' sovereign immunity by appropriate legislation.[32]  "But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State."[33]  A valid waiver of sovereign immunity "cannot be implied but must be unequivocally expressed."[34]  Similarly, "Congress'

---

[27] *United States ex rel. Burlbaw v. Orenduff*, 548 F.3d 931, 942–44 (10th Cir. 2008).

[28] *Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253 (2011).

[29] *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983).

[30] *Va. Off. for Prot. & Advoc.*, 563 U.S. at 253 (citing *Alden v. Maine*, 527 U.S. 706, 713 (1999)).

[31] *Robbins v. U.S. Bureau of Land Mgmt.*, 438 F.3d 1074, 1080 (10th Cir. 2006).

[32] *Va. Off. for Prot. & Advoc.*, 563 U.S. at 253–54 (citations omitted).

[33] *Id.* at 254.

[34] *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. King*, 395 U.S. 1, 4 (1969)).

intent to abrogate the States' immunity from suit must be obvious from 'a clear legislative statement.'"[35]

### 1.    Federal Defendants

As this Court discussed above, it liberally construes Plaintiffs' claims against the federal Defendants under both § 1983 and *Bivens*.  *Bivens* does not extend to federal agencies such as DOJ and HHS.[36]  And a *Bivens* claim can only be asserted against federal officials in their individual capacities; it cannot be asserted against the United States or federal officials in their official capacities.[37]  Therefore, if construed as *Bivens* claims, the official-capacity claims against the federal Defendants must be dismissed as not cognizable.

If the Court construes Plaintiffs as asserting an official-capacity claim against the United States under either § 1983 or *Bivens*, it is immune from suit because neither the United States nor the named federal agencies have waived sovereign immunity for the claims asserted by Plaintiffs here.[38]  Moreover, §§ 1983 and 1985 apply to state actors only; they do not waive sovereign immunity for suits against the United States.[39]  Therefore, Plaintiffs' official-capacity claims against the federal agencies and officials named in this suit must be dismissed either as not cognizable or for lack of jurisdiction.  These Defendants include the DOJ and HHS, as well as

---

[35] *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55 (1996) (quoting *Blatchford v. Native Vill. of Noatak & Circle Vill.*, 501 U.S. 775, 786 (1991)).

[36] *FDIC v. Meyer*, 510 U.S. 471, 484–85 (1994).

[37] *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009).

[38] *See Kelly v. Wilson*, 426 F. App'x 629, 633 (10th Cir. 2011).

[39] *Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000); *Persons v. Runyon*, 998 F. Supp. 1166, 1173 (D. Kan. 1998).  Moreover, general jurisdiction statutes like 28 U.S.C. § 1331 do not waive sovereign immunity. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015).

Attorney General Garland, Secretary Becerra, AUSA Slinkard, and Judge Melgren in their official capacities.[40]

## 2.    State Defendants

Pleading a claim against a government official "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent."[41]  Therefore, the official-capacity claims alleged against the State officials here are another way of pleading an action against the state agency for which they are employed.  "Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it . . . a State cannot be sued directly in its own name regardless of the relief sought."[42]  Sovereign immunity thus "bars suits for money damages against states, state agencies, and state officers in their official capacities."[43]  The Tenth Circuit has explained that "[t]he arm-of-the-state doctrine bestows immunity on entities created by state governments that operate as alter egos or instrumentalities of the states."[44]

Because there has been no waiver or valid abrogation by the State of Kansas for claims under §§ 1983 and 1985, the Court must dismiss the following Defendants for lack of subject matter jurisdiction: KDHE, KU School of Medicine, the Kansas Insurance Department, and

---

[40] The Complaint alleges that Judge Melgren "is a former Kansas U.S. Attorney years 2002–2008.  He was a partner at the law firm Foulston Siefkin and a United Way of the Plains board member 2002–2003."  Doc. 1 ¶ 8.  But Plaintiffs do not specify in what "official capacity" they seek to hold Judge Melgren liable.  To the extent Plaintiffs seek to hold him liable in his official capacity as a former U.S. Attorney, such a claim is not cognizable under *Bivens*.  To the extent they assert an official-capacity claim under § 1983 against him based on his prior association with the Foulston Siefkin law firm, it would be subject to dismissal under Rule 12(b)(6), for the reasons explained later in this opinion.

[41] *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)).

[42] *Id.* at 167 n.14 (citing *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam)).

[43] *Chilcoat v. San Juan County*, 41 F.4th 1196, 1213–14 (10th Cir. 2022), *cert. denied*, 143 S. Ct. 1748 (2023).

[44] *Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000) (quoting *Watson v. Univ. of Utah Med. Ctr.*, 75 F.3d 569, 574 (10th Cir. 1996)).  The Fund is not an arm of the state, *Dutta v. Todd*, 825 F. Supp. 939, 942 (D. Kan. 1993), and is therefore not entitled to Eleventh Amendment immunity.

Kansas Homeland Security.[45]  The Court also dismisses the official-capacity claims against the following Defendants: Dr. Bassell, Dr. Moser, Stanek, Dr. Pezzino, Dr. Minns, Schmidt, Weishaar, Dr. Kallemeyn, Dr. Stork-Fury, Dr. Yao, Dr. Dismuke, and Attorney General Kobach.[46]

### 3. *Ex Parte Young* Exception

The Supreme Court in *Ex parte Young* carved out an exception to sovereign immunity where a plaintiff seeks prospective declaratory and injunctive relief for continuing violations of federal law by the State.[47]  To determine whether the *Ex parte Young* exception applies, this Court "need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective."[48] Almost all of Plaintiff's claims in this case identify prior, discrete incidents of alleged wrongdoing in 2003 through 2008.[49]  "*Ex parte Young* 'may not be used to obtain a declaration that a state officer has violated a plaintiff's federal rights in the past.'"[50]

---

[45] *See, e.g., Milsap v. Kan. Dep't of Health & Env't*, No. 22-4050-JWB, 2023 WL 3002444, at *3 (D. Kan. Apr. 19, 2023) (finding KDHE is an arm of the state); *Holt ex rel. Holt v. Wesley Med. Ctr., LLC*, No. 00-1318-JAR, 2002 WL 1067677, at *1–5 (D. Kan. Mar. 27, 2002) (examining relevant factors and concluding that KU School of Medicine is entitled to Eleventh Amendment immunity), *clarified on other grounds*, 2002 WL 1354710 (D. Kan. May 23, 2002).

[46] Plaintiffs allege that Kobach is the Kansas Attorney General, and also "a former Counsel to former U.S. Attorney General John Ashcroft during bioterrorism preparedness." Doc. 1 ¶ 9.  Whether Plaintiffs allege an official-capacity claim against him based on his actions as a former federal official, or in his current role as a state official, they are subject to Eleventh Amendment immunity.

Plaintiffs allege that Dr. Dismuke was the 2002–2003 Dean of KU School of Medicine, and on the Board of Directors for the Wichita Center for Graduate Medical Education.  To the extent the official-capacity claims are alleged against him in his role as Dean of the KU School of Medicine, the Eleventh Amendment bars that claim.  To the extent the claim is alleged against him based on his role with the Wichita Center for Graduate Medical Education, it is dismissed under Rule 12(b)(6) as discussed later in this opinion.

[47] 209 U.S. 123 (1908); *see Chilcoat*, 41 F.4th at 1213–14 (citations omitted).

[48] *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 (10th Cir. 2012) (quoting *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)).

[49] *See Chilcoat*, 41 F.4th at 1215 (finding no prospective relief sought where the plaintiff used past tense throughout the complaint).

[50] *Id.* (quoting *Collins v. Daniels*, 916 F.3d 1302, 1316 (10th Cir. 2019)).

The only violation alleged in the Complaint for which Plaintiffs seek prospective relief is their contention that their medical records have been and continue to be wrongfully withheld. Plaintiffs ask the Court to require Defendants to produce those records so Plaintiffs can use them for insurance purposes and to obtain public assistance. The Complaint attaches several medical records from the incidents discussed in the Complaint, some of which contain "Confidential" designations. Plaintiffs do not identify which medical records presently are being withheld. Moreover, Plaintiffs have not alleged facts that allow the Court to reasonably infer that any of the state or federal parties named in the Complaint maintain these records and have the power to produce them to Plaintiffs since the incidents discussed in the Complaint took place at private hospitals. Therefore, the *Ex Parte Young* exception to Eleventh Amendment immunity does not apply to the claims against the named state and federal actors.

## C.     Insubstantial Federal Claims

Plaintiffs invoke this Court's jurisdiction under 28 U.S.C. § 1331 for cases "arising under the Constitution, laws, or treaties of the United States," and § 1343 for cases involving certain civil rights allegations. Generally, "the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.*, the courts' statutory or constitutional *power* to adjudicate the case."[51] However, if the claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous," the Court must dismiss for lack of subject matter jurisdiction.[52] Dismissal on this basis is only appropriate "when the claim is 'so insubstantial, implausible,

---

[51] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998).

