Case No. 23-3244

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

## CARLA DAVIS, ET AL.,
*Plaintiffs-Appellants*

v.

## U.S. DEPARTMENT OF JUSTICE, ET AL.,
*Defendants-Appellees*

## JOINT BRIEF OF STATE DEFENDANTS-APPELLEES

Appeal from the United States District Court for the District of Kansas
Case No. 6:23-CV-01010-JAR-BGS
Honorable Julie A. Robinson, United States District Judge

Justin Louis McFarland
Kansas Insurance Department
1300 SW Arrowhead Road
Topeka, Kansas 66604
(785) 296-3071
justin.l.mcfarland@ks.gov

Katelyn Radloff
Kansas Department of Health and Environment
100 SW Jackson, Suit 560
Topeka, Kansas 66612
(785) 296-0088
katelyn.radloff@ks.gov

Ryan. J. Ott
Office of Kansas Attorney General
Kris W. Kobach
  *Assistant Solicitor General*
120 SW 10th Ave, 2d Floor
Topeka, Kansas 66612
(785) 296-2215
ryan.ott@ag.ks.gov

*Attorneys for State
Defendants-Appellees*

## ORAL ARGUMENT IS NOT REQUESTED

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................... ii

STATEMENT OF RELATED CASES ...................................................... v

JURISDICTIONAL STATEMENT .......................................................... 1

STATEMENT OF ISSUES PRESENTED FOR REVIEW ....................... 1

STATEMENT OF THE CASE ................................................................. 1

SUMMARY OF THE ARGUMENT ........................................................ 5

ARGUMENT ........................................................................................... 7

    I.    Does Judge Melgren's position as Chief Judge of the district court while also a defendant in this case create an issue of judicial impartiality, despite the fact that the case was assigned to a different district court judge? ............................... 7

    II.   Did the district court err in granting Defendants' motions to dismiss? ...................................................................................... 10

    A. Subject Matter Jurisdiction ......................................................... 12

    1. Standing ...................................................................................... 12

    2. Eleventh Amendment Immunity ................................................ 15

    B. Failure to State a Claim .............................................................. 18

    1. 42 U.S.C. § 1983 ........................................................................ 20

    2. 42 U.S.C. § 1985 ........................................................................ 21

    3. Statute of Limitations ................................................................ 23

CONCLUSION ..................................................................................... 25

CERTIFICATE OF COMPLIANCE ...................................................... 28

CERTIFICATE OF DIGITAL SUBMISSION ....................................... 28

CERTIFICATE OF SERVICE .............................................................. 28

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ............................................................. 18

*Baker v. Bd. of Regents of State of Kansas,*
  991 F.2d 628 (1993) ...................................................... 23, 24

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ...................................................... 18, 19

*Dodds v. Richardson,*
  614 F.3d 1185 (10th Cir. 2010) .......................................... 20

*Ex parte Young,*
  209 U.S. 123 (1908) ................................................. 16, 17, 18

*Garrett v. Selby Conner Maddux & Janer,*
  425 F.3d 836 (10th Cir. 2005) ............................................. 7

*Hall v. Bellmon,*
  935 F.2d 1106 (10th Cir. 1991) .......................................... 19

*Herrera v. City of Espanola,*
  32 F.4th 980 (10th Cir. 2022) ..................................... 18, 23, 24

*Holt ex rel. Holt v. Wesley Medical Center,*
  No. 00-1218-JAR, 2002 WL 1067677 (D. Kan. 2002)
  (unpublished opinion) ..................................................... 16

*Kokkonen v. Guardian Life Ins. Co. of America,*
  511 U.S. 375 (1994) ...................................................... 12

*Lujan v. Defenders of Wildlife,*
    504 U.S. 555 (1992) ............................................................ 13

*Lyons v. Kyner,*
367 F. App'x 878 (10th Cir. 2010) ........................................ 23

*Muscogee (Creek) Nation v. Pruitt,*
669 F.3d 1159 (10th Cir. 2012) ............................................ 16

*Northington v. Jackson,*
973 F.3d 1518 (10th Cir. 1992) .............................................. 7

*Pahls v. Thomas,*
718 F.3d 1210 (10th Cir. 2013) ............................................ 20

*Richison v. Ernest Group, Inc.,* 6
34 F.3d 1123 (10th Cir. 2011) .............................................. 11

*Santa Fe All. for Pub Health and Safety v. City of Santa Fe, New Mexico,*
993 F.3d 802 (10th Cir. 2021) .............................................. 14