[52] *Id.* (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946)).

foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'"[53]

The Tenth Circuit has described the district court's task in reviewing substantiality "difficult . . . especially . . . in cases, such as this one, that are brought by pro se litigants who may lack the legal training necessary to allege any more than facts sufficient to describe his or her alleged injury."[54]  When reviewing a complaint for a substantial federal question, the Court must be careful to "look to the pleader's purpose for the suit."[55]  "Under 28 U.S.C. § 1331, federal question jurisdiction must appear on the face of a plaintiff's well-pleaded complaint.  The complaint must identify the statutory or constitutional provision under which the claim arises and allege sufficient facts to show that the case is one arising under federal law."[56]

Some courts have found complaints with allegations analogous to Plaintiffs' claims in this case to be so frivolous and implausible that they do not support subject matter jurisdiction.[57]  While the Court agrees with Defendants that Plaintiffs' allegations of government-sponsored experiments and conspiracies are similar in some respects to these cases, under the liberal construction that applies to Plaintiffs' *pro se* claims, this Court concludes it should exercise jurisdiction and reach the merits.  Plaintiffs' clearly intended to allege facts in support of claims that their constitutional rights were violated.  They cited with specificity 42 U.S.C. §§ 1983 and

---

[53] *Id.* (quoting *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666 (1974)).

[54] *Coando v. Coastal Oil & Gas Corp.*, 44 F. App'x 389, 395 (10th Cir. 2002).

[55] *Id.* (citing *Bell*, 327 U.S. at 681–82).

[56] *Id.* (quoting *Martinez v. United States Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986)).

[57] *See, e.g.*, *Goode v. Zavodnick*, No. 20-CV-00742, 2023 WL 3568126, at *8 (D. Colo. Feb. 17, 2023) (adopting magistrate judge's report and recommendation to dismiss for lack of jurisdiction as wholly insubstantial and frivolous human trafficking claims that included allegations of mind control); *Tarshik v. Kansas*, No. 08-4058-SAC, 2008 WL 4489789, at *1, 7 (D. Kan. Sept. 30, 2008) (finding no substantial federal question presented by a *pro se* complaint that included allegations of poisoning by an unidentified organized crime syndicate, physical and emotional torture from organized crime's mind bugging, and health care providers' misdiagnoses and failure to detect poisoning), *aff'd*, 327 F. App'x 56 (10th Cir. 2009).

1985, and they identified the constitutional provisions that were violated.[58]  Constitutional claims such as those alleged by Plaintiffs are matters of federal concern that confer jurisdiction on this Court.  As described later in this opinion, the merits-based infirmities identified by Defendants as supporting dismissal under the substantial federal question doctrine are more appropriately addressed in the context of their motions to dismiss for failure to state a claim.  Therefore, the Court denies Defendants' motion to dismiss on this ground.

## V.    Insufficient Service of Process

Defendants Kallemeyn, Stork-Fury, Bassell, and Kobach move to dismiss under Rule 12(b)(5) for insufficient service of process.  The Court has already dismissed Dr. Bassell and Attorney General Kobach for lack of subject matter jurisdiction, so the Court need only address Dr. Kallemeyn's and Dr. Stork-Fury's motions to dismiss for insufficient service.  Plaintiffs must validly serve process on a defendant under Fed. R. Civ. P. 4 before the Court can exercise personal jurisdiction.[59]  "Plaintiff bears the burden to prove valid service."[60]  In ruling on a Rule 12(b)(5) motion to dismiss, "[t]he parties may submit affidavits and other documentary evidence for the Court's consideration, and plaintiff is entitled to the benefit of any factual doubt."[61]  "A pro se plaintiff still must comply with Rule 4 and Kansas law for service of process."[62]

---

[58] *See Tarshik*, 2008 WL 4489789, at *6 ("Plaintiff's complaint additionally makes multiple references to violations of his civil rights, but it does not cite to any section of the Constitution of the United States or statute of the United States which defendants allegedly violated.").

[59] *Wanjiku v. Johnson County*, 173 F. Supp. 3d 1217, 1223 (D. Kan. 2016) (citations omitted).

[60] *Id.* (citing *Oltremari ex rel. McDaniel v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1349 (D. Kan. 1994)).

[61] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008).

[62] *Wanjiku*, 173 F. Supp. 3d at 1228 (citing *Oltremari*, 871 F. Supp. at 1350).

### A.     Kallemeyn

Plaintiffs allege that Dr. Kallemeyn was a "2003 Medical Student at KU School of Medicine-Wichita Ob/GYN Program."[63]  Plaintiffs served Dr. Kallemeyn at the address listed in the Complaint—a medical clinic in Sioux Falls, South Dakota.  The summons return and attached receipt show that summons was delivered by UPS on February 16, 2023, to the McGreevy Clinic in Sioux Falls.[64]

Dr. Kallemeyn argues that service on her was insufficient because neither Fed. R. Civ. P. 4 nor state law permits service in the first instance on an individual at her business address.  Under Rule 4(e)(1), an individual can be served by following state law for either the state where the district court is located, or the state where service is made.  Alternatively, the plaintiff can follow Rule 4(e)(2) by:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Plaintiffs' service on Dr. Kallemeyn did not comply with Rule 4(e)(2) because they neither served her personally, nor left a copy of the summons and Complaint at her dwelling or usual place of abode, nor delivered summons and the Complaint to an authorized agent.  Plaintiffs also did not comply with Kansas law, which required them to first serve her at her "place of abode," and "file a return of service stating that the return receipt delivery to the

---

[63] Doc. 1 ¶ 38.

[64] Doc. 77.

individual at the individual's . . . place of abode was refused or unclaimed."[65]  There is no
evidence that Plaintiffs tried to serve Dr. Kallemeyn at her place of abode, nor did they file a
return showing that such service was refused.  Therefore, Plaintiffs did not comply with Kansas
law.

Likewise, Plaintiffs did not comply with South Dakota Codified Laws ("SDCL"), which
requires service to be made "to the defendant personally,"[66] but can also be made by "mailing a
copy of the summons, two copies of the notice and admission of service, conforming
substantially to the form provided for in § 15-6-4(j), and a return envelope, postage prepaid,
addressed to the sender."[67]  There is no evidence that Plaintiffs complied with the requirements
in SDCL § 15-6-4(i) when they served Kallemeyn by mail because there is no admission of
service attached to the summons return filed with the Court.

Plaintiffs argue that Dr. Kallemeyn's personal address was not in the public record, so
they had no choice but to serve her at her place of business.  But state law sets forth specific
procedures for service, and Plaintiffs—despite their *pro se* status—are required to comply with
these procedures.  Also, Kansas law sets forth a procedure in K.S.A. § 60-304 that applies when
a defendant's address is unknown.  That statute requires the plaintiff to file an affidavit or
declaration stating that the defendant's place of residence is unknown to the best of her
knowledge, and then request that the sheriff or other authorized person serve the defendant.[68]

Nonetheless, under both Kansas and South Dakota law, Plaintiffs may be able to
demonstrate substantial compliance with any method of service.  Under Kansas law, the Court

---

[65] K.S.A. § 60-304(a).

[66] SDCL § 15-6-4(d)(8).

[67] *Id.* § 15-6-4(i).

[68] K.S.A. § 60-304(h).

can find substantial compliance if "the party served was made aware that an action or proceeding was pending in a specified court that might affect the party or the party's status or property."[69] Kansas case law defines substantial compliance as "compliance in respect to the essential matters necessary to assure every reasonable objective of the statute."[70]  Under South Dakota law, the Court can find substantial compliance if there has been "actual compliance in respect to the substance essential to every reasonable objective of the statute.  It means that a court should determine whether the statute has been followed sufficiently so as to carry out the intent for which it was adopted."[71]

The Court cannot find that Plaintiffs substantially complied with either state's service rules in this case.  Plaintiffs did not follow the first two prerequisites for service by mail under Kansas law—attempting residential service and filing a return indicating that residential service was refused or unclaimed.  Although Plaintiffs could have served Dr. Kallemeyn by mail with return receipt delivery if it was addressed to her at her residence, Kansas law does not permit service by mail at her business address without first attempting residential service.  Moreover, Plaintiffs' inability to locate her residential address does "not alleviate plaintiff's burden to show valid service."[72]  Plaintiffs' failure to satisfy the prerequisites to service by mail demonstrates that the reasonable objectives of the Kansas statute were not met.

In addition, the fact that Dr. Kallemeyn was made aware of this lawsuit, and therefore appeared and defended does not, standing alone, mean that Plaintiffs substantially complied.  In

---

[69] *Is.* § 60-204.

[70] *Fisher v. DeCarvalho*, 314 P.3d 214, 219–20 (Kan. 2013) (quoting *Myers v. Bd. of Cnty. Comm'rs of Jackson Cnty.*, 127 P.3d 319, 323 (Kan. 2006)).

[71] *R.B.O. v. Priests of Sacred Heart*, 807 N.W.2d 808, 812 (S.D. 2011) (quoting *Wagner v. Truesdell*, 574 N.W.2d 627, 629 (S.D. 1998)).

[72] *Wanjiku v. Johnson County*, 173 F. Supp. 3d 1217, 1229 (D. Kan. 2016).

order to find substantial compliance, Dr. Kallemeyn's knowledge about this lawsuit must have come from Plaintiffs' incorrect service attempt.[73]  There is no evidence that Plaintiffs' insufficient service was the source of her learning about this lawsuit.