*Steel Co. v. Citizens for a Better Env't,*
523 U.S. 83 (1998) ................................................... 12, 13, 15

*Tilton v. Richardson,*
6 F.3d 683 (1993) ...................................................... 21, 22

*Trackwell v. U.S. Government,*
472 F.3d 1242 (10th Cir. 2007) ............................................ 12

*United States v. Burger,*
964 F.2d 1065 (10th Cir. 1992) ............................................ 8, 9

*United States v. Ritter*,
540 F.2d 459 (10th Cir. 1976) ................................................. 9

*VDARE Foundation v. City of Colorado Springs*,
11 F.4th 1151 (10th Cir. 2021) ............................................ 11

*Warnick v. Cooley*,
895 F.3d 746 (10th Cir. 2018) ............................................ 11

*West v. Atkins*,
487 U.S. 42 (1998) ............................................................. 20

*WildEarth Guardians v. Pub. Serv. Co. of Colorado*,
690 F.3d 1174 (10th Cir. 2012) .......................................... 14

*Will v. Michigan Dept. of State Police*,
491 U.S. 58 (1989) ............................................................. 17

*Williams v. Utah Dep't of Corr.*,
928 F.3d 1209 (10th Cir. 2019) ................................... 16, 17

## Statutes

U.S. Const. Article III, § 2 ....................................................... 12

U.S. Const amend. XI ........................................................ 15, 16

28 U.S.C. § 455 ...................................................................... 8, 9

28 U.S.C. § 1291 ......................................................................... 1

42 U.S.C. § 1983 .................................. 1, 6, 17, 19, 20, 23

42 U.S.C. § 1985 ...........................1, 6, 17, 19, 21, 22, 23

Kan. Stat. Ann. § 60-513 ......................................................... 23

Kan. Stat. Ann. § 60-5139 ....................................................... 23

## Rules

Federal Rule of Civil Procedure 12 .....................4, 6, 10, 12, 22, 23, 25, 26

## STATEMENT OF RELATED CASES

There are no prior or related appeals.

## JURISDICTIONAL STATEMENT

The United States District Court for the District of Kansas had jurisdiction over this case because the Plaintiffs, Carla Davis and Jalen Davis, asserted claims under the United States Constitution, 42 U.S.C. § 1983, and 42 U.S.C. § 1985. This appeal arises from the district court's September 28, 2023, order granting all Defendants' motions to dismiss. Plaintiffs filed a notice of appeal on November 21, 2023. Under 28 U.S.C. § 1291, this Court has jurisdiction to hear Plaintiffs' appeal. This appeal comes from a final judgment disposing of all of Plaintiffs' claims.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

I.    Does Judge Melgren's position as Chief Judge of the district court while also a defendant in this case create an issue of judicial impartiality, despite the fact that the case was assigned to a different district court judge?

II.   Did the district court err in granting State Defendants' motions to dismiss?

## STATEMENT OF THE CASE

Carla Davis and Jalen Davis, Carla's son, filed a pro se complaint on January 23, 2023, in the United States District Court for the District

of Kansas. (ROA, Vol. I, at 38-47.)[1] Plaintiffs' Complaint named 43

separate defendants. (ROA, Vol. I, at 39-43.) This brief is filed on behalf

of the Kansas Department of Health and Environment (KDHE), Kansas

Homeland Security (KHS), the Kansas Insurance Department, the

University of Kansas School of Medicine-Wichita (KU Med), Sedgwick

County District Attorney Marc Bennett, Kansas Attorney General Kris

Kobach, Dr. Garold O. Minns, Dr. James Michael Moser, Dr. Gianfranco

Pezzino, Insurance Commissioner Vicki Schmidt, KDHE Secretary

Janet Stanek, and KHS Adjutant General David Weishaar. Plaintiffs

sued all individual defendants in both their official and individual

capacities. (ROA, Vol. I, at 39-43.) Collectively, these parties are

referred to as "State Defendants" in this brief. District Court Judge

Julie A. Robinson was assigned to preside over the case. (ROA, Vol. I, at

14.)

   In their Complaint, Plaintiffs generally allege they were used as

test subjects for bioterrorism research, and that several defendants

injected or inserted drugs, unknown substances, or devices into their

---

[1] As Plaintiffs are pro se, the district court prepared a three-volume
record. State Defendants will cite to that record as (ROA, Vol. #, at page
#.) to support its factual citations.