Similarly, the Court cannot find substantial compliance under South Dakota law.  The objective of the statute is to advise a party that a lawsuit has been commenced and warn them to appear and respond.[74]  Under South Dakota law, "[s]imply placing the summons and complaint in the mail under SDCL 15-6-4(i) does not notify or warn a defendant of proceedings against him."[75]  Instead, an action is considered commenced when the defendant signs the admission of service that is mailed along with the summons and complaint.[76]  Given this rule, the Court cannot find that Plaintiffs' service by mail sufficiently complied with the statute "so as to carry out the intent for which it was adopted."[77]  Therefore, Plaintiff did not substantially comply with South Dakota's service rules.

In sum, Plaintiffs have failed to make out a prima facie case of valid service on Dr. Kallemeyn.

### B.     Stork-Fury

Like Dr. Kallemeyn, Plaintiffs allege that Dr. Stork-Fury was a "2003 Medical Student at KU School of Medicine-Wichita Ob/GYN Program."[78]  Plaintiffs served Dr. Stork Fury at an address on East 2nd Street in Wichita, Kansas, which she represents in her motion is the address

---

[73] *Id.* at 1230; *see also Taylor v. Target Distrib.*, No. 21-4016-EFM, 2022 WL 444109, at *3 (D. Kan. Feb. 14, 2022) ("[A] defendant's independent acquisition of actual knowledge of the suit is not determinative.").

[74] *Rush v. Rush*, 866 N.W.2d 556, 560 (S.D. 2015).

[75] *Id.*

[76] *Id.*

[77] *R.B.O. v. Priests of Sacred Heart*, 807 N.W.2d 808, 812 (S.D. 2011) (quoting *Wagner v. Truesdell*, 574 N.W.2d 627, 629 (S.D. 1998)).

[78] Doc. 1 ¶ 37.

for her medical practice. The summons to Dr. Stork-Fury and attached receipt were returned and filed with the Court on March 15, 2023,[79] showing that they were hand-delivered by Darrell Davis to Ashley Roberts at the 2nd Street address in Wichita.

Plaintiffs' service on Dr. Stork-Fury did not comply with Rule 4(e)(1), and did not strictly comply with Kansas law. Plaintiffs did not personally serve Dr. Stork-Fury at her business address, and there is no evidence that Roberts was an agent authorized to receive service on her behalf. Plaintiffs did not attempt residential service on Dr. Stork-Fury before hand-delivering service to her business. And even if they had attempted to serve Dr. Stork-Fury first at her residence, personal service on another person at her place of business does not suffice under Kansas law.[80] There is no indication in the record that Dr. Stork-Fury was ever actually served—the summons and Complaint were hand-delivered to a person who is not her authorized agent. Like with Dr. Kallemeyn, the fact that Dr. Stork-Fury's address was not a matter of public record does not mean that Plaintiffs can circumvent the service rules, nor does it allow them to claim substantial compliance. Accordingly, Plaintiffs have failed to make out a prima facie case of valid service on Dr. Stork-Fury.

### C.      Remedy

Having concluded that Plaintiffs failed to validly serve Kallemeyn and Stork-Fury, it now must determine whether a permissive extension of time to serve them is warranted. Fed. R. Civ. P. 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the

---

[79] Doc. 151.

[80] K.S.A. §§ 60-303(d)(A) ("Personal service is effected by delivering or offering to deliver a copy of the process and petition or other document to the person to be served."); 60-304(a) ("[S]ervice of process under this article must be made as follows: (a) On an individual other than a minor or a disabled person, by serving the individual or by serving an agent authorized by appointment or by law to receive service of process.").

> plaintiff—must dismiss the action without prejudice against that
> defendant or order that service be made within a specified time.
> But if the plaintiff shows good cause for the failure, the court must
> extend the time for service for an appropriate period.

The Court declines to exercise its discretion to extend the time for Plaintiffs to correctly serve these Defendants because even if Plaintiffs perfect service, the claims against them would be subject to dismissal under Rule 12(b)(6) for the reasons described in the following section.[81]

## VI.    Failure to State a Claim

### A.    Standard

To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[82]  The plausibility standard does not require a showing of probability that a defendant has acted unlawfully, but it requires more than "a sheer possibility."[83]  "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[84]  Finally, the Court must accept the plaintiff's factual allegations as true, view those facts in the light most favorable to the plaintiff, and assess whether they give rise to a reasonable inference that the defendant is liable in light of the applicable law.[85]

---

[81] *See Wanjiku v. Johnson County*, 173 F. Supp. 3d 1217, 1232 (D. Kan. 2016) (declining to extend time for service where the complaint was subject to dismissal under Rule 12(b)(6)); *Wilkins v. Chrisman*, 665 F. App'x 681, 683–84 (10th Cir. 2016) (affirming district court's dismissal for failure to state claim, even though it also found insufficient service).

[82] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[83] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[84] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[85] *See Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).

The Supreme Court has explained the analysis as a two-step process. For the purposes of a motion to dismiss, the court "must take all of the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[86] Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[87] Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[88] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[89]

### B.     Discussion

Liberally construing the Complaint, Plaintiffs purport to bring official- and individual-capacity claims under § 1983 and *Bivens* against a multitude of Defendants. They also allege a conspiracy claim under § 1985. The following Defendants move for dismissal under Rule 12(b)(6) in their individual and official capacities: Dr. Burry, Central Plains Health Care Partnership, Medical Society of Sedgwick County, Children's Mercy Hospital, Foulston Siefkin LLP, Dr. Goodpasture, Dr. Kenagy, Klenda Mitchell Austerman Zuercher LLC, Sedgwick County Board of County Commissioner, Dr. Spade, Dr. Wesbrook, Wesley, Wichita Center for Graduate Medical Education, Inc., City of Wichita City Counsel, and the Wichita Clinic, P.A. The following Defendants have already been dismissed for lack of subject matter jurisdiction in their official capacities, and move for dismissal under Rule 12(b)(6) in their individual

---

[86] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

[87] *Id.* at 678−79.

[88] *Id.* at 679.

[89] *Id.* at 678.

capacities: Secretary Becerra, Attorney General Garland, AUSA Slinkard, Judge Melgren, Dr.

Dismuke, Dr. Minns, Dr. Moser, Dr. Pezzino, Schmidt, Schultz, Stanek, Dr. Stork-Fury, Dr.

Kallemeyn, and Weishaar.  The Court first addresses in turn (1) Defendants' arguments specific

to Plaintiffs' § 1983 and *Bivens* claims; (2) the conspiracy claim under § 1985(3); and (3) the

statute of limitations defense.  Because the Court finds all remaining Defendants are subject to

dismissal on these grounds, it need not consider the qualified immunity defense raised by some

of the Defendants in their motions to dismiss.

1.     <u>42 U.S.C. § 1983</u> and *Bivens* Claims

To state a claim for relief under § 1983, Plaintiff must allege "(1) deprivation of a

federally protected right by (2) an actor acting under color of state law."[90]  Under both § 1983

and *Bivens*, the elements of the violation vary depending on the constitutional provision at

issue.[91]  But for both types of claims, Plaintiffs must allege "personal participation in the

specific constitutional violation complained of,"[92] because § 1983 and *Bivens* impose liability for

a defendant's "own individual actions."[93]  The Court considers the following grounds for

dismissal under Rule 12(b)(6) raised by the remaining Defendants on these claims in turn: (1)

lack of state action; (2) lack of personal participation; and (3) failure to state a claim for

municipal liability.

---

[90] *VDARE Found. v. City of Colorado Springs*, <u>11 F.4th 1151, 1160</u> (10th Cir. 2021) (quoting *Schaffer v. Salt Lake City Corp.*, <u>814 F.3d 1151, 1155</u> (10th Cir. 2016)).

[91] *Pahls v. Thomas*, <u>718 F.3d 1210, 1225</u> (10th Cir. 2013) (citations omitted).

[92] *Henry v. Storey*, <u>658 F.3d 1235, 1241</u> (10th Cir. 2011); *see also Foote v. Spiegel*, <u>118 F.3d 1416, 1423</u>–24 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." (citation omitted)).

[93] *Pahls*, <u>718 F.3d at 1225</u> (quoting *Ashcroft v. Iqbal*, <u>556 U.S. 662, 676</u> (2009)).

a.     **Under Color of State Law**

Plaintiffs name several private entities as Defendants in this matter. They also name several individual Defendants who are employees of private entities. These Defendants argue that they cannot be liable under § 1983 because they did not act under color of state law. "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'"[94] To determine if Plaintiffs can hold private actors accountable for constitutional violations as state actors, the Court must determine "whether the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State.'"[95]

Plaintiffs argue that the private parties named as Defendants in this matter "joined public officials in violating their" constitutional rights.[96] But they do not allege facts to support this conclusory statement. To satisfy the so-called "joint action test" for determining state action, the private party must be "a willful participant in joint action with the State or its agents."[97] There are no facts in the Complaint that give rise to a plausible inference that the private Defendants acted in concert with the State to violate Plaintiffs' constitutional rights.

The hospitals named in the Complaint are not public or municipal hospitals. "Unlike public hospitals, courts have consistently held that decisions made or actions taken by private hospitals do not typically amount to state action."[98] Likewise, the doctors employed by these

---

[94] *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)).

[95] *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1235 (10th Cir. 2020) (quoting *Wasatch Equal. v. Alta Ski Lifts Co.*, 820 F.3d 381, 387 (10th Cir. 2016)).

[96] *See, e.g.*, Doc. 274 at 11.

[97] *Barnett*, 956 F.3d at 1235 (quoting *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1453 (10th Cir. 1995)).