2

bodies between 2003 and 2008. (ROA, Vol. I, at 43-46.) Carla gave birth to Jalen in January 2003 at Wesley Medical Center in Wichita, Kansas. (ROA, Vol. I, at 45.) Carla had told her health care providers that she wanted to give birth at St. Joseph Hospital in Wichita, Kansas. (ROA, Vol. I, at 45.) According to the Complaint, Carla was "allocated" to Wesley without her knowledge or consent. (ROA, Vol. I, at 45.) While there, Plaintiffs allege Carla was given toxic doses of Fentanyl; was raped by Dr. Anna Stork-Fury when Stork-Fury penetrated Carla's vagina without a necessary medical reason; was stabbed in her lower back with a needle by Dr. Tom Yao; and was given toxic doses of antibiotics without medical necessity. (ROA, Vol. I, at 45.)

Plaintiffs alleged that, on February 4, 2004, Wesley placed an unknown device in Carla's "chest blood vessels without [her] knowledge or consent." (ROA, Vol. I, at 45.)

In August 2008, Jalen was treated at Children's Mercy Hospital and "public officials stole" his blood. (ROA, Vol. I, at 46.) Carla was also accused of child abuse and was investigated but "found innocent." (ROA, Vol. I, at 46.)

All Defendants, including State Defendants, filed several motions to dismiss the Complaint for a variety of reasons, primarily under Federal Rule of Civil Procedure 12(b). (ROA, Vol. I, at 64, 80, 88, 101, 116, 142, 148, 159, 171, 189, 191, 193, 211, 216, 223, 238, 271, 277, 294, 313, 332, 363, 394, 404, 422, 434, 465, 496, 504, 551.)

After a plethora of filings from the parties, the district court granted all Defendants' motions to dismiss and dismissed the Complaint in its entirety. (ROA, Vol. III, at 427-464.) As it relates to State Defendants, the district court dismissed Bennett and Kobach for lack of standing under Rule 12(b)(1); KDHE, KHS, the Kansas Insurance Department, KU Med, and Kobach, Minns, Moser, Pezzino, Schmidt, Stanek, and Weishaar in their official capacities under Rule 12(b)(1) because they possessed Eleventh Amendment immunity; and Minns, Moser, Pezzino, Schmidt, Stanek, and Weishaar in their individual capacities for failure to state a claim under Rule (12)(b)(6). (ROA, Vol. III, at 434-35, 438-40, 448-60.)

Plaintiffs filed several post-judgment motions, objecting to the order, seeking to alter or amend the order, and requesting to disqualify Judge Eric Melgren, who was also a defendant in this case, from his role

of Chief Judge of the district court. (ROA, Vol. III, at 496-514, 520-23, 545-58.) The district court denied those motions. (ROA, Vol. III, at 539-44.)

Plaintiffs appeal. (ROA, Vol. III, at 529-31.)

## SUMMARY OF THE ARGUMENT

Plaintiffs did not demonstrate any judicial impartiality from Judge Melgren because of his position as Chief Judge of the district court. The record is absent of any evidence showing Chief Judge Melgren had any involvement in his judicial capacity with this case. Nor did Plaintiffs demonstrate Judge Robinson was impartial or biased in any way that would justify her recusal. The district court did not err in denying Plaintiffs' motions relating to their allegations of judicial impartiality.

Plaintiffs' brief does not address the district court's dismissal order of Plaintiffs' claims against all Defendants. Any challenge to the dismissal order is thus waived.

If this Court construes Plaintiffs' pro se brief to include a challenge to the district court's dismissal order, then it should affirm the district court. Plaintiffs lacked standing to sue Bennett and Kobach.

Plaintiffs neither allege that their injury—the inability to obtain their medical records—was fairly traceable to those defendants nor that any relief would redress their injuries. KDHE, KHS, the Kansas Insurance Department, and KU Med, as well as Kobach, Minns, Moser, Pezzino, Schmidt, Stanek, and Weishaar in their official capacities were all immune from suit under the Eleventh Amendment, as they are all arms of the State of Kansas and cannot be sued under § 1983 and § 1985. Thus, the district court correctly dismissed those State Defendants under Rule 12(b)(1) for lack of subject matter jurisdiction.

Finally, the district court correctly dismissed Minns, Moser, Pezzino, Schmidt, Stanek, and Weishaar in their individual capacities under Rule 12(b)(6) for failure to state a claim because Plaintiffs did not allege any of them personally participated in the alleged constitutional violation, as required by § 1983, and failed to allege discriminatory animus, as required by § 1985. The district court also correctly found the statute of limitations barred Plaintiffs' claims.

This Court should affirm the district court.