[98] *Bradley v. Health Midwest, Inc.*, 203 F. Supp. 2d 1254, 1257 (D. Kan. 2002) (collecting cases).

private hospitals are not public employees and there is no nonconclusory allegation they worked in tandem with state actors to violate Plaintiffs' constitutional rights.

Plaintiffs also suggest that the private hospitals and hospital-employees named in the Complaint should be considered state actors because of the many federal and state laws that govern hospitals and healthcare workers.  But the mere fact that a hospital is subject to federal and state laws and regulations does not make it a state actor.[99]  Hospitals will only be considered state actors where they are public, which requires an examination of "the structure of the entity and its relationship to a governmental unit."[100]  Plaintiffs offer no facts about the private hospitals named in the Complaint that would allow the Court to infer they are public.

Additionally, Plaintiffs' conclusory allegations of a conspiracy do not support the state action element of their § 1983 claim.  In order to demonstrate state action by way of a conspiracy, "the plaintiff must specifically plead 'facts tending to show agreement and concerted action.'"[101]  To hold federal officers liable under § 1983 based on joint action, Plaintiffs must allege facts demonstrating "that federal and state actors shared a 'common, unconstitutional goal,' or point to a 'substantial degree of cooperative action' or 'overt and significant state participation.'"[102]  Again, Plaintiffs do not set forth any facts demonstrating that federal, state, and private actors entered into an agreement to violate Plaintiffs' constitutional rights, engaged

---

[99] *Mikita v. Salina Reg'l Health Ctr., Inc.*, No. 07-1018-JTM, 2007 WL 1240244, *1 (D. Kan. Apr. 27, 2007) (citing *Ward v. St. Anthony Hospital*, 476 F.2d 671 (10th Cir. 1973)) ("[P]rivate hospitals do not become state actors within the meaning of § 1983 by the mere facts that they may receive governmental aid, are subject to governmental regulations, and may even benefit from a local monopoly.").

[100] *Milo v. Cushing Mun. Hosp.*, 861 F.2d 1194, 1196 (10th Cir. 1988) (citing *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 723–24 (1961)).

[101] *Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005) (quoting *Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir.1983)).

[102] *Big Cats of Serenity Springs, Inc. v. Rhodes*, 843 F.3d 853, 870 (10th Cir. 2016) (quoting *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1157 (10th Cir. 2016)).

in a substantial degree of cooperative action, or that the federal or private actors engaged in overt or significant state participation.  Plaintiffs assert in response briefs that there was joint action, but that allegation is conclusory and does not appear in the Complaint itself.

Therefore, the Court grants Defendants' motions to dismiss the following Defendants because there are insufficient allegations that they acted under color of state law: Wichita Clinic, P.A., Dr. Kenagy, Children's Mercy Hospital, Dr. Burry, Dr. Goodpasture, Klenda Mitchell Austerman Zuercher LLC, Foulston Siefkin LLP, Central Plains Health Care Partnership, Medical Society of Sedgwick County, Wesley, Dr. Wesbrook, Dr. Spade, Dr. Dismuke, Secretary Becerra, Attorney General Garland, AUSA Slinkard, and Judge Melgren.

### b.    Personal Participation

The personal participation requirement for § 1983 and *Bivens* claims "is particularly important" when the plaintiff names multiple defendants, such as in this case.[103]  "When various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights 'were violated' will not suffice.  Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that 'defendants' infringed his rights."[104]  Even in the case of supervisory liability, the plaintiff must at least "identify the specific policies over which particular defendants possessed responsibility and that led to the alleged constitutional violation."[105]

The factual allegations in the Complaint only specifically reference a few of the 43 named Defendants.  Otherwise, Plaintiffs' Complaint uses the collective "Defendants" or "public

---

[103] *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013) (quoting *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir.2011)).

[104] *Id.* at 1225–26.

[105] *Id.* at 1226.

officials" to describe the actions taken against them for which they seek relief. Some Defendants are named solely because they conduct business with other Defendants.[106] This is insufficient to state a claim under § 1983 and *Bivens*.

The only Defendants specifically referenced in the Complaint's factual allegations are the KU School of Medicine, the Sedgwick County Board of County Commissioners, KDHE, Wichita Clinic, PA, Dr. Wesbrook, Wesley, Dr. Stork-Fury, Dr. Yao, and Children's Mercy Hospital. There are no facts alleged in the Complaint that would allow the Court to infer that any of the other Defendants named by Plaintiffs personally participated, or possessed responsibility over policies that led to the alleged constitutional violations. Therefore, the individual-capacity claims against all Defendants not specifically referenced in Plaintiffs' factual allegations, i.e. all Defendants except those listed above, must be dismissed for failure to allege personal participation.

### c.    Municipal Liability

Plaintiffs assert claims against the Sedgwick County Board of County Commissioners and the Wichita City Counsel's Office. The Supreme Court has made clear that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents."[107] "[I]n other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."[108] Instead, "the government as an entity" may be held liable only "when execution of a government's policy or custom, whether made by its lawmakers or by those

---

[106] *See* Doc. 1 ¶¶ 41–42.

[107] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

[108] *Id.* at 691; *see also Jenkins v. Wood*, 81 F.3d 988, 993 (10th Cir. 1996) ("A municipality may not be held liable under 42 U.S.C. § 1983 simply because it employs a person who violated a plaintiff's federally protected rights." (citing *Monell*, 436 U.S. at 694)).

whose edicts or acts may fairly be said to represent official policy, inflicts the injury."[109]  To

plead municipal liability, a plaintiff must allege "the existence of a municipal policy or custom,

and . . . that there is a direct causal link between the policy or custom and the injury alleged."[110]

In short, a plaintiff must adequately allege "(1) that a municipal employee committed a

constitutional violation, and (2) that a municipal policy or custom was the moving force behind

the constitutional deprivation."[111]

Plaintiffs include no specific allegations regarding the City of Wichita or its City

Counselor.  Likewise, there are no facts pled that any County or City employee committed a

constitutional violation.  As for Sedgwick County, Plaintiffs allege that the Board of County

Commissioners approved an agreement in 2002 with KU School of Medicine "to provide

infectious disease control consultative program," and with KDHE to implement "bioterrorism

planning and preparedness."[112]  But Plaintiffs provide no nonconclusory facts linking these

programs to their injuries.  Thus, Plaintiffs fail to allege sufficient facts to state a claim against

the Sedgwick County Board of County Commissioners and the Wichita City Counselor, and

Plaintiffs' municipal claims against these Defendants are dismissed.

### 2.    Conspiracy Under 42 U.S.C. § 1985(3)

Plaintiffs allege a claim against Defendants for conspiracy under 42 U.S.C. § 1985,

which the Court construes as a claim under subsection (3) of the statute for conspiracies that

deprive a person of certain rights or privileges:

---

[109] *Monell*, 436 U.S. at 694.

[110] *Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010) (quoting *Hinton v City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993)).

[111] *Myers v. Okla. Cnty. Bd. of Cnty. Commr's*, 151 F.3d 1313, 1316 (10th Cir. 1998) (citing *Monell*, 436 U.S. at 694).

[112] Doc. 1 ¶¶ 51–52.

29

> If two or more persons . . . conspire . . . for the purpose of
> depriving, either directly or indirectly, any person or class of
> persons of the equal protection of the laws, or of equal privileges
> and immunities under the laws; . . . or cause to be done, any act in
> furtherance of the object of such conspiracy, . . . the party so
> injured or deprived may have an action for the recovery of
> damages . . . . [113]

The elements of a cause of action under this provision are: "(1) a conspiracy; (2) to deprive

plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the

conspiracy; and (4) an injury or deprivation resulting therefrom."[114]  Although this claim can

cover conspiracies involving private actors, "there must be some racial, or perhaps otherwise

class-based, invidiously discriminatory animus behind the conspirators' action."[115]  Plaintiffs fail

to allege any racial or class-based invidiously discriminatory animus behind Defendants'

conduct.  Plaintiffs also fail to allege anything more than conclusory allegations to support the

other elements of this claim.  Therefore, Plaintiffs fail to state a claim under § 1985(3).

### 3.    Statute of Limitations

Many of the Defendants move to dismiss Plaintiffs' claims as barred by the statute of

limitations.  Although generally an affirmative defense, a court may resolve statute-of-limitations

questions on a Rule 12(b)(6) motion to dismiss "[w]hen a complaint shows on its face that the

applicable statute of limitations has expired."[116]

Plaintiffs assert that there is no statute of limitations for claims under §§ 1983 and 1985.

While Plaintiffs are correct that Congress has not enacted a statute of limitations for these causes

---

[113] 42 U.S.C. § 1985(3).

[114] *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102–03 (1971)).

[115] *Griffin*, 403 U.S. at 102; *see also United Bhd. of Carpenters & Joiners of Am. v. Scott*, 463 U.S. 825, 838 (1983) (holding that § 1985(3) does not apply to "conspiracies motivated by economic or commercial animus").