# ARGUMENT

Plaintiffs have proceeded pro se throughout this case. While courts construe a pro se plaintiff's filings liberally, *Northington v. Jackson*, 973 F.3d 1518, 1520-21 (10th Cir. 1992), courts should nevertheless dismiss claims "supported only by vague and conclusory allegations." *Id.* at 1521. A court does not take on the responsibility of serving as a pro se party's attorney in forming arguments or searching the record. *Garrett v. Selby Conner Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Pro se plaintiffs must follow the same rules of procedure that govern other litigants. *Id.*

I. **Does Judge Melgren's position as Chief Judge of the district court while also a defendant in this case create an issue of judicial impartiality, despite the fact that the case was assigned to a different district court judge?**

Plaintiffs filed a motion regarding judicial assignment on January 26, 2023, which was denied on February 21, 2023. (ROA, Vol. I, at 14,18); see (Appellant's Brief App'x, 101-03).[2] On September 29, 2023, one day after the district court granted Defendants' motions to dismiss,

---

[2] State Defendants cite to the pagination from the electronic filing of the brief, rather than Plaintiffs' handwritten page numbers at the bottom of their brief.

Plaintiffs filed another motion to recuse or disqualify Judge Melgren from his position as Chief Judge because he was also a defendant in this case. (ROA, Vol. III, 520-23.) The district court found the motion was moot because the case was dismissed. (ROA, Vol. I, at 35.) Both of Plaintiffs' issue statements in their brief raise judicial impartiality based on Judge Melgren being a defendant and Chief Judge. (Appellant's Brief, 7.) Though it is difficult to discern Plaintiffs' arguments, they appear to claim that the district court was biased in its rulings, including the order of dismissal, because Chief Judge Melgren exercised administrative authority over the district court. (Appellants' Brief, 36-44.)

There is no evidence in the record that Chief Judge Melgren had any involvement in this case. Nor do Plaintiffs make any such factual allegation. This case was assigned to Judge Robinson and Magistrate Judge Gwynne Birzer. (ROA, Vol. I, at 14.) Judge Robinson issued the order to dismiss.

Plaintiffs cite to federal law addressing when a judge should be recused or disqualified from a case. (Appellants' Brief, 37-38); see 28 U.S.C. § 455. A judge's decision whether to recuse is reviewed only for

abuse of discretion. *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992). Disqualification is appropriate where there is actual or apparent bias or prejudice, as well as when a judge's impartiality could be reasonably questioned under the circumstances." *United States v. Ritter*, 540 F.2d 459, 462 (10th Cir. 1976). Under § 455, the test is "'whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality.'" *Burger*, 964 F.2d at 1070.

Chief Judge Melgren did not preside over this case. No evidence shows Judge Robinson was not impartial because of Judge Melgren's role as Chief Judge. Even if the Court construed Plaintiffs' motions or brief to include such an allegation against Judge Robinson, Plaintiffs provide no support to show that Judge Robinson should have recused herself. Plaintiffs' only claim is that Judge Melgren's position as Chief Judge prevented Judge Robinson from following the rule of law. (Appellants' Brief, 8.) There is no support in the record for this allegation.

The district court did not err in denying Plaintiffs' motions regarding judicial impartiality. Judge Melgren took no part in this case in his judicial role.

## II. Did the district court err in granting Defendants' motions to dismiss?

The district court dismissed Plaintiffs' Complaint against all Defendants for several reasons. (ROA, Vol. III, at 427-64.) As to the State Defendants, the reasons can be broken down into two main categories: (1) lack of subject matter jurisdiction under Rule 12(b)(1) and (2) failure to state a claim under Rule 12(b)(6). (ROA, Vol. III, at 434-35, 438-40, 448-60.)

Plaintiffs' second issue in their brief alleges judicial impartiality prevented the district court from addressing the merits of their constitutional claims. (Appellants' Brief, 38-42.) There was no impartiality, as described above. The district court did not address the merits of Plaintiffs' claims because it dismissed Plaintiffs' complaint under Rule 12(b). (ROA, Vol. III, at 427-64.)

Though Plaintiffs' second issue raises the merits of their claims, and Plaintiffs' brief is peppered with various allusions of malfeasance from this or that defendant, Plaintiffs never address the district court's

dismissal order in their brief. Outside of a reference to the Kansas Insurance Department and Schmidt depriving Plaintiffs of their "social security benefits and no-fault auto accident claim payment on bodily injuries and non-repairable vehicle damage"—an allegation that was made in the Complaint—Plaintiffs make no mention in their argument section of the district court's dismissal of Plaintiffs' claims or of any State Defendants in general. (Appellants' Brief, 41.)