[116] *Barnett v. Corr. Corp. of Am.*, 441 F. App'x 600, 601 (10th Cir. 2011) (citing *Frederick v. Oklahoma*, 42 F.3d 1406, 1406 (10th Cir.1994)).

of action, federal courts apply the forum state's statute of limitations for personal injury actions to claims asserted under §§ 1983, 1985, and *Bivens*.[117]   State law also governs questions of tolling, unless state tolling rules would "defeat the goals" of § 1983.[118]   Federal law, however, determines when § 1983 claims accrue.[119]

In Kansas, the statute of limitations for personal injury actions is two years.[120]   Under federal law, § 1983 claims generally accrue "when the plaintiff knows or has reason to know of the injury which is the basis of the action."[121]   "[I]t is not necessary that a claimant know all of the evidence ultimately relied on for the cause of action to accrue,"[122] and "[t]he cause of action accrues even though the full extent of the injury is not then known or predictable."[123]

 Plaintiffs filed their Complaint January 23, 2023; therefore, their claims must have accrued by January 23, 2021.  Plaintiffs' earliest claims are based on discrete conduct by certain Defendants when Carla Davis gave birth in 2003 at Wesley.  Plaintiffs allege that Carla Davis was denied her hospital of choice and that she was violently assaulted during her hospitalization—this conduct caused Plaintiff injuries she had reason to know of when they occurred.  The most recent event giving rise to the claims in this case are alleged to have occurred in 2008, when Jalen Davis was treated at Children's Mercy Hospital and there was a

---

[117] *Id.*; *see also Lyons v. Kyner*, 367 F. App'x 878, 881–82 (10th Cir. 2010) (§§ 1983 and 1985(3)); *Wanjiku v. Johnson County*, 173 F. Supp. 3d 1217, 1232 (D. Kan. 2016) (§ 1985 and *Bivens*).

[118] *Hardin v. Straub*, 490 U.S. 536, 539 (1989).

[119] *McDonough v. Smith*, 139 S. Ct. 2149, 2155 (2019) (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)).

[120] K.S.A § 60-513(a)(4).

[121] *Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005) (quoting *Baker v. Bd. of Regents*, 991 F.2d 628, 632 (10th Cir. 1993)).

[122] *Baker*, 991 F.2d at 632 (citing *Blumberg v. HCA Mgmt. Co.*, 848 F.2d 642, 645 (5th Cir. 1988)).

[123] *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1216 (10th Cir. 2014) (alteration omitted) (quoting *Wallace*, 549 U.S. at 391).

State investigation into neglect.  Again, Carla Davis had reason to know of the injuries involved in this treatment at the time they occurred given that they involved a blood draw and a social worker allegedly abducting Jalen Davis.  Plaintiffs' medical treatment referenced in the Complaint all occurred well outside the two-year statute of limitations.

Plaintiffs have the burden "to identify a theory that allows them to overcome the statutes of limitations and thereby render their claims timely."[124]  Plaintiffs argue that "equitable estoppel" applies to their claims because their medical records were placed in "confidential" status, "concealing the physical injuries they received as a result of the humanitarian experimentation not approved by Congress," and that they have been denied access to certain medical records since August 2008.[125]  They also argue that their claims should be tolled because the government concealed its bioterrorism experimentation program for years, preventing Plaintiffs from learning the full extent of their injuries.

Under Kansas law, equitable tolling may be found where the defendant does "something that amounted to an affirmative inducement to plaintiff to delay bringing the action."[126]  Plaintiffs argue that "public officials" placed Plaintiffs' medical records in "Confidential" status, and refused to provide them upon request.[127]  They also generally argue that Defendants concealed their wrongdoing, which should toll the statute of limitations.  Plaintiffs maintain that they should not be penalized because Defendants possessed evidence of their injuries and failed to provide them to Plaintiffs when requested.  But Plaintiffs' generic allegations that "public officials" or "Defendants" seized their medical records and/or denied them access to their own

---

[124] *Herrera v. City of Espanola*, 32 F.4th 980, 992 (10th Cir. 2022) (citations omitted).

[125] Doc. 245 at 9.

[126] *Friends Univ. v. W. R. Grace & Co.*, 608 P.2d 936, 941 (Kan. 1980) (quoting *Rex v. Warner*, 332 P.2d 572, 579 (Kan. 1958)).

[127] Doc. 1 ¶ 67–70, 72, 74.

medical records does not suffice to support their equitable tolling argument.  Plaintiffs provide no information about the medical records to which they were denied access, when access was denied, or at what point and how they learned the full extent of their injuries.[128]  These generalized claims of a coverup cannot form the basis for equitable tolling.

Plaintiffs refer the Court to two cases where the plaintiff was able to demonstrate an active coverup by the defendant about its involvement in the plaintiff's injuries that supported equitable tolling.[129]  *Barrett v. United States* involved § 1983 claims arising out of a chemical warfare experiment involving the plaintiff's deceased father.  The United States Army acknowledged twenty-two years later that it conducted these experiments on the decedent.[130]  There, the court applied equitable estoppel because the plaintiff presented "evidence of intentional concealment" about the program by the Army.[131]  In *Smith v. Nixon*, the plaintiffs alleged claims arising out of electronic surveillance of their home telephone.[132]  There was no dispute that the government conducted surveillance on the plaintiffs in 1969.[133]  But the surveillance did not become public until 1973, and the case was filed in 1976.  The Court applied equitable estoppel "because the secrecy surrounding the wiretap program prevented public disclosure of it until 1973, and because before that time appellants could not through the exercise of due diligence have discovered the existence of the wiretap."[134]

---

[128] Several medical records from 2003 through 2008 are attached to the Complaint, and Plaintiffs also attached medical records to their responses to the motions to dismiss.  Some of the attached records are marked "confidential."

[129] *Barrett v. United States*, 689 F.2d 324 (2d Cir. 1982); *Smith v. Nixon*, 606 F.2d 1183 (D.C. Cir. 1979).

[130] 689 F.2d at 326.

[131] *Id.* at 328.

[132] 606 F.2d at 1185–86.

[133] *Id.* at 1190.

[134] *Id.*

In *Barrett* and *Smith*, the United States publicly acknowledged or revealed the existence of the programs that were challenged years after the injuries allegedly occurred. Here, there are no nonconclusory allegations that Plaintiffs were in fact part of a secret bioterrorism research program that tested human subjects when they had medical treatment in 2003 through 2008. There are no allegations in the Complaint that would allow a reasonable inference that such a program existed. And there is no evidence or nonconclusory allegation that any of the named Defendants concealed their participation in such activity. Accordingly, Plaintiffs fail to meet their burden of showing that equitable tolling applies to their untimely claims and Defendants' motions to dismiss Plaintiffs' remaining claims as barred by the statute of limitations is granted.

In sum, the remaining official- and individual-capacity claims against the following Defendants are dismissed under Rule 12(b)(6) for failure to state a claim: Sedgwick County Board of County Commissioners; the Wichita City Counselor's Office; Wichita Clinic, P.A; Dr. Kenagy; Children's Mercy Hospital; Dr. Burry; Dr. Goodpasture; Klenda Mitchell Austerman Zuercher, LLC; Foulston Siefkin, LLP; Central Plains Health Care Partnership; Medical Society of Sedgwick County, Wesley; the Fund; Dr. Wesbrook, Dr. Stork-Fury, Dr. Kallemeyn, Dr. Spade, Dr. Dismuke, Judge Melgren, Attorney General Garland, Secretary Becerra, AUSA Slinkard, Dr. Minns, Dr. Moser, Schmidt, Schultz, Stanek, Dr. Kallemeyn, Weishaar, and Dr. Pezzino.

## VII.    State Law Claims

Plaintiffs do not explicitly assert any state law claims in the Complaint. But to the extent Plaintiffs' Complaint can be liberally construed to assert state law tort claims, the Court declines to exercise supplemental jurisdiction. "When all federal claims have been dismissed, the court

may, and usually should, decline to exercise jurisdiction over any remaining state law claims."[135] Here, all federal claims have been dismissed, and thus the Court declines to assert supplemental jurisdiction over any purported state law claims.

## VIII.  Leave to Amend

While the Court recognizes the general rule that *pro se* parties should be allowed leave to amend, it may appropriately dismiss a claim without prejudice "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[136]  "[T]he district court should allow a plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim."[137]

Here, Plaintiffs do not move to amend, nor do they suggest any changes to their pleadings that would cure the errors identified in this opinion.  The Court determines for the many reasons explained throughout this opinion that Plaintiffs cannot prevail on any of the facts alleged in the Complaint, and finds that it would be futile to allow them leave to amend.

## IX.  Tom Yao

The only Defendant who has not moved to dismiss is Dr. Yao.  Plaintiffs claim he was a "2003 Medical Student at KU School of Medicine–Wichita Anesthesia Program," and assert claims against him in his official and individual capacities.[138]  Despite his failure to file a motion to dismiss, the Court *sua sponte* dismissed the official-capacity claim lodged against him based

---

[135] *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) (citing 28 U.S.C. § 1367(c)(3)).

[136] *Knight v. Mooring Cap. Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014) (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010)) (alteration omitted).

[137] *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001).