Plaintiffs' failure to address the district court's dismissal order waives the issue. *Richison v. Ernest Group, Inc.*, 634 F.3d 1123, 1127-28 (10th Cir. 2011). "'[W]aiver is the intentional relinquishment or abandonment of a known right,' which 'comes about when a party deliberately considers an issue and makes an intentional decision to forego it.'" *VDARE Foundation v. City of Colorado Springs*, 11 F.4th 1151, 1169 (10th Cir. 2021) (alteration in original). Given that Plaintiffs have failed to address the district court's dismissal order, and given that there is no reason to doubt the district court's decision, this Court should consider any challenge to the dismissal order waived. See *Warnick v. Cooley*, 895 F.3d 746, 754 (10th Cir. 2018).

Though the issue is waived, in the interest of completeness, State Defendants address the district court's dismissal order.

## A.     Subject Matter Jurisdiction

A district court's decision to grant a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction is reviewed de novo. *Trackwell v. U.S. Government*, 472 F.3d 1242, 1243 (10th Cir. 2007). Courts presume a matter lies outside of its limited jurisdiction, and the party asserting jurisdiction holds the burden to establish its presence. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

The district court granted dismissal of State Defendants for lack of subject matter jurisdiction based on two principles: (1) standing; and (2) Eleventh Amendment Immunity.

### 1.     *Standing*

The district court dismissed Bennett and Kobach in their official and individual capacities because Plaintiffs lacked standing. (ROA, Vol. III, at 434-36.)

Article III, § 2, of the United States Constitution limits the judicial power of the United States to "Cases" and "Controversies." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998). The Supreme

Court has explained this means "cases and controversies of the sort traditionally amendable to, and resolved by, the judicial process." *Id.* One aspect of that is the party bringing a case must have the standing to sue. *Id.* The constitutional minimum of standing has three requirements. *Id.* at 102-03. First, there must be an alleged "injury in fact" that is concrete and actual or imminent, not hypothetical. *Id.* at 103. Second, the connection between plaintiff's injury must be "fairly traceable" to the defendant's complained of conduct. *Id.* Third, redressability—a likelihood that the requested relief will repair the alleged injury—must exist. *Id.* The party invoking federal jurisdiction bears the burden to establish these elements. *Id.* at 103-04.

The district court here found Plaintiffs' Complaint failed to demonstrate the injury was fairly traceable to Bennett and Kobach or that the injury was redressable. (ROA, Vol. III, at 434-36.)

The traceability element requires "a causal connection between the injury and the conduct complained of—the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)

(alterations in original). This element requires the plaintiff to allege "'a substantial likelihood that the defendant's conduct caused plaintiff's injury in fact.'" *Santa Fe All. for Pub Health and Safety v. City of Santa Fe, New Mexico*, 993 F.3d 802, 814 (10th Cir. 2021). At the motion to dismiss stage, a plaintiff can satisfy the traceability requirement "by advancing allegations which, if proven, allow for the conclusion that the challenged conduct is a 'but for' cause of the injury." *Id.*

Plaintiffs here alleged both past and continuing injuries in their Complaint. (ROA, Vol. I, at 45-46.) Their past injury allegations involved experimental and abusive medical care. (ROA, Vol. I, at 45-46.) Their alleged continuing injury is the failure of Defendants to provide them with their medical records. (ROA, Vol. III, at 45-46.) Plaintiffs' Complaint never alleges Bennet or Kobach caused those injuries. Nothing in the Complaint suggests this is the case. As such, the district court correctly found the injury was not fairly traceable to Bennett or Kobach.

Likewise, the district court found Plaintiffs could not satisfactorily demonstrate redressability of their alleged injuries. (ROA, Vol. III, at 435-36.) Redressability requires a plaintiff to demonstrate the

requested relief would remedy the injury. *WildEarth Guardians v. Pub. Serv. Co. of Colorado*, 690 F.3d 1174, 1182 (10th Cir. 2012). If the requested relief would not remedy the alleged injury, then the plaintiff lacks standing to maintain the suit. *Steel Co.*, 523 U.S. at 109-10.

Here, no favorable decision against Bennett and Kobach could remedy Plaintiffs' alleged injuries. Plaintiffs do not allege either Defendant possess Plaintiffs' medical records. So, any order to produce the records would be futile.

Plaintiffs failed to meet their burden to establish standing to sue Kobach and Bennett. This Court should affirm.