[138] Doc. 1 ¶ 39.

on sovereign immunity because he was allegedly an employee of a state agency at the time of the events giving rise to the claims against him. Because sovereign immunity is jurisdictional, the Court is required to dismiss a party at any time if it is apparent that jurisdiction is lacking.[139]

The Court further finds that the individual-capacity claims must be dismissed against this Defendant, despite his failure to file a motion, because the Complaint fails to allege facts sufficient to state a conspiracy under § 1985(3), and because all claims asserted against him are barred by the statute of limitations. *Sua sponte* dismissal under Rule 12(b)(6) is permitted "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."[140] For the reasons explained in detail above, the Court finds it is patently obvious that Plaintiffs could not prevail on the facts alleged. Plaintiffs makes one particularized claim against Dr. Yao, who allegedly treated Carla Davis when she gave birth in 2003. This claim is clearly outside the statute of limitations. For the reasons discussed with regard to the moving Defendants, allowing Plaintiffs an opportunity to amend would be futile because there are no facts they could allege against this Defendant that would make it timely. Nor are there facts that would permit an official-capacity claim against him to proceed. The conspiracy claim under § 1985(3) is also untimely, and Plaintiffs fail to allege an agreement between the Defendants or a discriminatory animus behind Dr. Yao's alleged conduct. The individual-capacity claims against Dr. Yao, therefore, are dismissed.

## X.     Conclusion

In sum, Defendants' motions to dismiss are granted, and this case is dismissed in its entirety. Plaintiffs' claims against the following Defendants are dismissed under Rule 12(b)(1)

---

[139] Fed. R. Civ. P. 12(h)(3).

[140] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir.1991)); *Curley*, 246 F.3d at 1284.

for lack of subject matter jurisdiction in their entirety: Bassell, Bennett, Grainger, Kobach, Stembridge, and Whipple.

Plaintiffs' official-capacity claims against the following Defendants are dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction: DOJ, HHS, Attorney General Garland, Secretary Becerra, AUSA Slinkard, Judge Melgren, KDHE, KU School of Medicine, the Kansas Insurance Department, Kansas Homeland Security, Kobach, Dr. Moser, Stanek, Dr. Pezzino, Dr. Minns, Schmidt, Weishaar, Dr. Kallemeyn, Dr. Stork-Fury, Dr. Yao, and Dr. Dismuke.

Plaintiffs' official-capacity claims against the following Defendants are dismissed under Rule 12(b)(6) for failure to state a claim: Sedgwick County Board of County Commissioners; the Wichita City Counselor's Office; Wichita Clinic, P.A; Dr. Kenagy; Children's Mercy Hospital; Dr. Burry; Dr. Goodpasture; Klenda Mitchell Austerman Zuercher, LLC; Foulston Siefkin, LLP; Central Plains Health Care Partnership; Medical Society of Sedgwick County, Wesley; the Fund; and Dr. Wesbrook.

Plaintiffs' individual-capacity claims against the following Defendants are dismissed under Rule 12(b)(6) for failure to state a claim: Dr. Kenagy, Dr. Burry; Dr. Goodpasture; Dr. Wesbrook, Dr. Stork-Fury, Dr. Kallemeyn, Dr. Spade, Dr. Dismuke, Judge Melgren, Attorney General Garland, Secretary Becerra, AUSA Slinkard, Dr. Minns, Dr. Moser, Schmidt, Schultz, Stanek, Dr. Kallemeyn, Weishaar, Dr. Pezzino, and Dr. Yao.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motions to Dismiss (Docs. 66, 96, 98, 100, 102, 103, 105, 109, 111, 113, 115, 129, 133, 168, 174, 183, 185, 187, 192, 194, 196, 198, 200, 202, 204, 206, 215, 237, 291) are **granted** and this case is hereby **dismissed in its entirety**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Oral Argument (Doc. 305), is **denied**, and Plaintiffs' Motion for Leave to file a Surreply (Doc. 290) to the Sedgwick County Board of County Commissioner's Motion to Dismiss is **granted**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Designation of Place of Trial (Doc. 92), Plaintiffs' Request to Vacate Referral to Magistrate Judge (Doc. 306), and Defendants Kansas Homeland Security and David Weishaar's Motion to Dismiss (Doc. 114) are **moot**.

**IT IS SO ORDERED.**

Dated: September 28, 2023

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

# United States District Court

## ------------------------- DISTRICT OF KANSAS----------------------------

CARLA DAVIS, et al.,

          **Plaintiffs,**

v.                              **Case No: 23-1010-JAR**

U.S. DEPARTMENT OF JUSTICE,
et al.,

          **Defendants.**

## JUDGMENT IN A CIVIL CASE

☐    Jury Verdict.  This action came before the Court for a jury trial.  The issues have been tried and the jury has rendered its verdict.

☒    Decision by the Court.  This action came before the Court.  The issues have been considered and a decision has been rendered.

    **IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motions to Dismiss (Docs. 66, 96, 98, 100, 102, 103, 105, 109, 111, 113, 115, 129, 133, 168, 174, 183, 185, 187, 192, 194, 196, 198, 200, 202, 204, 206, 215, 237, 291) are **granted** and this case is hereby **dismissed in its entirety**.

    **IT IS FURTHER ORDERED** that Plaintiffs' Motion for Oral Argument (Doc. 305), is **denied**, and Plaintiffs' Motion for Leave to file a Surreply (Doc. 290) to the Sedgwick County Board of County Commissioner's Motion to Dismiss is **granted**.

    **IT IS FURTHER ORDERED** that Plaintiffs' Motion for Designation of Place of Trial (Doc. 92), Plaintiffs' Request to Vacate Referral to Magistrate Judge (Doc. 306), and Defendants Kansas Homeland Security and David Weishaar's Motion to Dismiss (Doc. 114) are **moot**.

September 28, 2023                    SKYLER B. O'HARA
      Date                              CLERK OF THE DISTRICT COURT

                                by: _s/ Sarah Spegal_____
                                       Deputy Clerk

MIME-Version:1.0
From:KSD_CMECF@ksd.uscourts.gov
To:ksd_nef@localhost.localdomain
Bcc:
--Case Participants: Christopher Allman (caseview.ecf@usdoj.gov, chris.allman@usdoj.gov,
rita.reilly@usdoj.gov, timothy.m.evans@usdoj.gov, usaks.ecfkcciv@usdoj.gov), Mackenzie Maki Baxter
(baxter@hitefanning.com, satterly@hitefanning.com), Rebecca Bergkamp (rbergkamp@hinklaw.com), Barbara K.
Christopher (atatman@hab-law.com, bchristopher@hab-law.com, shoover@hab-law.com, tdavies@hab-law.com),
Christopher S. Cole (ccole@woodard-law.com, staylor@woodard-law.com), Steven C. Day (scday@woodard-
law.com, staylor@woodard-law.com), Andrew Foulston (afoulston@mcdonaldtinker.com,
jmarczynski@mcdonaldtinker.com, kseiler@mcdonaldtinker.com), Jay F. Fowler (jbuck@foulston.com,
jfowler@foulston.com, mgrundman@foulston.com), Erik Houghton (creynard@wichita.gov,
ehoughton@wichita.gov), Ruslan Ivanov (rdivanov@martinpringle.com), Jeffery A. Jordan
(jjordan@foulston.com, pballinger@foulston.com), Matthew Klose (mfratto@hab-law.com, mklose@hab-
law.com), Mark R. Maloney (mmaloney@hinklaw.com, sdunham@hinklaw.com, sstuerke@hinklaw.com), Christopher
A. McElgunn (cmcelgunn@klendalaw.com, phernandez@klendalaw.com), Justin Louis McFarland
(justin.l.mcfarland@ks.gov), Katy Olson (kolson@mcdonaldtinker.com, manders@mcdonaldtinker.com,
srobinson@mcdonaldtinker.com), Stanley R. Parker (connie.deckard@ag.ks.gov, donna.wells@ag.ks.gov,
stanley.parker@ag.ks.gov), Justen P. Phelps (elora@gwmks.com, justen@gwmks.com, rose@gwmks.com,
tina@gwmks.com), Katelyn C. Radloff (brenda.snyder@ks.gov, katelyn.radloff@ks.gov), Matthew Lee Shoger
(connie.deckard@ag.ks.gov, donna.wells@ag.ks.gov, matt.shoger@ag.ks.gov), Kevin T. Stamper
(kevin.stamper@sedgwick.gov), Brian L. White (atomlin@hinklaw.com, bwhite@hinklaw.com, flee@hinklaw.com,
sstuerke@hinklaw.com), Samantha M. H. Woods (klsmith@martinpringle.com, smwoods@martinpringle.com),
Retired Mag Jdg JRS Annuitant Kenneth G Gale (ksd_severson_chambers@ksd.uscourts.gov), District Judge
Julie A. Robinson (amy_seymour@ksd.uscourts.gov, judge_julie_robinson@ksd.uscourts.gov,
ksd_robinson_chambers@ksd.uscourts.gov, lauren_lowry@ksd.uscourts.gov, sara_jenab@ksd.uscourts.gov,
sarah_spegal@ksd.uscourts.gov, stephanie_nall@ksd.uscourts.gov), Magistrate Judge Brooks G. Severson
(ksd_severson_chambers@ksd.uscourts.gov)
--Non Case Participants: Eric Aufdengarten (eja@ku.edu, jkellogg@ku.edu)
--No Notice Sent:

Message-Id:<5929062@ksd.uscourts.gov>
Subject:Activity in Case 6:23-cv-01010-JAR-BGS Davis et al v. United States Department of Justice et al
Order on Motion to Disqualify
Content-Type: text/html

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail
because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of
record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed
electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid
later charges, download a copy of each document during this first viewing. However, if the referenced document is a
transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**DISTRICT OF KANSAS**