### 2.     *Eleventh Amendment Immunity*

The district court dismissed KDHE, KHS, the Kansas Insurance Department, and KU Med because they were immune under the Eleventh Amendment. (ROA, Vol. III, at 438-40.) The district court also dismissed official capacity claims against Kobach, Minns, Moser, Pezzino, Schmidt, Stanek, and Weishaar because they also were immune under the Eleventh Amendment. (ROA, Vol. III, at 438-40.)

The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or

equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment bars suit in federal court against nonconsenting states by citizens of that state. *Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1212 (10th Cir. 2019).

As recognized by the Eleventh Amendment, states enjoy sovereign immunity from suit. *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012). But this immunity is not absolute. *Id.* Three exceptions exist: (1) a state may consent to suit in federal court; (2) Congress may abrogate a state's sovereign immunity under the Fourteenth Amendment, § 5, through appropriate legislation; and (3) under *Ex parte Young*, 209 U.S. 123 (1908), a plaintiff may sue state officers in their official capacity if the complaint alleges ongoing violation of federal law and the plaintiff seeks prospective relief. *Muscogee*, 669 F.3d at 1166. Eleventh Amendment immunity extends to arms of the state and state officials sued for damages in their official capacity. *Williams*, 928 F.3d at 1212. In Kansas, "[u]niversities established by the State of Kansas and governed by the Kansas Board of Regents share the State's Eleventh Amendment immunity." *Holt ex*

*rel. Holt v. Wesley Medical Center*, No. 00-1218-JAR, 2002 WL

1067677, at *1 (D. Kan. 2002) (unpublished opinion).

Kansas has not waived its sovereign immunity for claims under

§ 1983 or § 1985, nor has Congress abrogated the states' sovereign

immunity for these actions. See *Will v. Michigan Dept. of State Police*,

491 U.S. 58, 66 (1989). This leaves only the *Ex parte Young* exception.

To determine whether *Ex parte Young* applies, "'a court need only

conduct a straight forward inquiry into whether the complaint alleges

an ongoing violation of federal law and seeks relief properly

characterized as prospective.'" *Williams*, 928 F.3d at 1214. *Ex parte*

*Young* only applies to individual defendants. *Id.* Thus, the exception

does not apply to KDHE, KHS, the Kansas Insurance Department, and

KU Med.

As to the individual State Defendants sued in their official

capacities, the only prospective relief Plaintiffs seek is the production of

their medical records which Plaintiffs allege are being wrongfully

withheld from them. (ROA, Vol. I, at 46.) Plaintiffs requested the

district court order Defendants produce the records. (ROA, Vol. I, at 46.)

Plaintiffs do not identify which records are being withheld nor that the

individual State Defendants are in possession of these records or could produce them. Because of Plaintiffs' failure, the *Ex parte Young* exception to the Eleventh Amendment does not apply.

KDHE, KHS, the Kansas Insurance Department, and KU Med, as well as Kobach, Minns, Moser, Pezzino, Schmidt, Stanek, and Weishaar in their official capacity, were immune from suit under the Eleventh Amendment. This Court should affirm this finding.

## B.    Failure to State a Claim

The district court dismissed Minns, Moser, Pezzino, Schmidt, Stanek, and Weishaar in their individual capacities under Rule 12(b)(6) for failure to state a claim. (ROA, Vol. III, at 448-60.)

A district court's grant of a motion to dismiss is reviewed de novo. *Herrera v. City of Espanola*, 32 F.4th 980, 991 (10th Cir. 2022). Courts accept all well-pleaded factual allegations in the complaint as true and view them in a light most favorable to the nonmoving party. *Id.* A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the factual content of a complaint allows the court to make the reasonable inference that the

defendant is liable for the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be granted. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A plaintiff must provide the "ground" of his "entitlement to relief," which must be more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 556 (internal quotation marks and brackets omitted). Factual allegations in a complaint must be enough to raise a right to relief "above the speculative level." *Id.* "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Id.* at 558 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

The district court analyzed Plaintiffs' claims arising under 42 U.S.C. § 1983, 42 U.S.C. § 1985, as well as Defendants' claim that the statute of limitations has run, under the Rule 12(b)(6) standard. (ROA, Vol. III, at 448-60.)