## Notice of Electronic Filing

The following transaction was entered on 10/3/2023 at 11:14 AM CDT and filed on 10/3/2023
**Case Name:**     Davis et al v. United States Department of Justice et al
**Case Number:**   6:23-cv-01010-JAR-BGS
**Filer:**
**WARNING: CASE CLOSED on 09/28/2023**
**Document Number:** 314(No document attached)

**Docket Text:**
**ORDER finding as moot [311] Motion to Disqualify. This case has been dismissed, therefore the Court finds
the motion to Disqualify moot. Signed by District Judge Julie A. Robinson on 10/3/23.Mailed to pro se party
Carla Davis and Jalen Davis by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document
associated with this entry.) (ss)**

**6:23-cv-01010-JAR-BGS Notice has been electronically mailed to:**

Steven C. Day      scday@woodard-law.com, staylor@woodard-law.com

Jay F. Fowler      jfowler@foulston.com, jbuck@foulston.com, mgrundman@foulston.com

Jeffery A. Jordan      jjordan@foulston.com, pballinger@foulston.com

Stanley R. Parker      stanley.parker@ag.ks.gov, connie.deckard@ag.ks.gov, donna.wells@ag.ks.gov

Christopher Allman      Chris.Allman@usdoj.gov, CaseView.ECF@usdoj.gov, USAKS.ECFKCCIV@USDOJ.GOV, rita.reilly@usdoj.gov, timothy.m.evans@usdoj.gov

Christopher A. McElgunn      cmcelgunn@klendalaw.com, phernandez@klendalaw.com

Mark R. Maloney      mmaloney@hinklaw.com, sdunham@hinklaw.com, sstuerke@hinklaw.com

Barbara K. Christopher      bchristopher@hab-law.com, Shoover@hab-law.com, atatman@hab-law.com, tdavies@hab-law.com

Christopher S. Cole      ccole@woodard-law.com, staylor@woodard-law.com

Kevin T. Stamper      Kevin.Stamper@sedgwick.gov

Brian L. White      bwhite@hinklaw.com, atomlin@hinklaw.com, flee@hinklaw.com, sstuerke@hinklaw.com

Justen P. Phelps      justen@gwmks.com, elora@gwmks.com, rose@gwmks.com, tina@gwmks.com

Justin Louis McFarland      justin.l.mcfarland@ks.gov

Katy Olson      kolson@mcdonaldtinker.com, manders@mcdonaldtinker.com, srobinson@mcdonaldtinker.com

Samantha M. H. Woods      smwoods@martinpringle.com, klsmith@martinpringle.com

Erik Houghton      ehoughton@wichita.gov, creynard@wichita.gov

Katelyn C. Radloff      katelyn.radloff@ks.gov, brenda.snyder@ks.gov

Andrew Foulston      afoulston@mcdonaldtinker.com, jmarczynski@mcdonaldtinker.com, kseiler@mcdonaldtinker.com

Ruslan Ivanov      rdivanov@martinpringle.com

Mackenzie Maki Baxter      baxter@hitefanning.com, satterly@hitefanning.com

Matthew Lee Shoger      matt.shoger@ag.ks.gov, Connie.deckard@ag.ks.gov, Donna.wells@ag.ks.gov

Rebecca Bergkamp      rbergkamp@hinklaw.com

Matthew Klose      mklose@hab-law.com, mfratto@hab-law.com

**6:23-cv-01010-JAR-BGS Notice has been delivered by other means to:**

Carla Davis
901 N. Belmont
Wichita, KS 67208

Jalen Davis
901 N. Belmont
Wichita, KS 67208

MIME-Version:1.0
From:KSD_CMECF@ksd.uscourts.gov
To:ksd_nef@localhost.localdomain
Bcc:
--Case Participants: Erik Houghton (creynard@wichita.gov, ehoughton@wichita.gov), Mackenzie Maki Baxter
(baxter@hitefanning.com, satterly@hitefanning.com), Andrew Foulston (afoulston@mcdonaldtinker.com,
jmarczynski@mcdonaldtinker.com, kseiler@mcdonaldtinker.com), Justen P. Phelps (elora@gwmks.com,
justen@gwmks.com, rose@gwmks.com, tina@gwmks.com), Rebecca Bergkamp (rbergkamp@hinklaw.com), Brian L.
White (atomlin@hinklaw.com, bwhite@hinklaw.com, flee@hinklaw.com, sstuerke@hinklaw.com), Kevin T.
Stamper (kevin.stamper@sedgwick.gov), Katelyn C. Radloff (brenda.snyder@ks.gov, katelyn.radloff@ks.gov),
Barbara K. Christopher (atatman@hab-law.com, bchristopher@hab-law.com, shoover@hab-law.com, tdavies@hab-
law.com), Samantha M. H. Woods (klsmith@martinpringle.com, smwoods@martinpringle.com), Jeffery A. Jordan
(jjordan@foulston.com, pballinger@foulston.com), Stanley R. Parker (connie.deckard@ag.ks.gov,
donna.wells@ag.ks.gov, stanley.parker@ag.ks.gov), Justin Louis McFarland (justin.l.mcfarland@ks.gov),
Matthew Lee Shoger (connie.deckard@ag.ks.gov, donna.wells@ag.ks.gov, matt.shoger@ag.ks.gov), Katy Olson
(kolson@mcdonaldtinker.com, manders@mcdonaldtinker.com, srobinson@mcdonaldtinker.com), Christopher
Allman (caseview.ecf@usdoj.gov, chris.allman@usdoj.gov, rita.reilly@usdoj.gov,
timothy.m.evans@usdoj.gov, usaks.ecfkcciv@usdoj.gov), Christopher S. Cole (ccole@woodard-law.com,
staylor@woodard-law.com), Ruslan Ivanov (rdivanov@martinpringle.com), Mark R. Maloney
(mmaloney@hinklaw.com, sdunham@hinklaw.com, sstuerke@hinklaw.com), Jay F. Fowler (jbuck@foulston.com,
jfowler@foulston.com, mgrundman@foulston.com), Christopher A. McElgunn (cmcelgunn@klendalaw.com,
phernandez@klendalaw.com), Steven C. Day (scday@woodard-law.com, staylor@woodard-law.com), Matthew Klose
(mfratto@hab-law.com, mklose@hab-law.com), District Judge Julie A. Robinson
(amy_seymour@ksd.uscourts.gov, judge_julie_robinson@ksd.uscourts.gov,
ksd_robinson_chambers@ksd.uscourts.gov, lauren_lowry@ksd.uscourts.gov, sara_jenab@ksd.uscourts.gov,
sarah_spegal@ksd.uscourts.gov, stephanie_nall@ksd.uscourts.gov), Magistrate Judge Brooks G. Severson
(ksd_severson_chambers@ksd.uscourts.gov), Retired Mag Jdg JRS Annuitant Kenneth G Gale
(ksd_severson_chambers@ksd.uscourts.gov)
--Non Case Participants: Eric Aufdengarten (eja@ku.edu, jkellogg@ku.edu)
--No Notice Sent:

Message-Id:<5929069@ksd.uscourts.gov>
Subject:Activity in Case 6:23-cv-01010-JAR-BGS Davis et al v. United States Department of Justice et al
Order on Motion for Extension of Time
Content-Type: text/html

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail
because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of
record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed
electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid
later charges, download a copy of each document during this first viewing. However, if the referenced document is a
transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**DISTRICT OF KANSAS**

## Notice of Electronic Filing

The following transaction was entered on 10/3/2023 at 11:18 AM CDT and filed on 10/3/2023
**Case Name:**       Davis et al v. United States Department of Justice et al
**Case Number:**     6:23-cv-01010-JAR-BGS
**Filer:**
**WARNING: CASE CLOSED on 09/28/2023**
**Document Number:** 315(No document attached)

**Docket Text:**
**ORDER finding as moot [312] Motion for Extension of Time to File. There is no response to the Court's
Memorandum and Order of Dismissal or Judgment that is provided for or permitted under the Federal or
Local Rules. Therefore, Plaintiffs' motion for extension of time to respond to those documents is moot.
Signed by District Judge Julie A. Robinson on 10/3/23.Mailed to pro se party Carla Davis and Jalen Davis**

by regular mail. (THIS IS A TEXT ENTRY ONLY. There is no pdf document associated with this entry.) (ss)

Appellate Case: 23-3244     Document: 010110957057     Date Filed: 11/21/2023     Page: 82

**6:23-cv-01010-JAR-BGS Notice has been electronically mailed to:**

Steven C. Day      scday@woodard-law.com, staylor@woodard-law.com

Jay F. Fowler      jfowler@foulston.com, jbuck@foulston.com, mgrundman@foulston.com

Jeffery A. Jordan      jjordan@foulston.com, pballinger@foulston.com

Stanley R. Parker      stanley.parker@ag.ks.gov, connie.deckard@ag.ks.gov, donna.wells@ag.ks.gov

Christopher Allman      Chris.Allman@usdoj.gov, CaseView.ECF@usdoj.gov, USAKS.ECFKCCIV@USDOJ.GOV, rita.reilly@usdoj.gov, timothy.m.evans@usdoj.gov

Christopher A. McElgunn      cmcelgunn@klendalaw.com, phernandez@klendalaw.com

Mark R. Maloney      mmaloney@hinklaw.com, sdunham@hinklaw.com, sstuerke@hinklaw.com