1.       *42 U.S.C. § 1983*

To state a claim under § 1983, a plaintiff must (1) allege a violation of a right protected by the United States Constitution and the laws of the United States; and (2) show the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1998). A plaintiff must establish under § 1983 that a defendant's "'own individual actions'" caused the plaintiff's injuries. *Pahls v. Thomas*, 718 F.3d 1210,1225 (10th Cir. 2013). This personal involvement requirement is "'particularly important'" when a plaintiff names multiple defendants in a case. *Id.* A passive statement that plaintiff's rights were violated or generic contention that defendants infringed plaintiff's rights is insufficient. *Id.* at 1225-26. Plaintiffs must identify the specific actions taken by particular defendants in order to state a viable § 1983 claim. *Id.* at 1226. In other words, a plaintiff must show the defendant "personally participated" in the violation of Plaintiff's constitutional rights with "a sufficiently culpable state of mind." *Dodds v. Richardson*, 614 F.3d 1185, 1194 (10th Cir. 2010).

The district court found the only State Defendants Plaintiffs specifically referenced in their factual allegations were KDHE and KU Med. (ROA, Vol. III, at 454.) But those defendants were already dismissed under Eleventh Amendment sovereign immunity. (ROA, Vol. III, at 438-40.) Plaintiffs' Complaint did not allege any facts that would allow the district court to infer any of the other defendants personally participated in the alleged constitutional violations and dismissed all individual-capacity complaints against all defendants not specifically referenced in Plaintiffs' factual allegations. (ROA, Vol. III, at 453-54.)

The district court is correct that Plaintiffs do not make any factual allegations against Minns, Moser, Schmidt, Stanek, and Weishaar. And Plaintiffs do not claim their Complaint contains the requisite factual allegations. This Court should affirm the dismissal against those State Defendants.

### 2. *42 U.S.C. § 1985*

The district court also addressed Plaintiffs' claim for conspiracy under § 1985(3). (ROA, Vol. III, at 455-56.) The essential elements of a § 1985(3) claim are: "(1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance

of the conspiracy; and (4) an injury or deprivation resulting therefrom."

*Tilton v. Richardson*, 6 F.3d 683, 686 (1993). Section 1985(3) only

applies to conspiracies motived by "'some racial, or perhaps otherwise

class-based, invidiously discriminatory animus.'" *Id.* Other class-based

animus is narrowly construed and does not include conspiracies

motivated by such things as economic or commercial bias. *Id.* Section

1985 only covers conspiracies "'aimed at interfering with rights that are

protected against private, as well as official, encroachment.'" *Id.*

As the district court noted, Plaintiffs made no allegation of any

racial or class-based discriminatory animus behind Defendants' alleged

conduct. (ROA, Vol. III, at 455-56.) Even the other elements are only

supported by conclusory allegations. (ROA, Vol. III, at 455-56.)

Plaintiffs made no factual allegations that can be used to support

a claim against State Defendants under § 1985(3). Plaintiffs' vague and

conclusory allegations contained in their Complaint are insufficient

under Rule 12(b)(6). The district court correctly dismissed Plaintiffs'

§ 1985 claims against Minns, Moser, Schmidt, Stanek, and Weishaar

and should be affirmed.

### 3. Statute of Limitations

The district court also found Plaintiffs' § 1983 and § 1985 claims were barred by the statute of limitations. (ROA, Vol. III, at 456-60.) The statute of limitations is an affirmative defense, which must be raised by the defendant. *Herrera*, 32 F.4th at 991. A statute of limitations defense may be resolved on a Rule 12(b) motion when the dates provided in the complaint make clear "'that the right sued upon has been extinguished.'" *Id.*

Congress did not provide a statute of limitations for actions brought under § 1983 and § 1985, but federal courts apply the forum state's statute of limitations for personal injury actions. *Id.* at 989; see *Lyons v. Kyner*, 367 F. App'x 878, 881-82 (10th Cir. 2010). In Kansas, the appropriate statute of limitations is found in Kan. Stat. Ann. § 60-513(a)(4). *Baker v. Bd. of Regents of State of Kansas*, 991 F.2d 628, 630-31 (1993). Kan. Stat. Ann. § 60-5139(a)(4) sets the statute of limitations for personal injury actions at two years.

Determining the accrual date is a question of federal law. *Herrera*, 32 F.4th at 990. The standard rule is that accrual occurs when the plaintiff knows or has reason to know of the injury which forms the

basis of the action. *Id.* Plaintiffs bear the burden to overcome the statute of limitations and render their claims timely. *Id.* at 992.

Because Plaintiffs filed their Complaint on January 23, 2023, their claims must have accrued by January 23, 2021. (ROA, Vol. I, at 38-47; III, at 457.) Plaintiffs' earliest claims are based on Carla giving birth in to Jalen in 2003. (ROA, Vol. I, at 45.) The most recent claims occur in 2008 when Jalen was treated at Children's Mercy Hospital. (ROA, Vol. I, at 46.) As all of this medical treatment, and any conduct in between, that allegedly caused Plaintiffs' injuries, took place well outside the two-year statute of limitations, Plaintiffs are barred from bringing these claims.