Barbara K. Christopher      bchristopher@hab-law.com, Shoover@hab-law.com, atatman@hab-law.com, tdavies@hab-law.com

Christopher S. Cole      ccole@woodard-law.com, staylor@woodard-law.com

Kevin T. Stamper      Kevin.Stamper@sedgwick.gov

Brian L. White      bwhite@hinklaw.com, atomlin@hinklaw.com, flee@hinklaw.com, sstuerke@hinklaw.com

Justen P. Phelps      justen@gwmks.com, elora@gwmks.com, rose@gwmks.com, tina@gwmks.com

Justin Louis McFarland      justin.l.mcfarland@ks.gov

Katy Olson      kolson@mcdonaldtinker.com, manders@mcdonaldtinker.com, srobinson@mcdonaldtinker.com

Samantha M. H. Woods      smwoods@martinpringle.com, klsmith@martinpringle.com

Erik Houghton      ehoughton@wichita.gov, creynard@wichita.gov

Katelyn C. Radloff      katelyn.radloff@ks.gov, brenda.snyder@ks.gov

Andrew Foulston      afoulston@mcdonaldtinker.com, jmarczynski@mcdonaldtinker.com, kseiler@mcdonaldtinker.com

Ruslan Ivanov      rdivanov@martinpringle.com

Mackenzie Maki Baxter      baxter@hitefanning.com, satterly@hitefanning.com

Matthew Lee Shoger      matt.shoger@ag.ks.gov, Connie.deckard@ag.ks.gov, Donna.wells@ag.ks.gov

Rebecca Bergkamp      rbergkamp@hinklaw.com

Matthew Klose      mklose@hab-law.com, mfratto@hab-law.com

**6:23-cv-01010-JAR-BGS Notice has been delivered by other means to:**

Carla Davis
901 N. Belmont

Wichita, KS 67208

Jalen Davis
901 N. Belmont
Wichita, KS 67208

FILED
U.S. District Court
District of Kansas

NOV 2 1 2023

Clerk, U.S. District Court
By _____ *CRK* _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

CARLA DAVIS,                                    )
     and                                         )
                                                )
JALEN DAVIS,                                    )
                                                )
              Plaintiffs,        )        **CASE No. 6:23-CV-01010**
                                                )
v.                                              )        **(NOTICE OF APPEAL)**
                                                )
**U.S. DEPT. OF JUSTICE; MERRICK B.**           )
**GARLAND-**U.S. Attorney General; **U.S. DEPT.** )
**OF HEALTH and HUMAN SERVICES; XAVIER**        )
**BECERRA-**Secretary of Health and  Human Services; )
**DUSTIN SLINKARD-**Kansas U.S. Attorney; **ERIC** )
**MELGREN-**Former -Kansas U.S. Attorney; **KRIS W.** )
**KOBACH-**Kansas Attorney General; **KANSAS HOME-** )
**LAND SECURITY; DAVID WEISHAAR-**Adjunct       )
General; **KANSAS DEPT. OF HEALTH AND**         )
**ENVIRONMENT (KDHE); JANET STANEK-**KDHE       )
Secretary; **JAMES MICHAEL MOSER m.d.-**Former  )
KDHE lead public health physician; **KANSAS**   )
**INSURANCE DEPT; VICKI SCHMIDT-**Kansas        )
Insurance Commissioner; **KANSAS HEALTH CARE**  )
**STABILIZATION FUND; CLARK SHULTZ-**Executive  )
Director of Kansas Health Care Stabilization Fund; )
**SEDGWICK COUNTY COMMISSIONERS-**Board of      )
Health; **MARC BENNETT-**Sedgwick County District )
Attorney; **CITY OF WICHITA CITY COUNCIL;**     )
**BRANDON WHIPPLE-**Mayor of Wichita; **CENTRAL** )
**PLAINS HEALTH CARE PARTNERSHIP; MEDICAL**     )
**SOCIETY OF SEDGWICK COUNTY; WESLEY**          )
**MEDICAL CENTER LLC; THE CHILDREN'S**          )
**MERCY HOSPITAL; WICHITA CLINIC P.A.-**        )
(Name changes: Via Christi Clinic P.A., NOW:    )
**ASCENSION MEDICAL GROUP VIA CHRISTI P.A.;**   )
**KANSAS UNIVERSITY SCHOOL OF MEDICINE-**       )
**WICHITA and it's WICHITA CENTER FOR GRAD-**   )
**UATE MEDICAL EDUCATION. INC.; GAROLD O.**     )
**MINNS m.d.-**Dean of KU School of Medicine-Wichita; )
**STEWART E. DISMUKE m.d.-**Former Dean of KU   )
School of Medicine-Wichita; **ROBERT KENAGY m.d.-** )
Wichita Clinic Medical Director; **CLYDE WILSON** )
**WESBROOK m.d.; DEE SPADE m.d.-**Wichita Clinic; )

1-5

**VIRGIL F. BURRY m.d.-**Exe. Medical Director of the )
Children's Mercy Hospital; **HEWITT GOODPASTURE** )
**m.d.-**Medical Society of Sedgwick County; **DAVID** )
**GRAINGER m.d.-**Central Plains Health Care Partnership/ )
KU School of Medicine OB/GYN Chairman; **TRAVIS** )
**STEMBRIDGE m.d. OB/GYN-**Former President of )
Medical Society of Sedgwick County; **GERARD** )
**BASSELL m.d.- Anesthesiologist-**KU School of Medicine )
Program Director; **ANNA F. STORK-FURY-**Former KU )
Medical Student-OB/GYN; **BRENDA KALLEMEYN-** )
Former KU Medical Student-OB/GYN; **TOM YAO-** )
Former KU Medical Student- Anesthesia; **GIANFRANCO** )
**PEZZINO m.d.-**State of Kansas Epidemiologist; )
**FOULSTON SIEFKIN L.L.P.; KLENDA MITCHELL** )
**AUSTERMAN ZUERCHER L.L.C. (KLENDA** )
**AUSTERMAN L.L.C.)** )
                                                                        )
                    Defendants,                                         )
_____ )

*Case #*
*6:23-CV-01010*

## NOTICE OF APPEAL

Pursuant to Fed. R. App. P. Rules 3 and 4, the plaintiffs Carla Davis and Jalen Davis file

their timely joint notice of appeal proceeding on appeal as a single appellant, to the United States

Court of Appeals for the Tenth Circuit. The plaintiffs appeal from the United States District

Court for the District of Kansas MEMORANDUM AND ORDER (Doc.309), and JUDGMENT

(Doc. 310) entered on September 28, 2023, by the deputy clerk. (Judgment document is attached

to this notice of appeal). On October 25, 2023, plaintiffs filed a timely "PLAINTIFFS' MOTION

TO ALTER OR AMEND THE COURT'S DECSION TO DISMISS PLAINTIFFS' CASE IN

ITS ENTIRETY AND THE CLERKS JUDGMENT ORDER AND RULE ON ISSUES OF

LAW" under Federal Rule Civ. P. 59 (e) arguing the need to correct clear error or prevent

manifest injustice.

Carla Davis and Jalen Davis
901 N. Belmont; Wichita, Ks. 67208
316-691-8804 (phone)
Email: cardav01292021@yahoo.com

*2-5*

**CERTIFICATE OF SERVICE**

On this ___21st___ day November 2023, a copy of the foregoing **NOTICE OF APPEAL**

document was filed with the Clerk in THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS along with personal payment of appellate docket fee.

Carla Davis

Jalen Davis

Case # 6:23-CV-01010     3-5

# United States District Court

-------------------------- DISTRICT OF KANSAS--------------------------

CARLA DAVIS, et al.,

        **Plaintiffs,**

v.                            **Case No: 23-1010-JAR**

U.S. DEPARTMENT OF JUSTICE,
et al.,

        **Defendants.**

## JUDGMENT IN A CIVIL CASE

☐    Jury Verdict. This action came before the Court for a jury trial. The issues have been tried and the jury has rendered its verdict.

☒    Decision by the Court. This action came before the Court. The issues have been considered and a decision has been rendered.

        **IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motions to Dismiss (Docs. 66, 96, 98, 100, 102, 103, 105, 109, 111, 113, 115, 129, 133, 168, 174, 183, 185, 187, 192, 194, 196, 198, 200, 202, 204, 206, 215, 237, 291) are **granted** and this case is hereby **dismissed in its entirety.**

        **IT IS FURTHER ORDERED** that Plaintiffs' Motion for Oral Argument (Doc. 305), is **denied,** and Plaintiffs' Motion for Leave to file a Surreply (Doc. 290) to the Sedgwick County Board of County Commissioner's Motion to Dismiss is **granted.**

        **IT IS FURTHER ORDERED** that Plaintiffs' Motion for Designation of Place of Trial (Doc. 92), Plaintiffs' Request to Vacate Referral to Magistrate Judge (Doc. 306), and Defendants Kansas Homeland Security and David Weishaar's Motion to Dismiss (Doc. 114) are **moot.**

Case # 6:23-CV-01010

4-5

**IT IS SO ORDERED.**

September 28, 2023
Date

SKYLER B. O'HARA
CLERK OF THE DISTRICT COURT

by: _s/ Sarah Spegal_
Deputy Clerk

5-5

Case# 6:23 -CV-01010