Plaintiffs argued equitable estoppel applied to their claims because their medical records were concealed from them and they are still denied access to certain records. (ROA, Vol. II, at 155-57; III, at 458.) Plaintiffs also argued the claims should be tolled. (R. III, at 458.)

In Kansas, equitable tolling may be found when a defendant takes an affirmative action designed to prevent, and which does prevent, the discovery of a cause of action. *Baker*, 991 F.2d at 663. Here, Plaintiffs made generic allegations that "public officials" or "Defendants" seized

their medical record or denied them access to those records. (ROA, Vol. I, at 44-46.)

But Plaintiffs provide no information about the medical records they were denied access to, when the access was denied, or when and how they learned the full extent of their injuries. (R. III, 458-59.) This lack of factual allegations defeats Plaintiffs' equitable tolling claims. The district court was correct to dismiss Plaintiffs' remaining claims as barred by the statute of limitations. (ROA, Vol. III, at 460.) This Court should affirm.

## CONCLUSION

Plaintiffs did not demonstrate any judicial impartiality from Judge Melgren, as he was not involved in this case in his capacity as Chief Judge of the district court, nor from Judge Robinson in how she handled the case.

Plaintiffs did not address the dismissal of their Complaint and have waived any challenge to the dismissal order. In any event, the district court correctly granted State Defendants' motions to dismiss. This Court should affirm that order, which dismissed State Defendants for: (1) lack of standing under Rule 12(b)(1)—Bennett and Kobach; (2)

Eleventh Amendment Immunity—KDHE, KHS, the Kansas Insurance Department, and KU Med, and Kobach, Minns, Moser, Pezzino, Schmidt, Stanek, and Weishaar in their official capacities; (3) failure to state a claim under Rule 12(b)(6) —Minns, Moser, Pezzino, Schmidt, Stanek, and Weishaar in their individual capacity.

Respectfully submitted,

/s/ Ryan J. Ott
Ryan J. Ott, KS No. 28236
Office of Kansas Attorney
General Kris W. Kobach
Assistant Solicitor General
120 SW 10th Avenue, 2d Floor
Topeka, Kansas 66612-1597
Tele: (785)296-2215
Fax: (785) 296-3131
Email: ryan.ott@ag.ks.gov
*Attorney for Defendants-Appellees KHS, KU Med, Bennett, Kobach, Minns, Weishaar*

/s/ Justin Louis McFarland
Justin Louis McFarland
Kansas Insurance Department
1300 SW Arrowhead Road
Topeka, Kansas 66604
(785) 296-3071
justin.l.mcfarland@ks.gov
*Attorney for Defendants-Appellees Kansas Insurance Department, Schmidt*

*/s/ Katelyn Radloff*

Katelyn Radloff
Kansas Department of Health
and Environment
Office of Legal Services
1000 SW Jackson; Suite 560
Topeka, Kansas 66612
(785) 296-0088
katelyn.radloff@ks.gov
*Attorney for Defendants*
*Appellees KDHE, Moser,*
*Pezzino, Stanek*

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B)(i) because it contains 4784, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and 10th Cir. R. 32(b), as calculated by the word-counting function of Microsoft Word.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5)(A) and the type style requirements of Fed. R. P. 32(a)(6) because this brief has been prepared in a proportionally-spaced typeface – 14-point Century Schoolbook – using Microsoft Word.

## CERTIFICATE OF DIGITAL SUBMISSION

I hereby certify that a copy of the foregoing BRIEF OF STATE DEFENDANTS-APPELLEES, as submitted in digital form via the court's ECF system, is an exact copy of the written document filed with the Clerk.

## CERTIFICATE OF SERVICE

I hereby certify that on this March 25, 2024, the BRIEF OF STATE DEFENDANTS-APPELLEES was electronically filed with the Clerk of the Tenth Circuit Court of Appeals by using the CM/ECF system. I certify that I caused seven paper copies to be delivered by

Federal Express to the Clerk's Office within five business days of this filing. I further certify that I caused one paper copy to be deposited in the United States Mail, first-class postage prepaid, addressed to:

Carla Davis and Jalen Davis
901 N. Belmont
Wichita, Kansas 67208
*Appellant pro se*

DATED: March 25, 2024

/s/ Ryan J. Ott
Ryan J. Ott
Assistant Solicitor General